Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant AIRPORT TERMINAL
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR TRUJILLO<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No. 2:20-cv-5008<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure Statement; Declaration of Brandy Wallace; and Notice of Related Cases]*<br><br>State Court<br>Action Filed:        April 3, 2020<br>Trial Date:          None Set |

43045514_1.docx

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Airport Terminal Services, Inc. ("Defendant"), hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff Edgar Trujillo ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Missouri; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

**I.    THE STATE COURT ACTION**

On or about April 3, 2020, Plaintiff filed an action against Defendant entitled "*Edgar Trujillo, an individual v. Airport Terminal Services, Inc., et al*.," in Los Angeles County Superior Court, Case Number 20STCV13293 (the "Complaint"). A true and correct copy of the Summons; Complaint, Civil Case Cover Sheet, and all other documents served on Defendant, is attached hereto as **Exhibit "A."**

The Complaint asserts the following causes of action: (1) Failure to Pay Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime Compensation; (4) Failure to Provide Meal and Rest Periods; (5) Failure to Provide Itemized Wage and Hour Statements; (6) Waiting Time Penalites; (7) Private Attorney General Act; (8) Unfair Competition; and (9) Failure to Provide One Day of Rest for Every Workweek. *See* Complaint.

On May 6, 2020, Plaintiff personally served on Defendant the Summons, Complaint, and all other documents attached as **Exhibit "A."**

/ / /

43045514_1.docx

1

Case No. 2:20-cv-5008

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

On June 4, 2020, Defendant filed its Answer in Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."**

## II.    REMOVAL IS TIMELY

A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

Here, removal is timely because Defendant is filing this Notice of Removal less than thirty (30) days after the effective date of service on Defendant.  *See* Fed. R. Civ. P. 26.

## III.    COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

**Complete Diversity of the Parties Exists**.  This Court has original jurisdiction over this action under 28 U.S.C. section 1332 and hence the action may be removed by Defendant pursuant to 28 U.S.C. section 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.  The parties to this action are diverse, as detailed below:

**Plaintiff is a Citizen of California**.  Plaintiff is, and was at all times relevant to this action, a citizen of the State of California.  For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of the State of California and is domiciled in California and was so domiciled at the time of filing of the Complaint. (Compl., ¶ 2 [Ex. A]; Declaration of Brandy Wallace ("Wallace Decl."),

43045514_1.docx

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

¶ 7.)  S*ee Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (current residence and place of employment are evidence of the intention to remain); *see also Heinz v. Havelock*, 757 F. Supp.1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of her last residence at the time a suit was filed).

**Defendant is a Citizen of Missouri**.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction.  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

Defendant was at the time the Complaint was filed, and still is, incorporated in the State of Missouri. (Wallace Decl., ¶ 2.)

Defendant's principal place of business, and the location from which its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Saint Louis, Missouri. (Wallace Decl., ¶ 2-4.)

The high-level corporate officers for Defendant, such as the Chief Executive Officer and President and the Chief Financial Officer have their offices located at the corporate headquarters in Cleveland, Ohio. These high-level corporate officers located in Saint Louis, Missouri are responsible for the direction, control and coordination of the activities covered by their respective offices. (Wallace Decl., ¶ 2-4.)

/ / /

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

43045514_1.docx

Defendant, by and through its high ranking officers and their supporting management personnel whose offices are also located in Saint Louis, Missouri, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Defendant's operations; (2) advertising and marketing, including media relations; (3) directing general business strategy and operation; (4) compliance with state and federal laws and legal services associated with such matters; and (5) the size and composition of Defendant's workforce. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Saint Louis, Missouri are maintained at the corporate headquarters. (Wallace Decl., ¶ 2-4.) Simply put, Defendant's center of "direction, control and coordination" is located in the State of Missouri.

Further, Defendant does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Wallace Decl., ¶ 5.) *See Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

Thus, for diversity purposes, Defendant must be considered a citizen of Missouri, its state of incorporation, and where its principal place of business is located.

**Complete Diversity Among The Parties Exists**.  Defendant is the only named defendant in this action.  There is no requirement for anyone else to join in this removal.  The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

Complete diversity among the parties not only exists now, but did also at the time of the filing of this action. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a), in that Plaintiff

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

1   is a citizen of California and the only Defendant is not a citizen of California. As a

2   result, complete diversity between Defendant and Plaintiff exists.

3   **IV.    THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF**

4   **$75,000, EXCLUSIVE OF INTEREST AND COSTS**

5       This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§

6   1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite

7   $75,000, exclusive of interests and costs.

8       Removal is proper if, from the allegations of the Complaint and the Notice of

9   Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000.

10  *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v.*

11  *Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999).  In determining whether the

12  jurisdictional minimum is met, the Court considers all recoverable damages, including

13  compensatory damages, special damages, punitive damages, statutory penalties, and

14  attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333,

15  347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998);

16  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank*

17  *Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005).  These damages include those that can

18  reasonably be anticipated at the time of removal, not merely those already incurred.

19  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also*

20  *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D.

21  Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued

22  up to the time of removal, but also a reasonable assessment of damages likely to be

23  accrued after the time of removal.").

24      This Court's jurisdictional minimum, an amount in controversy in excess of

25  $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by

26  the facts set forth herein and more specifically described below.  Defendant discusses

27  below the allegations in Plaintiff's Complaint that are the subject of this matter solely

28  to demonstrate that the amount in controversy in this matter exceeds $75,000.00.  In

43045514_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his legal theories.

In his Complaint, Plaintiff seeks numerous damages. Specifically, in Plaintiff's second cause of action, he seeks unpaid minimum wages in the amount of $130,290.00. (Compl., ¶ 39-40 [Ex. A].) In addition, Plaintiff seeks liquidated damages associated with the allegedly unpaid minimum wages in the amount of $130,290.00. (Compl., ¶ 43 [Ex. A].) This equates to a total of $260,580 at issue based solely on the second cause of action, which alone, exceeds the amount in controversy.

Plaintiff seeks additional damages in response to the remaining causes of action, including $424,755.56 in alleged unpaid overtime (Compl., ¶ 48a-f, 50 [Ex. A]); $55,054.44 for missed meal and rest periods (Compl., ¶ 57a-d, 58, 60 [Ex. A]); $4,000 for improper wage statements (Compl., ¶ 67 [Ex. A]); and $25,129.20 for waiting time penalties (Compl., ¶ 72 [Ex. A]). The total enumerated damages alleged in the complaint is **$769,519.20.**

Plaintiff further seeks unenumerated damages under the Private Attorney General Act and Unfair Competition laws, in addition to other unenumerated penalties. Plaintiff also seeks statutory attorney's fees and costs, which are available to Plaintiff based on his claims. (Compl.; Prayer for Relief 12 [Ex. A].) When authorized by statute, attorney's fee claims are also properly considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees may be included in the amount in controversy if recoverable by statute or contract).

As the alleged damages exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper

## V.    **VENUE IS PROPER**

In accordance with United States Code, Title 28, Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is

43045514_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

pending.  The Superior Court of California, County of Los Angeles is located within the Central District of California.  28 U.S.C. § 84(c)(1).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.    THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by **Exhibit "A,"** which includes copies of all process, pleadings, and orders served upon Defendant.

As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served on Defendant.   *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, Orange County.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

43045514_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

## VII.  **CONCLUSION**

Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

Accordingly, Defendant removes the above-entitled action to this Court.  In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED:  June 5, 2020                    OGLETREE, DEAKINS, NASH, SMOAK &
                                        STEWART, P.C.


                                        By:  /s/ Shera Y. Kwak
                                             Mark F. Lovell
                                             Shera Y. Kwak
                                             Attorneys for Defendant AIRPORT
                                             TERMINAL SERVICES, INC.

43045514_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:20-cv-05008-JFW-KS    Document 1-1    Filed 06/05/20    Page 11 of 54    Page ID #:11

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Burdge

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
EDGAR TRUJILLO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| EDGAR TRUJILLO, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 20STCV13293<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**<br><br>2. **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**<br><br>3. **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);**<br><br>4. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**<br><br>5. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**<br><br>6. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**<br><br>7. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ);**<br><br>8. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.); AND**<br><br>9. **FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK (CAL. LABOR CODE §§551 and 552);** |

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, EDGAR TRUJILLO, and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, EDGAR TRUJILLO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AIRPORT TERMINAL SERVICES, INC. (hereinafter referred to as "Defendant") was and is a California corporation doing business at 5777 W Century Blvd, Los Angeles, CA 90045, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and operated a private aviation services company.

5.      At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

7.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.    Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

10.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

11.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Defendants are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Defendants and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

12.     Accordingly, Defendants constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

13.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

14.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Defendants, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendants and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendants and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Defendants and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendants and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Defendants and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## **FACTUAL ALLEGATIONS**

15.     On or about April 18, 2014, Defendants hired Plaintiff to work as a Ramp Service Agent. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 31, 2019.

16.     On or about August 1, 2016, Plaintiff was improperly converted to an exempt employee and was paid a yearly salary.

### **Misclassification as Exempt**

17.     Even though Plaintiff was a laborer, Defendants misclassified Plaintiff as exempt, and paid Plaintiff only a "salary," some via payroll check with itemized deductions and taxes withheld.

18.     At all times relevant hereto, Plaintiff was not exempt pursuant to Labor Code §515, including because:

a.     Plaintiff's duties and responsibilities did not involve the management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof;

b.     Plaintiff is and was not licensed or certified by the State of California nor was Plaintiff primarily engaged in the practice of one of the following recognized professions: law, medicine,

dentistry, optometry, architecture, engineering, teaching, or accounting, nor was Plaintiff primarily engaged in an occupation commonly recognized as a learned or artistic profession as such term is defined by Wage Order 9;

      c.    Plaintiff's duties and responsibilities did not involve either the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein;

      d.    Plaintiff did not have the authority to hire or fire other employees, nor were Plaintiff's suggestions and recommendations as to the advancement and promotion or any other change of status of other employees given any weight;

      e.    Plaintiff did not customarily and regularly exercise discretion and independent judgment in performing his work duties;

      f.    Plaintiff did not perform under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge;

      g.    Plaintiff did not perform under only general supervision special assignments and tasks;

      h.    Plaintiff did not spend more than one-half of his work time engaged in exempt work; and

      i.    Plaintiff did not earn a monthly salary equivalent to no less than two times the statement minimum wage for full-time employment.

    19.    Because Defendants misclassified Plaintiff as exempt, Plaintiff was only paid a flat bimonthly salary of $2,791.67, rather than for each hour worked. Pursuant to Labor Code §515(d)(2), salary is deemed to provide compensation only for the employee's regular, non-overtime hours, notwithstanding any private agreement to the contrary. As a result, Plaintiff was paid no wages at all, for hours beyond 8 in a day, or 40 in a week. Based upon Plaintiff's salary, pursuant to Labor Code §515(d)(1), Plaintiff's hourly wage rate is 1/40th of the Plaintiff's weekly salary, or $32.21.

20.     Because Defendants misclassified Plaintiff as an exempt employee, at no time during Plaintiff's employment was Plaintiff paid for all hours worked or overtime premiums, nor was Plaintiff provided with uninterrupted 10-minute rest periods as required by law, with uninterrupted meal periods as required by law, or with itemized wage statements as required by law.

21.     Between August 1, 2016 and December 31, 2016, Plaintiff's hourly wage rate was $28.85. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

22.     Between January 1, 2017 and December 31, 2017, Plaintiff's hourly wage rate was $29.57. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

23.     Between January 1, 2018 and September 15, 2018, Plaintiff's hourly wage rate was $30.16.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

24.     Between September 16, 2018 and January 31, 2019, Plaintiff's hourly wage rate was $32.21.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

25.     Plaintiff worked approximately 86 hours each week, for which Plaintiff received no wages at all, not Plaintiff's hourly wage rate, or even the requisite minimum wage.

26.     Plaintiff worked approximately 56 overtime hours each week, but was not paid for these hours at all.

27.     Plaintiff worked approximately 30 double-time hours each week, but was not paid for these hours at all.

28.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

29.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff

worked.  One or more of Plaintiff's 30-minute meal periods were interrupted approximately 7 times per week.

## FIRST CAUSE OF ACTION
## FOR FAILURE TO PAY WAGES DUE
## LABOR CODE §§201, 1182.12, 1194, 1194.2
## AGAINST ALL DEFENDANTS

30.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

31.     At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

32.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

33.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## FOR FAILURE TO PAY MINIMUM WAGES
## LABOR CODE §§1182.12, 1194, 1194.2, 1197
## AGAINST ALL DEFENDANTS

34.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

35.     Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful.  An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.  Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

-8-

36.    The historical minimum wage requirements in Los Angeles County are as follows:

| Effective | 26+ employees | 1-25 employees |
|-----------|---------------|----------------|
| **7/1/18** | $13.25 | $10.50 |
| **7/1/17** | $12.00 | $10.00 |
| **7/1/16** | $10.50 | $9.00 |

37.    At all relevant times, Defendants employed 26 employees or more.

38.    At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

39.    Defendants failed to pay Plaintiff the requisite minimum wage in each of the following ways in the four years immediately preceding the filing of this complaint:

    a.    From August 1, 2016 through June 30, 2017, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $42,441.00 calculated at 86 hours per week for 47 weeks, at $10.50 per hour.

    b.    From July 1, 2017 through June 30, 2018, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $53,664.00 calculated at 86 hours per week for 52 weeks, at $12.00 per hour.

    c.    From July 1, 2018 through January 31, 2019, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $34,185.00 calculated at 86 hours per week for 30 weeks, at $13.25 per hour.

40.    Thus, for the entirety of the time periods set forth above, Plaintiff is owed unpaid minimum wages in the amount of $130,290.00.

41.    Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

42.    Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

43.    In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $130,290.00, plus interest thereon

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PAY OVERTIME COMPENSATION**

**LABOR CODE §§510, 1194**

**AGAINST ALL DEFENDANTS**

44.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

45.    Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day.   It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

46.    At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

47.    At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

48.    In the four years last past, Plaintiff worked 56 hours of overtime each week, all of which should have been paid at 1.5 times Plaintiff's regularly hour wage rate at that time, and 30 hours of double-time each week, all of which should have been paid at 2 times Plaintiff's regular hourly wage rate at that time.   Defendants failed to pay Plaintiff the requisite overtime wages and double-time wages in each of the following ways in the four years immediately preceding the filing of this complaint:

a.  From approximately August 1, 2016 through December 31, 2016, Plaintiff's hourly overtime rate was $43.28.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 22 weeks, or 1,232 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.78 for each of those hours, totaling $40,384.96. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 22, or 660 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.20 for each of those hours, totaling $31,152.00.

b.  From approximately January 1, 2017 through June 30, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.86 for each of those hours, totaling $49,300.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.64 for each of those hours, totaling $37,939.20.

c.  From approximately July 1, 2017 through December 31, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.36 for each of those hours, totaling $47,116.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.14 for each of those hours, totaling $36,769.20.

d.      From approximately January 1, 2018 through June 30, 2018, Plaintiff's hourly overtime rate was $45.24.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.24 for each of those hours, totaling $48,397.44. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.32 for each of those hours, totaling $37,689.60.

e.      From approximately July 1, 2018 through December 31, 2018, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $31.11 for each of those hours, totaling $45,296.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.07 for each of those hours, totaling $36,714.60.

f.      From approximately January 1, 2019 through January 31, 2019, Plaintiff's hourly overtime rate was $48.32.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 4 weeks, or 224 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $35.07 for each of those hours, totaling $7,855.68. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 4 weeks, or 120 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $51.17 for each of those hours, totaling $6,140.40.

49.     As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

50.     Thus, for the entirety of the time periods set forth above, Plaintiff is owed overtime wages of $424,755.56, above and beyond the minimum wages sought in the preceding cause of action for these same hours.

51.     Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**LABOR CODE §§226.7, 512**

**AGAINST ALL DEFENDANTS**

52.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

53.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

54.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

55.     In the four years last past, Plaintiff regularly worked in excess of twelve hours per day, and was thereby entitled to take two uninterrupted 30-minute meal periods and three 10-minute rest periods on each day of work.

56.     Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

a.     From approximately August 1, 2016 to February 1, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 131 weeks, or on approximately 917 days.   During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 917 days (7 days per week for 131 weeks).

57.     As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.   Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.     From approximately August 1, 2016 to December 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 154 separate days. Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid interrupted meal periods.   During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 154 separate days.   Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $8,885.80, plus interest thereon, for unpaid meal and rest periods for this time period.

b.     From approximately January 1, 2017 to December 31, 2017, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 364 separate days. Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid interrupted meal periods.   During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 364 separate days.   Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $21,526.96, plus interest thereon, for unpaid meal and rest periods for this time period.

c.     From approximately January 1, 2018 to September 15, 2018, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 259 separate days.

Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 259 separate days.  Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid rest periods.  Thus, Plaintiff is owed a total of $15,622.88, plus interest thereon, for unpaid meal and rest periods for this time period.

          d.      From approximately September 16, 2018 to January 31, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 140 separate days.  Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 140 separate days.  Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid rest periods.  Thus, Plaintiff is owed a total of $9,018.80, plus interest thereon, for unpaid meal and rest periods for this time period.

58.     Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $55,054.44.

59.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

60.     Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $55,054.44, pursuant to Labor Code §§512 and 226.7(b), plus interest thereon and costs of suit.

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS
### LABOR CODE §§226 ET SEQ.
### AGAINST ALL DEFENDANTS

61.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

62.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

63.     In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

64.     At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

65.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

66.     This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime,

meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

67.     Plaintiff was paid on a twice monthly basis, and therefore Defendants violated Labor Code §226 numerous times throughout Plaintiff's employment.  Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages in the statutory maximum amount of $4,000.00.

68.     Based on Defendants' conduct as alleged herein, Defendants are liable for damages and pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## FOR WAITING TIME PENALTIES
## LABOR CODE §§201-203
## AGAINST ALL DEFENDANTS

69.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

70.      At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

71.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

72.     As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $25,129.20 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $837.64, inclusive of overtime.

73. Based on Defendants' conduct as alleged herein, Defendants are liable for $25,129.20 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**FOR PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST ALL DEFENDANTS**

74. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

75. Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

76. Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

77. On December 17, 2019, more than 63 calendar days before filing this Complaint, Plaintiff provided electronic notice to the Labor and Workforce Development Agency and notice by certified mail to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

78. As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

79. As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100.00 for each aggrieved employee per pay period for the initial violation, and $200.00 for each aggrieved employee per pay period for each

subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

80.    These penalties are recoverable in an amount to be determined upon further proof for Plaintiff and Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

81.    Plaintiff is also entitled to reasonable attorneys' fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

**EIGHTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

82.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

83.    Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

84.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

85.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore

-19-

to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

### NINTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK

### (CAL. LABOR CODE §§551 and 552)

### AGAINST ALL DEFENDANTS

86.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

87.    At all relevant times, Defendants failed and refused to provide Plaintiff with one day of rest for every workweek in violation of California Labor Code §§ 551, 552.

88.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §§ 551, 552, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

89.    Cal, Lab. Code § 551 requires that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

90.    Cal. Lab. Code § 552 further requires that, "No employer of labor shall cause his employees to work more than six days in seven"

91.    Defendants caused Plaintiff to go without a day of rest when it induced Plaintiff to forego rest to which Plaintiff was entitled to by scheduling or directing Plaintiff to involuntarily work seven days in a row in each workweek without a day of rest. Plaintiff worked more than six (6) hours of work during each shift.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.    For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 9-2001, in the amount of no less than $130,290.00;

3.    For liquidated damages pursuant to Labor Code §1194.2 in the amount of $130,290.00, plus interest;

4.    For payment of unpaid overtime and double-time compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations §11090, in the amount of no less than $424,755.56;

5.    For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $55,054.44;

6.    For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

7.    For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $25,129.20;

8.    For statutory penalties pursuant to Labor Code §2699(f), in an amount according to proof on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees, in an amount according to proof;

9.    For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

10.    For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

11.    For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as exempt, and failure to pay wages and other compensation in accordance with the law;

12.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code and/or any other basis;

13.    For post-judgment interest; and

14.    For any other relief that is just and proper.

DATED:  April 3, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
EDGAR TRUJILLO

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  April 3, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
EDGAR TRUJILLO

-22-
COMPLAINT FOR DAMAGES          Exhibit A, Page 31

Electronically FILED by Superior Court of California, County of Los Angeles on 05/08/2020 03:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Sp, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | | | FOR COURT USE ONLY |
|---|---|---|---|---|
| RAMIN R. YOUNESSI, ESQ. (SBN 175020)<br>3435 Wilshire Blvd Ste 2200 | | | TELEPHONE NO.<br>(213) 480-6200 | |
| Los Angeles          CA          90010 | | | | |
| ATTORNEY FOR (Name          Plaintiff | | | | |

| Insert of Court Name of Judicial District and Branch Court if any |
|---|
| LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT |

| SHORT TITLE OF CASE |
|---|
| TRUJILLO v AIRPORT TERMINAL |

| 3658488 | (HEARING) Date | Time | Dept | | Case Number:<br>20STCV13293 |
|---|---|---|---|---|---|
| | | | | 37 | REFERENCE NO.<br>TRUJILLO v AIRPORT TERMINAL |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   NOTICE OF CASE ASSIGNMENT
   FIRST AMENDED GENERAL ORDER
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION

3. a. PARTY SERVED:    AIRPORT TERMINAL SERVICES, INC., a Missouri

   corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   b. PERSON SERVED: JESSIE GASTELUM, PERSON AUTHORIZED TO RECEIVE
   HISPANIC FEMALE 30YRS 5'02" 140LBS. BROWN HAIR

4. c. ADDRESS:    818 W 7TH ST STE 930
   LOS ANGELES          CA          90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON          5/6/2020  AT    12:45:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   AIRPORT TERMINAL SERVICES, INC., a Missouri

   corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

| | |
|---|---|
| 7a. Person Serving:    V. Enrique          Mendez | d. The fee for service was          $0.00<br>e. I am: |
| | (1)          not a registered California process server: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (3) X    registered California process server:<br>(i) Independent Contractor |
| | (i) Registration No:          3428 |
| c. (714) 662-5555 | (i) County:    LOS ANGELES |

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. V. Enrique          Mendez
5/8/2020

_____
SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

PROOF OF SERVICE

DRC 982.1A(23)

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk

20STCV13293

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  |  |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and<br>DOES 1 through 20, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>EDGAR TRUJILLO, an individual, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso:)*<br>20STCV13293 |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court

Central District

111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

| DATE:<br>*(Fecha)* 04/03/2020 | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court , Deputy<br>*(Secretario)* D. Williams *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Page 33

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Ramin R. Younessi, Esq. (175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (213) 480-6200   FAX NO.: (213) 480-6201<br>ATTORNEY FOR *(Name):* Plaintiff, Edgar Trujillo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Edgar Trujillo v. Airport Terminal Services, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):*  Nine (9)
5. This case ☐ is  ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2020

Ramin R. Younessi, Esq.
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A, Page

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
  *domain, landlord/tenant, or*
  *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

Exhibit A, Page 35

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit A, Page 36

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | | CASE NUMBER |

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Exhibit A, Page 27
Page 2 of 4

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Exhibit A, Page 38

Page 3 of 4

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: 5777 W Century Blvd. |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 |

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the ___Stanley Mosk___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___April 3, 2020___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.3
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 3 of 4

Exhibit A, Page 39

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/04/2020 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

Case 2:20-cv-05008-JFW-KS    Document 1    Filed 06/05/20    Page 42 of 54    Page ID #:42

Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak, CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:      714-800-7900
Facsimile:      714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

### CENTRAL DIVISION

| | |
|---|---|
| EDGAR TRUJILLO | Case No. 20STCV13293 |
| Plaintiff, | **DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT** |
| vs. | |
| AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive, | [Assigned for all purposes to The Honorable Richard J. Burdge, Dept. 37] |
| Defendants. | Action Filed:      April 3, 2020 Trial Date:        None Set |

43059756_1.docx

1

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant Airport Terminal Services, Inc. ("Defendant") hereby responds to the Complaint filed by Plaintiff Edgar Trujillo ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint including any allegations that Plaintiff or allegedly "aggrieved individuals" Plaintiff purports to represent have been damaged in any way by any act or omission of Defendant, and/or are entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)

1.      This Court lacks subject matter jurisdiction over this Complaint and/or each cause of action to the extent that Plaintiff failed to timely and/or properly exhaust his administrative remedies as required by applicable law.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Doctrines of Unclean Hands, Estoppel, Waiver, and Laches)

2.      Plaintiff's Complaint and/or each cause of action are barred by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

43059756_1.docx

### THIRD AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

3.      Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred because Plaintiff unreasonably failed to use Defendant's policies and procedures, the reasonable use of which would have avoided Plaintiff's alleged damages in whole or part.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      Plaintiff's Complaint and/or each cause of action are barred by Plaintiff's and/or the allegedly "aggrieved employees" failure to mitigate damages as required by law.

### FIFTH AFFIRMATIVE DEFENSE

### (Uncertainty of the Pleading)

5.      Plaintiff's Complaint and/or each cause of action are barred because Plaintiff fails to plead material allegations with requisite certainty.

### SIXTH AFFIRMATIVE DEFENSE

### (Unjust Penalties Barred)

6.      Plaintiff's prayer for penalties under the *Labor Code* is barred to the extent that such penalties would be unjust, arbitrary, oppressive, or confiscatory.

### SEVENTH AFFIRMATIVE DEFENSE

### (Release)

7.      Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" have previously settled or released any of the claims alleged in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

8.      Plaintiff's Complaint and/or each cause of action are barred because Defendant did not willfully, knowingly, or intentionally fail to comply with the provisions of the California *Labor Code* but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

43059756_1.docx

3

**NINTH AFFIRMATIVE DEFENSE**

**(Standing)**

9.      Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" lack standing.

**TENTH AFFIRMATIVE DEFENSE**

**(Good-Faith Dispute)**

10.     Plaintiff's claim(s) for penalties under California *Labor Code* are barred because a good faith dispute exists as to whether any penalties are were or are due.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exemption/Exclusion)**

11.     Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

**TWELFTH AFFIRMATIVE DEFENSE**

**(*De Minimis* Violations)**

12.     Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that they are based on alleged *de minimis* violations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

13.     The Complaint and/or each cause of action are barred by the applicable statute of limitations, including but not limited to, California *Code of Civil Procedure* sections 335.1, 337, 338, 339, 340, and 343, and California *Business and Professions Code* section 17208.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Ratification)**

14.     The Complaint and each cause of action alleged therein are barred because if any person or other entity engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he, she or it did so without the knowledge, authorization, or ratification of Defendant.

/ / /

43059756_1.docx

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.    If any damages have been sustained by Plaintiff and/or the allegedly "aggrieved employees," although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or the allegedly "aggrieved employees" owed to Defendant against any judgment that may be entered against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Violations)

16.    The Plaintiff and/or allegedly "aggrieved employees" are not entitled to any premium wages under Cal. *Labor Code* §§ 226.7, 512, or any other provision of the California *Labor Code*, because the Plaintiff and/or allegedly "aggrieved employees" were at all times provided, authorized and permitted to take meal breaks and rest breaks as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Meal/Rest Waivers)

17.    Plaintiff's and/or the allegedly "aggrieved employees'" claims are barred, in whole or in part, by the waiver of the right to meal and/or rest breaks in accordance with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Standing Under Cal. Bus. & Prof. Code §§ 17200)

18.    Plaintiff lacks standing to bring this Complaint because, pursuant to Section 17200 of the *Business & Professions Code*, Plaintiff did not suffer any injury in fact, and has not lost money or property as a result of alleged unfair competition by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

19.    Plaintiff's claim for injunctive relief (if any) is improper as there is an adequate remedy at law.

/ / /

/ / /

5

1

**TWENTIETH AFFIRMATIVE DEFENSE**

2

**(PAGA/Due Process/Equal Protection)**

3      20.      The imposition of penalties against Defendant under The Labor Code Private

4   Attorneys General Act (*Labor Code* section 2699 *et seq.*) would violate the due process clauses of

5   both the California and United States Constitutions.

6

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

7

**(PAGA/Standing)**

8      21.      Plaintiff's claims for civil penalties under The Labor Code Private Attorneys General

9   Act (*Labor Code* section 2699 *et seq.*) are barred because Plaintiff lacks standing to pursue such a

10   claim, either in his respective individual or representative capacities.

11

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

12

**(PAGA/Equitable Reduction)**

13      22.      Any penalties available to Plaintiff under The Labor Code Private Attorneys General

14   Act (*Labor Code* section 2699 *et seq.*) is subject to equitable reduction pursuant to *Labor Code*

15   section 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust,

16   arbitrary and oppressive and confiscatory.

17

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

18

**(Not Adequate Representatives)**

19      23.      Plaintiff and his counsel are not adequate representatives of those he purports to

20   represent under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*).

21

**ADDITIONAL AFFIRMATIVE DEFENSES**

22

**(Reservation of Rights)**

23      24.      Defendant presently has insufficient knowledge or information on which to form a

24   belief as to whether it may have additional affirmative defenses available. Defendant reserves the

25   right to assert additional defenses in the event that discovery indicates that such defenses apply.

26      WHEREFORE, Defendant prays for judgment as follows:

27      1.      That judgment be entered in favor of Defendant, and against Plaintiff;

28      2.      That Plaintiff's Complaint be dismissed in its entirety with prejudice;

43059756_1.docx

6

1     3.      That Defendant be awarded the costs of suit; and

2     4.      For such other and further relief as the Court deems just and proper.

3

4    DATED:  June 4, 2020                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

5

6

7                                       By: _____

8                                          Mark F. Lovell
                                         Shera Y. Kwak

9

10                                     Attorneys for Defendant
                                    AIRPORT TERMINAL SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    43059756_1.docx

28

**PROOF OF SERVICE**

*Edgar Trujillo vs. Airport Terminal Services, Inc., et al.*
Case No. 20STCV13293

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On June 4, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒     **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐     **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐     **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐     **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐     **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

        ☐     the written confirmation of counsel in this action:

        ☐     [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

43059756_1.docx

8

documents to be sent to the person(s) at the e-mail addresses listed on the attached service
list. I did not receive, within a reasonable time after the transmission, any electronic message
or other indication that the transmission was unsuccessful.

☒  **(State)**        I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

Executed on June 4, 2020, at Costa Mesa, California.


_____
Lisa Sles

43059756_1.docx

9

1

**SERVICE LIST**

2

3    Ramin R. Younessi, Esq.                  Attorneys for Plaintiff Edgar Trujillo
    LAW OFFICES OF RAMIN R. YOUNESSI

4    A PROFESSIONAL LAW CORPORATION
    3435 Wilshire Blvd., Suite 2200

5    Los Angeles, CA  90010
    Telephone:    213-480-6200

6    Facsimile:    213-4806201

7

8                                                 43059756.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  43059756_1.docx

28

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO
PLAINTIFF EDGAR TRUJILLO'S COMPLAINT

# PROOF OF SERVICE

*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-5008

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On June 5, 2020, I served the following document(s):

## DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

## [DIVERSITY JURISDICTION]

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐    the written confirmation of counsel in this action:

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

43045514_1.docx

☐     [Federal Court] the written confirmation of counsel in this action and order of the court:

☐     **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒     **(Federal)**     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐     **(Federal)**     I declare that I am a **member** of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 5, 2020, at Costa Mesa, California.

Lisa Sles

43045514_1.docx

Case No. 2:20-cv-5008

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

1

2

**SERVICE LIST**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ramin R. Younessi, Esq.                          Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:   213-4806201
ryounessi@younessilaw.com

43045514.1

43045514_1.docx

11

Case No. 2:20-cv-5008

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441