Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:20-cv-05008-JFW-KS   Document 1-2   Filed 06/05/20   Page 1 of 22   Page ID #:56

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Burdge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
EDGAR TRUJILLO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

EDGAR TRUJILLO, an individual,

        Plaintiff,

    v.

AIRPORT TERMINAL SERVICES, INC., a
Missouri corporation; and DOES 1 through 20,
inclusive,

        Defendants.

Case No. 20STCV13293

**COMPLAINT FOR DAMAGES FOR:**

1. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**

2. **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**

3. **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);**

4. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**

5. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**

6. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**

7. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ);**

8. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.); AND**

9. **FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK (CAL. LABOR CODE §§551 and 552);**

-1-

COMPLAINT FOR DAMAGES

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, EDGAR TRUJILLO, and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.     Plaintiff, EDGAR TRUJILLO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AIRPORT TERMINAL SERVICES, INC. (hereinafter referred to as "Defendant") was and is a California corporation doing business at 5777 W Century Blvd, Los Angeles, CA 90045, in the County of Los Angeles, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and operated a private aviation services company.

5.     At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

7.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.      Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

10.      Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

11.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Defendants are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Defendants and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

12.     Accordingly, Defendants constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

13.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

14.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Defendants, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendants and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendants and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Defendants and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendants and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Defendants and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

15.     On or about April 18, 2014, Defendants hired Plaintiff to work as a Ramp Service Agent. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 31, 2019.

16.     On or about August 1, 2016, Plaintiff was improperly converted to an exempt employee and was paid a yearly salary.

### Misclassification as Exempt

17.     Even though Plaintiff was a laborer, Defendants misclassified Plaintiff as exempt, and paid Plaintiff only a "salary," some via payroll check with itemized deductions and taxes withheld.

18.     At all times relevant hereto, Plaintiff was not exempt pursuant to Labor Code §515, including because:

a.     Plaintiff's duties and responsibilities did not involve the management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof;

b.     Plaintiff is and was not licensed or certified by the State of California nor was Plaintiff primarily engaged in the practice of one of the following recognized professions: law, medicine,

dentistry, optometry, architecture, engineering, teaching, or accounting, nor was Plaintiff primarily engaged in an occupation commonly recognized as a learned or artistic profession as such term is defined by Wage Order 9;

      c.    Plaintiff's duties and responsibilities did not involve either the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein;

      d.    Plaintiff did not have the authority to hire or fire other employees, nor were Plaintiff's suggestions and recommendations as to the advancement and promotion or any other change of status of other employees given any weight;

      e.    Plaintiff did not customarily and regularly exercise discretion and independent judgment in performing his work duties;

      f.    Plaintiff did not perform under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge;

      g.    Plaintiff did not perform under only general supervision special assignments and tasks;

      h.    Plaintiff did not spend more than one-half of his work time engaged in exempt work; and

      i.    Plaintiff did not earn a monthly salary equivalent to no less than two times the statement minimum wage for full-time employment.

19.    Because Defendants misclassified Plaintiff as exempt, Plaintiff was only paid a flat bimonthly salary of $2,791.67, rather than for each hour worked. Pursuant to Labor Code §515(d)(2), salary is deemed to provide compensation only for the employee's regular, non-overtime hours, notwithstanding any private agreement to the contrary.  As a result, Plaintiff was paid no wages at all, for hours beyond 8 in a day, or 40 in a week.  Based upon Plaintiff's salary, pursuant to Labor Code §515(d)(1), Plaintiff's hourly wage rate is 1/40th of the Plaintiff's weekly salary, or $32.21.

20.     Because Defendants misclassified Plaintiff as an exempt employee, at no time during Plaintiff's employment was Plaintiff paid for all hours worked or overtime premiums, nor was Plaintiff provided with uninterrupted 10-minute rest periods as required by law, with uninterrupted meal periods as required by law, or with itemized wage statements as required by law.

21.     Between August 1, 2016 and December 31, 2016, Plaintiff's hourly wage rate was $28.85. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

22.     Between January 1, 2017 and December 31, 2017, Plaintiff's hourly wage rate was $29.57. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

23.     Between January 1, 2018 and September 15, 2018, Plaintiff's hourly wage rate was $30.16.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

24.     Between September 16, 2018 and January 31, 2019, Plaintiff's hourly wage rate was $32.21.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

25.     Plaintiff worked approximately 86 hours each week, for which Plaintiff received no wages at all, not Plaintiff's hourly wage rate, or even the requisite minimum wage.

26.     Plaintiff worked approximately 56 overtime hours each week, but was not paid for these hours at all.

27.     Plaintiff worked approximately 30 double-time hours each week, but was not paid for these hours at all.

28.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

29.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff

worked.  One or more of Plaintiff's 30-minute meal periods were interrupted approximately 7 times per week.

### FIRST CAUSE OF ACTION
### FOR FAILURE TO PAY WAGES DUE
### LABOR CODE §§201, 1182.12, 1194, 1194.2
### AGAINST ALL DEFENDANTS

30.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

31.     At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

32.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

33.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### FOR FAILURE TO PAY MINIMUM WAGES
### LABOR CODE §§1182.12, 1194, 1194.2, 1197
### AGAINST ALL DEFENDANTS

34.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

35.     Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful.  An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.  Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

36.    The historical minimum wage requirements in Los Angeles County are as follows:

| Effective | 26+ employees | 1-25 employees |
|---|---|---|
| 7/1/18 | $13.25 | $10.50 |
| 7/1/17 | $12.00 | $10.00 |
| 7/1/16 | $10.50 | $9.00 |

37.    At all relevant times, Defendants employed 26 employees or more.

38.    At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

39.    Defendants failed to pay Plaintiff the requisite minimum wage in each of the following ways in the four years immediately preceding the filing of this complaint:

a.    From August 1, 2016 through June 30, 2017, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $42,441.00 calculated at 86 hours per week for 47 weeks, at $10.50 per hour.

b.    From July 1, 2017 through June 30, 2018, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $53,664.00 calculated at 86 hours per week for 52 weeks, at $12.00 per hour.

c.    From July 1, 2018 through January 31, 2019, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $34,185.00 calculated at 86 hours per week for 30 weeks, at $13.25 per hour.

40.    Thus, for the entirety of the time periods set forth above, Plaintiff is owed unpaid minimum wages in the amount of $130,290.00.

41.    Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

42.    Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

43.    In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $130,290.00, plus interest thereon

## THIRD CAUSE OF ACTION
## FOR FAILURE TO PAY OVERTIME COMPENSATION
## LABOR CODE §§510, 1194
## AGAINST ALL DEFENDANTS

44.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

45.    Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day.  It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

46.    At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

47.    At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

48.    In the four years last past, Plaintiff worked 56 hours of overtime each week, all of which should have been paid at 1.5 times Plaintiff's regularly hour wage rate at that time, and 30 hours of double-time each week, all of which should have been paid at 2 times Plaintiff's regular hourly wage rate at that time.  Defendants failed to pay Plaintiff the requisite overtime wages and double-time wages in each of the following ways in the four years immediately preceding the filing of this complaint:

a.      From approximately August 1, 2016 through December 31, 2016, Plaintiff's hourly overtime rate was $43.28.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 22 weeks, or 1,232 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.78 for each of those hours, totaling $40,384.96. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 22, or 660 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.20 for each of those hours, totaling $31,152.00.

b.      From approximately January 1, 2017 through June 30, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.86 for each of those hours, totaling $49,300.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.64 for each of those hours, totaling $37,939.20.

c.      From approximately July 1, 2017 through December 31, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.36 for each of those hours, totaling $47,116.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.14 for each of those hours, totaling $36,769.20.

COMPLAINT FOR DAMAGES

d.      From approximately January 1, 2018 through June 30, 2018, Plaintiff's hourly overtime rate was $45.24.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.24 for each of those hours, totaling $48,397.44. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.32 for each of those hours, totaling $37,689.60.

e.      From approximately July 1, 2018 through December 31, 2018, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $31.11 for each of those hours, totaling $45,296.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.07 for each of those hours, totaling $36,714.60.

f.      From approximately January 1, 2019 through January 31, 2019, Plaintiff's hourly overtime rate was $48.32.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 4 weeks, or 224 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $35.07 for each of those hours, totaling $7,855.68. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 4 weeks, or 120 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $51.17 for each of those hours, totaling $6,140.40.

49.     As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

50.     Thus, for the entirety of the time periods set forth above, Plaintiff is owed overtime wages of $424,755.56, above and beyond the minimum wages sought in the preceding cause of action for these same hours.

51.     Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**LABOR CODE §§226.7, 512**

**AGAINST ALL DEFENDANTS**

52.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

53.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

54.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

55.     In the four years last past, Plaintiff regularly worked in excess of twelve hours per day, and was thereby entitled to take two uninterrupted 30-minute meal periods and three 10-minute rest periods on each day of work.

56.     Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

a.      From approximately August 1, 2016 to February 1, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 131 weeks, or on approximately 917 days.  During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 917 days (7 days per week for 131 weeks).

57.     As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.      From approximately August 1, 2016 to December 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 154 separate days.  Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 154 separate days.  Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid rest periods.  Thus, Plaintiff is owed a total of $8,885.80, plus interest thereon, for unpaid meal and rest periods for this time period.

b.      From approximately January 1, 2017 to December 31, 2017, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 364 separate days.  Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 364 separate days.  Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid rest periods.  Thus, Plaintiff is owed a total of $21,526.96, plus interest thereon, for unpaid meal and rest periods for this time period.

c.      From approximately January 1, 2018 to September 15, 2018, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 259 separate days.

Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 259 separate days. Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $15,622.88, plus interest thereon, for unpaid meal and rest periods for this time period.

d. From approximately September 16, 2018 to January 31, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $9,018.80, plus interest thereon, for unpaid meal and rest periods for this time period.

58. Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $55,054.44.

59. Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

60. Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $55,054.44, pursuant to Labor Code §§512 and 226.7(b), plus interest thereon and costs of suit.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS

## LABOR CODE §§226 ET SEQ.

## AGAINST ALL DEFENDANTS

61. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

62.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

63.     In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

64.     At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

65.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

66.     This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime,

meal period, and rest period wages. For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

67. Plaintiff was paid on a twice monthly basis, and therefore Defendants violated Labor Code §226 numerous times throughout Plaintiff's employment. Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages in the statutory maximum amount of $4,000.00.

68. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**FOR WAITING TIME PENALTIES**

**LABOR CODE §§201-203**

**AGAINST ALL DEFENDANTS**

69. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

70. At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

71. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

72. As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $25,129.20 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $837.64, inclusive of overtime.

73. Based on Defendants' conduct as alleged herein, Defendants are liable for $25,129.20 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**FOR PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST ALL DEFENDANTS**

74. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

75. Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

76. Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

77. On December 17, 2019, more than 63 calendar days before filing this Complaint, Plaintiff provided electronic notice to the Labor and Workforce Development Agency and notice by certified mail to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a). These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

78. As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

79. As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100.00 for each aggrieved employee per pay period for the initial violation, and $200.00 for each aggrieved employee per pay period for each

subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

80.     These penalties are recoverable in an amount to be determined upon further proof for Plaintiff and Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

81.     Plaintiff is also entitled to reasonable attorneys' fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

## EIGHTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.
## AGAINST ALL DEFENDANTS

82.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

83.     Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

84.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

85.     Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore

to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

### NINTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK

### (CAL. LABOR CODE §§551 and 552)

### AGAINST ALL DEFENDANTS

86.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

87.     At all relevant times, Defendants failed and refused to provide Plaintiff with one day of rest for every workweek in violation of California Labor Code §§ 551, 552.

88.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §§ 551, 552, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

89.     Cal, Lab. Code § 551 requires that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

90.     Cal. Lab. Code § 552 further requires that, "No employer of labor shall cause his employees to work more than six days in seven"

91.     Defendants caused Plaintiff to go without a day of rest when it induced Plaintiff to forego rest to which Plaintiff was entitled to by scheduling or directing Plaintiff to involuntarily work seven days in a row in each workweek without a day of rest. Plaintiff worked more than six (6) hours of work during each shift.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 9-2001, in the amount of no less than $130,290.00;

3.     For liquidated damages pursuant to Labor Code §1194.2 in the amount of $130,290.00, plus interest;

4.     For payment of unpaid overtime and double-time compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations §11090, in the amount of no less than $424,755.56;

5.     For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $55,054.44;

6.     For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

7.     For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $25,129.20;

8.     For statutory penalties pursuant to Labor Code §2699(f), in an amount according to proof on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees, in an amount according to proof;

9.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

10.     For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

COMPLAINT FOR DAMAGES

11.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as exempt, and failure to pay wages and other compensation in accordance with the law;

12.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code and/or any other basis;

13.     For post-judgment interest; and

14.     For any other relief that is just and proper.

DATED:  April 3, 2020                          **LAW OFFICES OF RAMIN R. YOUNESSI**
                                               **A PROFESSIONAL LAW CORPORATION**

                                               By: _____
                                                   Ramin R. Younessi, Esq.
                                                   Attorney for Plaintiff
                                                   EDGAR TRUJILLO

### JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  April 3, 2020                          **LAW OFFICES OF RAMIN R. YOUNESSI**
                                               **A PROFESSIONAL LAW CORPORATION**

                                               By: _____
                                                   Ramin R. Younessi, Esq.
                                                   Attorney for Plaintiff
                                                   EDGAR TRUJILLO