Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak, CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:    714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## CENTRAL DIVISION

| | |
|---|---|
| EDGAR TRUJILLO<br><br>            Plaintiff,<br><br>       vs.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 20STCV13293<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Richard J. Burdge, Dept. 37]<br><br>Action Filed:    April 3, 2020<br>Trial Date:       None Set |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant Airport Terminal Services, Inc. ("Defendant") hereby responds to the Complaint filed by Plaintiff Edgar Trujillo ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint including any allegations that Plaintiff or allegedly "aggrieved individuals" Plaintiff purports to represent have been damaged in any way by any act or omission of Defendant, and/or are entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)**

1.  This Court lacks subject matter jurisdiction over this Complaint and/or each cause of action to the extent that Plaintiff failed to timely and/or properly exhaust his administrative remedies as required by applicable law.

## SECOND AFFIRMATIVE DEFENSE

**(Equitable Doctrines of Unclean Hands, Estoppel, Waiver, and Laches)**

2.  Plaintiff's Complaint and/or each cause of action are barred by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

### THIRD AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

3. Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred because Plaintiff unreasonably failed to use Defendant's policies and procedures, the reasonable use of which would have avoided Plaintiff's alleged damages in whole or part.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4. Plaintiff's Complaint and/or each cause of action are barred by Plaintiff's and/or the allegedly "aggrieved employees" failure to mitigate damages as required by law.

### FIFTH AFFIRMATIVE DEFENSE

### (Uncertainty of the Pleading)

5. Plaintiff's Complaint and/or each cause of action are barred because Plaintiff fails to plead material allegations with requisite certainty.

### SIXTH AFFIRMATIVE DEFENSE

### (Unjust Penalties Barred)

6. Plaintiff's prayer for penalties under the *Labor Code* is barred to the extent that such penalties would be unjust, arbitrary, oppressive, or confiscatory.

### SEVENTH AFFIRMATIVE DEFENSE

### (Release)

7. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" have previously settled or released any of the claims alleged in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

8. Plaintiff's Complaint and/or each cause of action are barred because Defendant did not willfully, knowingly, or intentionally fail to comply with the provisions of the California *Labor Code* but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

43059756_1.docx

### NINTH AFFIRMATIVE DEFENSE

### (Standing)

9. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" lack standing.

### TENTH AFFIRMATIVE DEFENSE

### (Good-Faith Dispute)

10. Plaintiff's claim(s) for penalties under California *Labor Code* are barred because a good faith dispute exists as to whether any penalties are were or are due.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Exemption/Exclusion)

11. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

### TWELFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Violations)

12. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that they are based on alleged *de minimis* violations.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13. The Complaint and/or each cause of action are barred by the applicable statute of limitations, including but not limited to, California *Code of Civil Procedure* sections 335.1, 337, 338, 339, 340, and 343, and California *Business and Professions Code* section 17208.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

14. The Complaint and each cause of action alleged therein are barred because if any person or other entity engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he, she or it did so without the knowledge, authorization, or ratification of Defendant.

/ / /

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15. If any damages have been sustained by Plaintiff and/or the allegedly "aggrieved employees," although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or the allegedly "aggrieved employees" owed to Defendant against any judgment that may be entered against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Violations)

16. The Plaintiff and/or allegedly "aggrieved employees" are not entitled to any premium wages under Cal. *Labor Code* §§ 226.7, 512, or any other provision of the California *Labor Code*, because the Plaintiff and/or allegedly "aggrieved employees" were at all times provided, authorized and permitted to take meal breaks and rest breaks as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Meal/Rest Waivers)

17. Plaintiff's and/or the allegedly "aggrieved employees'" claims are barred, in whole or in part, by the waiver of the right to meal and/or rest breaks in accordance with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Standing Under Cal. Bus. & Prof. Code §§ 17200)

18. Plaintiff lacks standing to bring this Complaint because, pursuant to Section 17200 of the *Business & Professions Code*, Plaintiff did not suffer any injury in fact, and has not lost money or property as a result of alleged unfair competition by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

19. Plaintiff's claim for injunctive relief (if any) is improper as there is an adequate remedy at law.

/ / /

/ / /

### TWENTIETH AFFIRMATIVE DEFENSE

### (PAGA/Due Process/Equal Protection)

20. The imposition of penalties against Defendant under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq*.) would violate the due process clauses of both the California and United States Constitutions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA/Standing)

21. Plaintiff's claims for civil penalties under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq*.) are barred because Plaintiff lacks standing to pursue such a claim, either in his respective individual or representative capacities.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (PAGA/Equitable Reduction)

22. Any penalties available to Plaintiff under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq*.) is subject to equitable reduction pursuant to *Labor Code* section 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary and oppressive and confiscatory.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Not Adequate Representatives)

23. Plaintiff and his counsel are not adequate representatives of those he purports to represent under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq*.).

### ADDITIONAL AFFIRMATIVE DEFENSES

### (Reservation of Rights)

24. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses apply.

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant, and against Plaintiff;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

43059756_1.docx

3. That Defendant be awarded the costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED: June 4, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Mark F. Lovell
Shera Y. Kwak

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

43059756_1.docx

7
DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO
PLAINTIFF EDGAR TRUJILLO'S COMPLAINT

**PROOF OF SERVICE**
*Edgar Trujillo vs. Airport Terminal Services, Inc., et al.*
Case No. 20STCV13293

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On June 4, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

  ☐  the written confirmation of counsel in this action:

  ☐  [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

43059756_1.docx

8

documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 4, 2020, at Costa Mesa, California.

_Lisa Sles_ (signature)

Lisa Sles

**SERVICE LIST**

| | |
|---|---|
| Ramin R. Younessi, Esq.<br>LAW OFFICES OF RAMIN R. YOUNESSI<br>A PROFESSIONAL LAW CORPORATION<br>3435 Wilshire Blvd., Suite 2200<br>Los Angeles, CA  90010<br>Telephone:   213-480-6200<br>Facsimile:    213-4806201 | Attorneys for Plaintiff Edgar Trujillo |

43059756.1