Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO,<br><br>              Plaintiff,<br><br>        v.<br><br>AIRPORT TERMINAL SERVICES,<br>INC., a Missouri corporation; and<br>DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No. 2:20-cv-05008-JFW-KS<br><br>**SUPPLEMENT TO THE NOTICE OF REMOVAL**<br><br>Complaint Filed: April 3, 2020<br>Trial Date:          None Set<br>District Judge:     Hon. John F. Walter<br>Magistrate Judge:Hon. Karen L. Stevenson |

43124974_1.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

**EXHIBIT 1**                                                                    **Page(s)**

    Plaintiff's Complaint,

    filed on April 3, 2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8-30

**EXHIBIT 2**

    Civil Case Cover Sheet,

    filed on April 3, 2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    31-37

**EXHIBIT 3**

    Summons,

    filed on April 3, 2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    38-39

**EXHIBIT 4**

    Notice of Case Assignment, Unlimited Civil Case,

    filed on April 3, 2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    40-42

**EXHIBIT 5**

    Proof of Service of Summons on Defendant Airport Terminal

    Services, Inc., filed May 8, 2020 . . . . . . . . . . . . . . . . . . . . . .    43-44

**EXHIBIT 6**

    Notice of Case Management Conference, filed by the

    Los Angeles County Superior Court on May 13, 2020. . . . . . .    45-46

**EXHIBIT 7**

    Certificate of Mailing Notice of Case Management

    Conference, filed by the Los Angeles County Superior

    Court on May 13, 2020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    47-48

**EXHIBIT 8**

    Defendant Airport Terminal Services, Inc.'s Answer to

    Plaintiff Edgar Trujillo's Complaint, filed on June 4, 2020. . . .    49-59

43124974_1.docx

**EXHIBIT 9**

Notice of Stay of Proceedings filed by Defendant Airport

Terminal Services, Inc., filed on June 10, 2020 . . . . . . . . . . .    60-64

**EXHIBIT 10**

Defendant Airport Terminal Services, Inc.'s Notice To

The State Court and to Plaintiff of Filing Notice of Removal

in Federal Court, filed on June 10, 2020 . . . . .. . . . . . . . . .    65-210

43124974_1.docx

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

Pursuant to Paragraph 10 of Judge F. Walter's June 8, 2020 Standing Order, Defendant Airport Terminal Services, Inc. hereby submits all documents it has received that were filed in State Court.

While EXHIBIT 5 Proof of Service of Summons indicates Plaintiff served copies of the Summons & Complaint, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations Packet, and ADR Information Package with Blank Stipulation, Defendant Airport Terminal Services, Inc. has not actually received anything by way of service.  The only documents Defendant received were what it was able to locate from the Court docket, which are provided in this Supplement.

Attached to this Supplement to the Notice of Removal are true and correct copies of the following:

| | |
|---|---|
| EXHIBIT 1: | Plaintiff's Complaint, filed April 3, 2020. |
| EXHIBIT 2: | Civil Case Cover Sheet, filed April 3, 2020. |
| EXHIBIT 3: | Summons, filed April 3, 2020. |
| EXHIBIT 4: | Notice of Case Assignment, Unlimited Civil Case filed, April 3, 2020. |
| EXHIBIT 5: | Proof of Service of Summons on Defendant Airport Terminal Services, Inc., filed May 8, 2020. |
| EXHIBIT 6: | Notice of Case Management Conference, filed by the Los Angeles County Superior Court on May 13, 2020. |
| EXHIBIT 7: | Certificate of Mailing Notice of Case Management Conference, filed by the Los Angeles County Superior Court on May 13, 2020. |
| EXHIBIT 8: | Defendant Airport Terminal Services, Inc.'s Answer to Plaintiff Edgar Trujillo's Complaint, filed June 4, 2020. |

43124974_1.docx

EXHIBIT 9:      Notice of Stay of Proceedings filed by Defendant Airport Terminal Services, Inc., filed June 10, 2020.

EXHIBIT 10:     Defendant Airport Terminal Services, Inc.'s Notice To The State Court and to Plaintiff of Filing Notice of Removal in Federal Court, filed June 10, 2020.

DATED: June 18, 2020              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                                  By:  /s/ Shera Y. Kwak
                                       Mark F. Lovell
                                       Shera Y. Kwak
                                       Attorneys for Defendant
                                       AIRPORT TERMINAL SERVICES, INC.

43124974_1.docx

# PROOF OF SERVICE

*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-05008-JFW-KS

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 18, 2020, I served the following document(s):

## SUPPLEMENT TO THE NOTICE OF REMOVAL

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

43124974_1.docx

1    ☒   **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐   **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 18, 2020, at San Diego, California.

Pamela Blanton

43124974_1.docx

Case No. 2:20-cv-05008-JFW-KS
SUPPLEMENT TO THE NOTICE OF REMOVAL

1

2

# SERVICE LIST

3

4

5

6

7

Ramin R. Younessi, Esq.
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:   213-4806201
ryounessi@younessilaw.com

Attorneys for Plaintiff Edgar Trujillo

8

43124974.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

43124974_1.docx

SUPPLEMENT TO THE NOTICE OF REMOVAL

# EXHIBIT 1

EXHIBIT 1
PAGE 8

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:20-cv-05008-JFW-KS    Document 1    Filed 06/18/20    Page 10 of 214    Page ID #:97

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Burdge

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
EDGAR TRUJILLO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| EDGAR TRUJILLO, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 20STCV13293<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1.  **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**<br><br>2.  **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**<br><br>3.  **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);**<br><br>4.  **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**<br><br>5.  **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**<br><br>6.  **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**<br><br>7.  **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ);**<br><br>8.  **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.); AND**<br><br>9.  **FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK (CAL. LABOR CODE §§551 and 552);** |

-1-

EXHIBIT 1

PAGE 9

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF, EDGAR TRUJILLO,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.     Plaintiff, EDGAR TRUJILLO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AIRPORT TERMINAL SERVICES, INC. (hereinafter referred to as "Defendant") was and is a California corporation doing business at 5777 W Century Blvd, Los Angeles, CA 90045, in the County of Los Angeles, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and operated a private aviation services company.

5.     At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

EXHIBIT 1
PAGE 10

said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

### ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

10.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

EXHIBIT 1
PAGE 11

11.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.    Defendants are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.    Defendants and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.    Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.    Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.    The business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

12.    Accordingly, Defendants constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

13.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

-4-
COMPLAINT FOR DAMAGES

EXHIBIT 1
PAGE 12

enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

14.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Defendants, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendants and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendants and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Defendants and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendants and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Defendants and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## **FACTUAL ALLEGATIONS**

15.     On or about April 18, 2014, Defendants hired Plaintiff to work as a Ramp Service Agent. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 31, 2019.

16.     On or about August 1, 2016, Plaintiff was improperly converted to an exempt employee and was paid a yearly salary.

### **Misclassification as Exempt**

17.     Even though Plaintiff was a laborer, Defendants misclassified Plaintiff as exempt, and paid Plaintiff only a "salary," some via payroll check with itemized deductions and taxes withheld.

18.     At all times relevant hereto, Plaintiff was not exempt pursuant to Labor Code §515, including because:

a.     Plaintiff's duties and responsibilities did not involve the management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof;

b.     Plaintiff is and was not licensed or certified by the State of California nor was Plaintiff primarily engaged in the practice of one of the following recognized professions: law, medicine,

dentistry, optometry, architecture, engineering, teaching, or accounting, nor was Plaintiff primarily engaged in an occupation commonly recognized as a learned or artistic profession as such term is defined by Wage Order 9;

c.    Plaintiff's duties and responsibilities did not involve either the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein;

d.    Plaintiff did not have the authority to hire or fire other employees, nor were Plaintiff's suggestions and recommendations as to the advancement and promotion or any other change of status of other employees given any weight;

e.    Plaintiff did not customarily and regularly exercise discretion and independent judgment in performing his work duties;

f.    Plaintiff did not perform under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge;

g.    Plaintiff did not perform under only general supervision special assignments and tasks;

h.    Plaintiff did not spend more than one-half of his work time engaged in exempt work; and

i.    Plaintiff did not earn a monthly salary equivalent to no less than two times the statement minimum wage for full-time employment.

19.    Because Defendants misclassified Plaintiff as exempt, Plaintiff was only paid a flat bimonthly salary of $2,791.67, rather than for each hour worked. Pursuant to Labor Code §515(d)(2), salary is deemed to provide compensation only for the employee's regular, non-overtime hours, notwithstanding any private agreement to the contrary.  As a result, Plaintiff was paid no wages at all, for hours beyond 8 in a day, or 40 in a week.  Based upon Plaintiff's salary, pursuant to Labor Code §515(d)(1), Plaintiff's hourly wage rate is 1/40th of the Plaintiff's weekly salary, or $32.21.

EXHIBIT 1
PAGE 14

20.     Because Defendants misclassified Plaintiff as an exempt employee, at no time during Plaintiff's employment was Plaintiff paid for all hours worked or overtime premiums, nor was Plaintiff provided with uninterrupted 10-minute rest periods as required by law, with uninterrupted meal periods as required by law, or with itemized wage statements as required by law.

21.     Between August 1, 2016 and December 31, 2016, Plaintiff's hourly wage rate was $28.85. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

22.     Between January 1, 2017 and December 31, 2017, Plaintiff's hourly wage rate was $29.57. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

23.     Between January 1, 2018 and September 15, 2018, Plaintiff's hourly wage rate was $30.16.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

24.     Between September 16, 2018 and January 31, 2019, Plaintiff's hourly wage rate was $32.21.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

25.     Plaintiff worked approximately 86 hours each week, for which Plaintiff received no wages at all, not Plaintiff's hourly wage rate, or even the requisite minimum wage.

26.     Plaintiff worked approximately 56 overtime hours each week, but was not paid for these hours at all.

27.     Plaintiff worked approximately 30 double-time hours each week, but was not paid for these hours at all.

28.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

29.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff

EXHIBIT 1
PAGE 15

worked.  One or more of Plaintiff's 30-minute meal periods were interrupted approximately 7 times per week.

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES DUE**

**LABOR CODE §§201, 1182.12, 1194, 1194.2**

**AGAINST ALL DEFENDANTS**

30.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

31.   At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

32.   As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

33.   Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**FOR FAILURE TO PAY MINIMUM WAGES**

**LABOR CODE §§1182.12, 1194, 1194.2, 1197**

**AGAINST ALL DEFENDANTS**

34.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

35.   Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful.  An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.  Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

EXHIBIT 1
PAGE 16

36.    The historical minimum wage requirements in Los Angeles County are as follows:

| Effective | 26+ employees | 1-25 employees |
|-----------|---------------|----------------|
| **7/1/18** | $13.25 | $10.50 |
| **7/1/17** | $12.00 | $10.00 |
| **7/1/16** | $10.50 | $9.00 |

37.    At all relevant times, Defendants employed 26 employees or more.

38.    At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

39.    Defendants failed to pay Plaintiff the requisite minimum wage in each of the following ways in the four years immediately preceding the filing of this complaint:

a.    From August 1, 2016 through June 30, 2017, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $42,441.00 calculated at 86 hours per week for 47 weeks, at $10.50 per hour.

b.    From July 1, 2017 through June 30, 2018, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $53,664.00 calculated at 86 hours per week for 52 weeks, at $12.00 per hour.

c.    From July 1, 2018 through January 31, 2019, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $34,185.00 calculated at 86 hours per week for 30 weeks, at $13.25 per hour.

40.    Thus, for the entirety of the time periods set forth above, Plaintiff is owed unpaid minimum wages in the amount of $130,290.00.

41.    Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

42.    Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

EXHIBIT 1
PAGE 17

43.    In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $130,290.00, plus interest thereon

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PAY OVERTIME COMPENSATION**

**LABOR CODE §§510, 1194**

**AGAINST ALL DEFENDANTS**

44.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

45.    Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day.   It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

46.    At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

47.    At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

48.    In the four years last past, Plaintiff worked 56 hours of overtime each week, all of which should have been paid at 1.5 times Plaintiff's regularly hour wage rate at that time, and 30 hours of double-time each week, all of which should have been paid at 2 times Plaintiff's regular hourly wage rate at that time.   Defendants failed to pay Plaintiff the requisite overtime wages and double-time wages in each of the following ways in the four years immediately preceding the filing of this complaint:

a.    From approximately August 1, 2016 through December 31, 2016, Plaintiff's hourly overtime rate was $43.28.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 22 weeks, or 1,232 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.78 for each of those hours, totaling $40,384.96. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 22, or 660 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.20 for each of those hours, totaling $31,152.00.

b.    From approximately January 1, 2017 through June 30, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.86 for each of those hours, totaling $49,300.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.64 for each of those hours, totaling $37,939.20.

c.    From approximately July 1, 2017 through December 31, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.36 for each of those hours, totaling $47,116.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.14 for each of those hours, totaling $36,769.20.

EXHIBIT 1
PAGE 19

d.      From approximately January 1, 2018 through June 30, 2018, Plaintiff's hourly overtime rate was $45.24.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.24 for each of those hours, totaling $48,397.44. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.32 for each of those hours, totaling $37,689.60.

e.      From approximately July 1, 2018 through December 31, 2018, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $31.11 for each of those hours, totaling $45,296.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.07 for each of those hours, totaling $36,714.60.

f.      From approximately January 1, 2019 through January 31, 2019, Plaintiff's hourly overtime rate was $48.32.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 4 weeks, or 224 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $35.07 for each of those hours, totaling $7,855.68. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 4 weeks, or 120 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $51.17 for each of those hours, totaling $6,140.40.

COMPLAINT FOR DAMAGES

EXHIBIT 1
PAGE 20

49.    As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

50.    Thus, for the entirety of the time periods set forth above, Plaintiff is owed overtime wages of $424,755.56, above and beyond the minimum wages sought in the preceding cause of action for these same hours.

51.    Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**LABOR CODE §§226.7, 512**

**AGAINST ALL DEFENDANTS**

52.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

53.    Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

54.    Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

55.    In the four years last past, Plaintiff regularly worked in excess of twelve hours per day, and was thereby entitled to take two uninterrupted 30-minute meal periods and three 10-minute rest periods on each day of work.

56.    Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

COMPLAINT FOR DAMAGES

EXHIBIT 1

PAGE 21

a.    From approximately August 1, 2016 to February 1, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 131 weeks, or on approximately 917 days.  During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 917 days (7 days per week for 131 weeks).

57.    As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.    From approximately August 1, 2016 to December 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 154 separate days. Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 154 separate days.  Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $8,885.80, plus interest thereon, for unpaid meal and rest periods for this time period.

b.    From approximately January 1, 2017 to December 31, 2017, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 364 separate days. Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 364 separate days.  Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $21,526.96, plus interest thereon, for unpaid meal and rest periods for this time period.

c.    From approximately January 1, 2018 to September 15, 2018, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 259 separate days.

Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 259 separate days. Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $15,622.88, plus interest thereon, for unpaid meal and rest periods for this time period.

        d.     From approximately September 16, 2018 to January 31, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $9,018.80, plus interest thereon, for unpaid meal and rest periods for this time period.

58.     Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $55,054.44.

59.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

60.     Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $55,054.44, pursuant to Labor Code §§512 and 226.7(b), plus interest thereon and costs of suit.

### FIFTH CAUSE OF ACTION
### FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS
### LABOR CODE §§226 ET SEQ.
### AGAINST ALL DEFENDANTS

61.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

EXHIBIT 1
PAGE 23

62.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

63.     In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

64.     At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

65.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

66.     This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime,

meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

67.    Plaintiff was paid on a twice monthly basis, and therefore Defendants violated Labor Code §226 numerous times throughout Plaintiff's employment.  Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages in the statutory maximum amount of $4,000.00.

68.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**FOR WAITING TIME PENALTIES**

**LABOR CODE §§201-203**

**AGAINST ALL DEFENDANTS**

69.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

70.     At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

71.    As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

72.    As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $25,129.20 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $837.64, inclusive of overtime.

EXHIBIT 1
PAGE 25

73.     Based on Defendants' conduct as alleged herein, Defendants are liable for $25,129.20 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**FOR PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST ALL DEFENDANTS**

74.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

75.     Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

76.     Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

77.     On December 17, 2019, more than 63 calendar days before filing this Complaint, Plaintiff provided electronic notice to the Labor and Workforce Development Agency and notice by certified mail to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a).  These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

78.     As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants.  Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

79.     As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100.00 for each aggrieved employee per pay period for the initial violation, and $200.00 for each aggrieved employee per pay period for each

subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

80.     These penalties are recoverable in an amount to be determined upon further proof for Plaintiff and Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

81.     Plaintiff is also entitled to reasonable attorneys' fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

**EIGHTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

82.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

83.     Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

84.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

85.     Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore

EXHIBIT 1
PAGE 27

to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

### NINTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK

### (CAL. LABOR CODE §§551 and 552)

### AGAINST ALL DEFENDANTS

86.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

87.     At all relevant times, Defendants failed and refused to provide Plaintiff with one day of rest for every workweek in violation of California Labor Code §§ 551, 552.

88.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §§ 551, 552, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

89.     Cal, Lab. Code § 551 requires that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

90.     Cal. Lab. Code § 552 further requires that, "No employer of labor shall cause his employees to work more than six days in seven"

91.     Defendants caused Plaintiff to go without a day of rest when it induced Plaintiff to forego rest to which Plaintiff was entitled to by scheduling or directing Plaintiff to involuntarily work seven days in a row in each workweek without a day of rest. Plaintiff worked more than six (6) hours of work during each shift.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

-20-

COMPLAINT FOR DAMAGES

EXHIBIT 1

PAGE 28

together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.      For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 9-2001, in the amount of no less than $130,290.00;

3.      For liquidated damages pursuant to Labor Code §1194.2 in the amount of $130,290.00, plus interest;

4.      For payment of unpaid overtime and double-time compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations §11090, in the amount of no less than $424,755.56;

5.      For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $55,054.44;

6.      For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

7.      For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $25,129.20;

8.      For statutory penalties pursuant to Labor Code §2699(f), in an amount according to proof on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees, in an amount according to proof;

9.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

10.     For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

EXHIBIT 1
PAGE 29

11.    For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as exempt, and failure to pay wages and other compensation in accordance with the law;

12.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code and/or any other basis;

13.    For post-judgment interest; and

14.    For any other relief that is just and proper.

DATED:  April 3, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
EDGAR TRUJILLO

## JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  April 3, 2020

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Attorney for Plaintiff
EDGAR TRUJILLO

COMPLAINT FOR DAMAGES

EXHIBIT 1
PAGE 30

# EXHIBIT 2

EXHIBIT 2

PAGE 31

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 08:13:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Williams, Deputy Clerk

Case 2:20-cv-05008-JFW-KS    Document 14    Filed 06/18/20    Page 33 of 214    Page #:220

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Ramin R. Younessi, Esq. (175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 480-6200    FAX NO.: (213) 480-6201<br>ATTORNEY FOR *(Name):* Plaintiff, Edgar Trujillo | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Edgar Trujillo v. Airport Terminal Services, Inc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
✔ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☐ is ✔ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2020

Ramin R. Younessi, Esq.
(TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

EXHIBIT 2
PAGE 32

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**Page 2 of 2**

**CIVIL CASE COVER SHEET**

**EXHIBIT 2
PAGE 33**

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

EXHIBIT 2

PAGE 34

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

EXHIBIT 2

PAGE 35

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160   Abstract of Judgment | 2, 6 |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2, 3, 9 |
| | | ☐ A6123   Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190   Election Contest | 2 |
| | | ☐ A6110   Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100   Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

EXHIBIT 2

PAGE 36

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: 5777 W Century Blvd. |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Stanley Mosk___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___April 3, 2020___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)    CIVIL CASE COVER SHEET ADDENDUM    Local Rule 2.3
LASC Approved 03-04    AND STATEMENT OF LOCATION    Page 4 of 4

EXHIBIT 2
PAGE 37

# EXHIBIT 3

EXHIBIT 3
PAGE 38

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk

Case 2:20-cv-05008-JFW-KS   Document 1   Filed 06/18/20   Page 40 of 214   Page ID #:227
20STCV13293

| | SUM-100 |
|---|---|

# SUMMONS
## *(CITACION JUDICIAL)*

| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDGAR TRUJILLO, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es:)*  Los Angeles County Superior Court

| | **CASE NUMBER:**<br>*(Número del Caso:)* |
|---|---|
| | 20STCV13293 |

Central District

111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

| DATE:<br>*(Fecha)* 04/03/2020 | Clerk, by<br>*(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court<br>D. Williams | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)

           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

**SUMMONS**

**EXHIBIT 3**

PAGE 39

# EXHIBIT 4

EXHIBIT 4
PAGE 40

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/03/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV13293 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Richard J. Burdge | 37 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/06/2020
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 4
PAGE 41

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

## Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 4
PAGE 42

# EXHIBIT 4

EXHIBIT 4
PAGE 40

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/03/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ D. Williams _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV13293 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Richard J. Burdge | 37 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/06/2020
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 4
PAGE 41

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT 4
PAGE 42

# EXHIBIT 5

EXHIBIT 5
PAGE 43

Electronically FILED by Superior Court of California, County of Los Angeles on 05/08/2020 03:45 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Reed, Deputy Clerk

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| RAMIN R. YOUNESSI, ESQ. (SBN 175020)<br>3435 Wilshire Blvd Ste 2200 | (213) 480-6200 | |

ATTORNEY FOR (Name    Plaintiff

Los Angeles                CA              90010

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT

SHORT TITLE OF CASE
TRUJILLO v AIRPORT TERMINAL

| 3658488 | (HEARING) Date | Time | Dept | | Case Number:<br>20STCV13293 |
|---|---|---|---|---|---|
| | | | 37 | | REFERENCE NO.<br>TRUJILLO v AIRPORT TERMINAL |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   NOTICE OF CASE ASSIGNMENT
   FIRST AMENDED GENERAL ORDER
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION

3. a. PARTY SERVED:    AIRPORT TERMINAL SERVICES, INC., a Missouri

   corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   b. PERSON SERVED: JESSIE GASTELUM, PERSON AUTHORIZED TO RECEIVE
   HISPANIC FEMALE 30YRS 5'02" 140LBS. BROWN HAIR

4. c. ADDRESS:    818 W 7TH ST STE 930
   LOS ANGELES          CA              90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
   AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON        5/6/2020  AT   12:45:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
   AIRPORT TERMINAL SERVICES, INC., a Missouri

   corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

| 7a. Person Serving:    V. Enrique      Mendez | d. The fee for service was          $0.00 |
|---|---|
| | e. I am: |
| b. DDS Legal Support<br>2900 Bristol St<br>Costa Mesa, Ca 92626 | (1)      not a registered California process server:<br>(3) X    registered California process server:<br>(i) Independent Contractor |
| c. (714) 662-5555 | (i) Registration No:                    3428<br>(i) County:  LOS ANGELES |

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. V. Enrique      Mendez
5/8/2020

SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

CRC 982(A)(23)

PROOF OF SERVICE

EXHIBIT 5
PAGE 44

# EXHIBIT 6

EXHIBIT 6
PAGE 45

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/13/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ E. Avena _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Edgar  Trujillo

DEFENDANT:
Airport Terminal Services, Inc.,

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
20STCV13293

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/28/2020 | Time: 8:30 AM | Dept.: 37 |
|---|---|---|

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC, Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated:   05/13/2020

_____
Richard J. Burdge Jr / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Ramin R. Younessi, Esq.
3435 Wilshire Blvd.
Suite 2200
Los Angeles, CA 90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:   05/13/2020

By  E. Avena
_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

**EXHIBIT 6**

**PAGE 46**

# EXHIBIT 7

EXHIBIT 7
PAGE 47

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>05/13/2020<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ E. Avena _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Edgar  Trujillo | |
| DEFENDANT/RESPONDENT:<br>Airport Terminal Services, Inc., | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20STCV13293 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Ramin R. Younessi
Law Ofc Ramin R Younessi,A Prof Law Corp
3435 Wilshire Blvd.
Suite 2200
Los Angeles, CA  90010

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/13/2020      By: ___E. Avena_____
                                    Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT 7
PAGE 48

# **EXHIBIT 8**

EXHIBIT 8
PAGE 49

Electronically FILED by Superior Court of California, County of Los Angeles on 06/04/2020 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

Case 2:20-cv-05008-JFW-KS    Document 14    Filed 06/18/20    Page 54 of 214    Page ID #:241

Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak, CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:      714-800-7900
Facsimile:      714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## CENTRAL DIVISION

| | |
|---|---|
| EDGAR TRUJILLO<br><br>          Plaintiff,<br><br>     vs.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No. 20STCV13293<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Richard J. Burdge, Dept. 37]<br><br>Action Filed:      April 3, 2020<br>Trial Date:        None Set |

43059756_1.docx

1

EXHIBIT 8

PAGE 50

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant Airport Terminal Services, Inc. ("Defendant") hereby responds to the Complaint filed by Plaintiff Edgar Trujillo ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint including any allegations that Plaintiff or allegedly "aggrieved individuals" Plaintiff purports to represent have been damaged in any way by any act or omission of Defendant, and/or are entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)**

1.      This Court lacks subject matter jurisdiction over this Complaint and/or each cause of action to the extent that Plaintiff failed to timely and/or properly exhaust his administrative remedies as required by applicable law.

## SECOND AFFIRMATIVE DEFENSE

**(Equitable Doctrines of Unclean Hands, Estoppel, Waiver, and Laches)**

2.      Plaintiff's Complaint and/or each cause of action are barred by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

43059756_1.docx

EXHIBIT 8
PAGE 51

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

3.    Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred because Plaintiff unreasonably failed to use Defendant's policies and procedures, the reasonable use of which would have avoided Plaintiff's alleged damages in whole or part.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.    Plaintiff's Complaint and/or each cause of action are barred by Plaintiff's and/or the allegedly "aggrieved employees" failure to mitigate damages as required by law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Uncertainty of the Pleading)**

5.    Plaintiff's Complaint and/or each cause of action are barred because Plaintiff fails to plead material allegations with requisite certainty.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unjust Penalties Barred)**

6.    Plaintiff's prayer for penalties under the *Labor Code* is barred to the extent that such penalties would be unjust, arbitrary, oppressive, or confiscatory.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Release)**

7.    Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" have previously settled or released any of the claims alleged in Plaintiff's Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

8.    Plaintiff's Complaint and/or each cause of action are barred because Defendant did not willfully, knowingly, or intentionally fail to comply with the provisions of the California *Labor Code* but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

43059756_1.docx

3

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

9.    Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" lack standing.

## TENTH AFFIRMATIVE DEFENSE

### (Good-Faith Dispute)

10.    Plaintiff's claim(s) for penalties under California *Labor Code* are barred because a good faith dispute exists as to whether any penalties are were or are due.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exemption/Exclusion)

11.    Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

## TWELFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Violations)

12.    Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that they are based on alleged *de minimis* violations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13.    The Complaint and/or each cause of action are barred by the applicable statute of limitations, including but not limited to, California *Code of Civil Procedure* sections 335.1, 337, 338, 339, 340, and 343, and California *Business and Professions Code* section 17208.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

14.    The Complaint and each cause of action alleged therein are barred because if any person or other entity engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he, she or it did so without the knowledge, authorization, or ratification of Defendant.

/ / /

43059756_1.docx

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.    If any damages have been sustained by Plaintiff and/or the allegedly "aggrieved employees," although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or the allegedly "aggrieved employees" owed to Defendant against any judgment that may be entered against Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Violations)

16.    The Plaintiff and/or allegedly "aggrieved employees" are not entitled to any premium wages under Cal. *Labor Code* §§ 226.7, 512, or any other provision of the California *Labor Code*, because the Plaintiff and/or allegedly "aggrieved employees" were at all times provided, authorized and permitted to take meal breaks and rest breaks as provided by law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Meal/Rest Waivers)

17.    Plaintiff's and/or the allegedly "aggrieved employees'" claims are barred, in whole or in part, by the waiver of the right to meal and/or rest breaks in accordance with applicable law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Standing Under Cal. Bus. & Prof. Code §§ 17200)

18.    Plaintiff lacks standing to bring this Complaint because, pursuant to Section 17200 of the *Business & Professions Code*, Plaintiff did not suffer any injury in fact, and has not lost money or property as a result of alleged unfair competition by Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

19.    Plaintiff's claim for injunctive relief (if any) is improper as there is an adequate remedy at law.

/ / /

/ / /

43059756_1.docx

5

EXHIBIT 8

PAGE 54

## TWENTIETH AFFIRMATIVE DEFENSE

### (PAGA/Due Process/Equal Protection)

20.    The imposition of penalties against Defendant under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) would violate the due process clauses of both the California and United States Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA/Standing)

21.    Plaintiff's claims for civil penalties under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) are barred because Plaintiff lacks standing to pursue such a claim, either in his respective individual or representative capacities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (PAGA/Equitable Reduction)

22.    Any penalties available to Plaintiff under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) is subject to equitable reduction pursuant to *Labor Code* section 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary and oppressive and confiscatory.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Not Adequate Representatives)

23.    Plaintiff and his counsel are not adequate representatives of those he purports to represent under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*).

## ADDITIONAL AFFIRMATIVE DEFENSES

### (Reservation of Rights)

24.    Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses apply.

WHEREFORE, Defendant prays for judgment as follows:

1.    That judgment be entered in favor of Defendant, and against Plaintiff;

2.    That Plaintiff's Complaint be dismissed in its entirety with prejudice;

43059756_1.docx

6

EXHIBIT 8

PAGE 55

3.    That Defendant be awarded the costs of suit; and

4.    For such other and further relief as the Court deems just and proper.

DATED:  June 4, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Mark F. Lovell
Shera Y. Kwak

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

43059756_1.docx

7

**PROOF OF SERVICE**

*Edgar Trujillo vs. Airport Terminal Services, Inc., et al.*
Case No. 20STCV13293

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

    On June 4, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

        ☐    the written confirmation of counsel in this action:

        ☐    [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

8

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO
PLAINTIFF EDGAR TRUJILLO'S COMPLAINT

**EXHIBIT 8**

**PAGE 57**

documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 4, 2020, at Costa Mesa, California.

_____
Lisa Sles

43059756_1.docx

9

EXHIBIT 8

PAGE 58

1

**SERVICE LIST**

2

3  Ramin R. Younessi, Esq.                           Attorneys for Plaintiff Edgar Trujillo
   LAW OFFICES OF RAMIN R. YOUNESSI
4  A PROFESSIONAL LAW CORPORATION
   3435 Wilshire Blvd., Suite 2200
5  Los Angeles, CA  90010
   Telephone:    213-480-6200
6  Facsimile:    213-4806201

7

8                                                                                43059756.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  43059756_1.docx

28

---

10

EXHIBIT 8
PAGE 59

# EXHIBIT 9

EXHIBIT 9
PAGE 60

**CM-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR *COURT USE ONLY* |
|---|---|
| Mark F. Lovell (No: 246652) Shera Y. Kwak (No. 329168)<br>Ogletree, Deakins, Nash, Smoak & Stewart PC<br>695 Town Center Drive, Suite 1500<br>Costa Mesa, CA 92626<br><br>TELEPHONE NO.: (714) 800-7900        FAX NO. *(Optional):* (714) 754-1298<br>E-MAIL ADDRESS *(Optional):* shera.kwak@ogletree.com<br>ATTORNEY FOR *(Name):* Defendant Airport Terminal Services, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90017
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER:        EDGAR TRUJILLO

DEFENDANT/RESPONDENT: AIRPORT TERMINAL SERVICES, INC.

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br>20STCV13293 |
|---|---|
| | JUDGE: Hon. Richard J. Burdge |
| | DEPT.: 37 |

**To the court and to all parties:**

1.  Declarant *(name):* Shera Y. Kwak, Esq.

    a. ☒ is ☐ the party   ☒ the attorney for the party who requested or caused the stay.

    b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2.  This case is stayed as follows:

    a. ☒ With regard to all parties.

    b. ☐ With regard to the following parties *(specify by name and party designation):*

3.  Reason for the stay:

    a. ☒ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

    b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

    c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

    d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

    e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 9, 2020

Shera Y. Kwak                                          ►
_____                        _____
(TYPE OR PRINT NAME OF DECLARANT)                        (SIGNATURE)

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 9
PAGE 61

## PROOF OF SERVICE

*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 20STCV13293

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On June 10, 2020, I served the following document(s):

### NOTICE OF STAY

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐    the written confirmation of counsel in this action:

☐    [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message

43060355_1.docx

1

EXHIBIT 9
PAGE 62

or other indication that the transmission was unsuccessful.

☒    **(State)**          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 10, 2020, at Costa Mesa, California.

_____
Lisa Sles

43060355_1.docx

EXHIBIT 9
PAGE 63

**SERVICE LIST**

Ramin R. Younessi, Esq.                    Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:     213-480-6200
Facsimile:      213-4806201
ryounessi@younessilaw.com

43060355.1

43060355_1.docx

3

EXHIBIT 9
PAGE 64

# EXHIBIT 10

EXHIBIT 10
PAGE 65

1  Mark F. Lovell, CA Bar No. 246652
   mark.lovell@ogletree.com
2  Shera Y. Kwak, CA Bar No. 329168
   shera.kwak@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:     714-800-7900
6  Facsimile:      714-754-1298

7  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.
8

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **FOR THE COUNTY OF LOS ANGELES**

11                            **CENTRAL DIVISION**

12  EDGAR TRUJILLO,                          Case No. 20STCV13293

13            Plaintiff,                      **DEFENDANT AIRPORT TERMINAL
                                              SERVICES, INC.'S NOTICE TO THE
14       vs.                                  STATE COURT AND TO PLAINTIFF OF
                                              FILING NOTICE OF REMOVAL IN
15  AIRPORT TERMINAL SERVICES, INC., a        FEDERAL COURT**
    Missouri corporation; and DOES 1 through 20,
16  inclusive,                                [Assigned for all purposes to The Honorable
                                              Richard J. Burdge, Dept. 37]
17            Defendants.

18                                            Action Filed:      April 3, 2020
                                              Trial Date:        None Set
19

20

21

22

23

24

25

26

43127205_1.docx
27

28

                                      1

1    TO THIS HONORABLE COURT, THE CLERK OF THE COURT TO PLAINTIFF

2    EDGAR TRUJILLO AND HIS COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on June 5, 2020, Defendant Airport Terminal Services, Inc.'s

4    ("Defendant") filed in the United States District Court for the Central District of California, Western

5    Division, a Notice of Removal of Civil Action to United States District Court under 28 U.S.C. §§

6    1332, 1441, and 1446, thereby effectuating the removal of this case to the aforementioned United

7    States District Court. The United States District Court Case No. is 2:20-cv-05008-JFW-KS.

8    Attached to this Notice as Exhibit "1" are true and correct copies of the filed Notice of Removal,

9    Civil Cover Sheet, Certificate of Interested Parties, Corporate Disclosure Statement, Declaration of

10   Brandy Wallace in Support of Notice of Removal, Notice of Related Cases, Notice of Assignment,

11   Notice to Parties of Court Directed ADR Program, Order Dismissing Doe Defendants, and

12   Honorable John F. Walters' Standing Order, which were filed in the United States District Court for

13   the Central District of California, Western Division.

14   As a result of the removal of the above-entitled action from this Court, this Court is without

15   jurisdiction to take further action with respect to this matter unless and until the case is remanded.

16   28 U.S.C. § 1446(d).

17

18

19   DATED:  June 9, 2020                          OGLETREE, DEAKINS, NASH, SMOAK &
20                                                 STEWART, P.C.

21

22                                                 By: _____
23                                                      Mark F. Lovell
                                                        Shera Y. Kwak
24
                                                   Attorneys for Defendant
25                                                 AIRPORT TERMINAL SERVICES, INC.

26

27   43127205_1.docx

28

2

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE TO THE STATE COURT AND TO
PLAINTIFF OF FILING NOTICE OF REMOVAL IN FEDERAL COURT

EXHIBIT 10
PAGE 67

# EXHIBIT 1

EXHIBIT 10
PAGE 68

Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant AIRPORT TERMINAL
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

EDGAR TRUJILLO

      Plaintiff,

      v.

AIRPORT TERMINAL SERVICES,
INC., a Missouri corporation; and
DOES 1 through 20, inclusive

      Defendants.

Case No. 2:20-cv-5008

**DEFENDANT AIRPORT TERMINAL
SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1332 AND 1441**

**[DIVERSITY JURISDICTION]**

*[Filed concurrently with Civil Cover
Sheet; Certificate of Interested Parties;
Corporate Disclosure Statement;
Declaration of Brandy Wallace; and
Notice of Related Cases]*

State Court
Action Filed:      April 3, 2020
Trial Date:      None Set

43045514_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

EXHIBIT 10
PAGE 69

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Airport Terminal Services, Inc. ("Defendant"), hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the grounds that there is complete diversity of citizenship between Plaintiff Edgar Trujillo ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the State of Missouri; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

## I. THE STATE COURT ACTION

On or about April 3, 2020, Plaintiff filed an action against Defendant entitled "*Edgar Trujillo, an individual v. Airport Terminal Services, Inc., et al.*," in Los Angeles County Superior Court, Case Number 20STCV13293 (the "Complaint"). A true and correct copy of the Summons; Complaint, Civil Case Cover Sheet, and all other documents served on Defendant, is attached hereto as **Exhibit "A."**

The Complaint asserts the following causes of action: (1) Failure to Pay Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Pay Overtime Compensation; (4) Failure to Provide Meal and Rest Periods; (5) Failure to Provide Itemized Wage and Hour Statements; (6) Waiting Time Penalites; (7) Private Attorney General Act; (8) Unfair Competition; and (9) Failure to Provide One Day of Rest for Every Workweek. *See* Complaint.

On May 6, 2020, Plaintiff personally served on Defendant the Summons, Complaint, and all other documents attached as **Exhibit "A."**

/ / /

43045514_1.docx

Case 2:20-cv-05008-JFW-KS    Document 14    Filed 06/18/20    Page 75 of 214   Page ID
#:262
Case 2:20-cv-05008-JFW-KS    Document 1    Filed 06/05/20    Page 3 of 54    Page ID #:3

On June 4, 2020, Defendant filed its Answer in Los Angeles County Superior Court. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit "B."**

## II.    <u>REMOVAL IS TIMELY</u>

A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

Here, removal is timely because Defendant is filing this Notice of Removal less than thirty (30) days after the effective date of service on Defendant. *See* Fed. R. Civ. P. 26.

## III.    <u>COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES</u>

<u>**Complete Diversity of the Parties Exists**</u>. This Court has original jurisdiction over this action under 28 U.S.C. section 1332 and hence the action may be removed by Defendant pursuant to 28 U.S.C. section 1441. Original jurisdiction exists here because no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. The parties to this action are diverse, as detailed below:

<u>**Plaintiff is a Citizen of California**</u>. Plaintiff is, and was at all times relevant to this action, a citizen of the State of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of the State of California and is domiciled in California and was so domiciled at the time of filing of the Complaint. (Compl., ¶ 2 [Ex. A]; Declaration of Brandy Wallace ("Wallace Decl."),

43045514_1.docx

2

¶ 7.)  S*ee Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (current residence and place of employment are evidence of the intention to remain); *see also Heinz v. Havelock*, 757 F. Supp.1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of her last residence at the time a suit was filed).

**Defendant is a Citizen of Missouri**.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The Supreme Court established the proper test for determining the principal place of business of a corporation for purposes of diversity jurisdiction.  *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters -- provided that the headquarters is the actual center of direction, control and coordination." *Id.*

Defendant was at the time the Complaint was filed, and still is, incorporated in the State of Missouri. (Wallace Decl., ¶ 2.)

Defendant's principal place of business, and the location from which its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Saint Louis, Missouri. (Wallace Decl., ¶ 2-4.)

The high-level corporate officers for Defendant, such as the Chief Executive Officer and President and the Chief Financial Officer have their offices located at the corporate headquarters in Cleveland, Ohio. These high-level corporate officers located in Saint Louis, Missouri are responsible for the direction, control and coordination of the activities covered by their respective offices. (Wallace Decl., ¶ 2-4.)

/ / /

43045514_1.docx

3

Case No. 2:20-cv-5008

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

EXHIBIT 1
PAGE 72

Defendant, by and through its high ranking officers and their supporting management personnel whose offices are also located in Saint Louis, Missouri, directs, controls and coordinates activities which include, but are not limited to, the following: (1) matters relating to the financing of Defendant's operations; (2) advertising and marketing, including media relations; (3) directing general business strategy and operation; (4) compliance with state and federal laws and legal services associated with such matters; and (5) the size and composition of Defendant's workforce. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Saint Louis, Missouri are maintained at the corporate headquarters. (Wallace Decl., ¶ 2-4.) Simply put, Defendant's center of "direction, control and coordination" is located in the State of Missouri.

Further, Defendant does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Wallace Decl., ¶ 5.) *See Montrose Chemical v. American Motorists Ins. Co*., 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

Thus, for diversity purposes, Defendant must be considered a citizen of Missouri, its state of incorporation, and where its principal place of business is located.

**Complete Diversity Among The Parties Exists**. Defendant is the only named defendant in this action. There is no requirement for anyone else to join in this removal. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

Complete diversity among the parties not only exists now, but did also at the time of the filing of this action. This Court has original jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a), in that Plaintiff

43045514_1.docx

is a citizen of California and the only Defendant is not a citizen of California. As a result, complete diversity between Defendant and Plaintiff exists.

## IV.   THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS

This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co*., 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc*., 171 F. 3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, special damages, punitive damages, statutory penalties, and attorneys' fees.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp*., 432 F.3d 976, 980-81 (9th Cir. 2005).  These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc*., No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.  Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.00.  In

43045514_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

EXHIBIT 4
PAGE 74

doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his legal theories.

In his Complaint, Plaintiff seeks numerous damages. Specifically, in Plaintiff's second cause of action, he seeks unpaid minimum wages in the amount of $130,290.00. (Compl., ¶ 39-40 [Ex. A].) In addition, Plaintiff seeks liquidated damages associated with the allegedly unpaid minimum wages in the amount of $130,290.00. (Compl., ¶ 43 [Ex. A].) This equates to a total of $260,580 at issue based solely on the second cause of action, which alone, exceeds the amount in controversy.

Plaintiff seeks additional damages in response to the remaining causes of action, including $424,755.56 in alleged unpaid overtime (Compl., ¶ 48a-f, 50 [Ex. A]); $55,054.44 for missed meal and rest periods (Compl., ¶ 57a-d, 58, 60 [Ex. A]); $4,000 for improper wage statements (Compl., ¶ 67 [Ex. A]); and $25,129.20 for waiting time penalties (Compl., ¶ 72 [Ex. A]). The total enumerated damages alleged in the complaint is **$769,519.20.**

Plaintiff further seeks unenumerated damages under the Private Attorney General Act and Unfair Competition laws, in addition to other unenumerated penalties. Plaintiff also seeks statutory attorney's fees and costs, which are available to Plaintiff based on his claims. (Compl.; Prayer for Relief 12 [Ex. A].) When authorized by statute, attorney's fee claims are also properly considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees may be included in the amount in controversy if recoverable by statute or contract).

As the alleged damages exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper

## V.   **VENUE IS PROPER**

In accordance with United States Code, Title 28, Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is

43045514_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF
REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

EXHIBIT 1
PAGE 75

pending.  The Superior Court of California, County of Los Angeles is located within the Central District of California.  28 U.S.C. § 84(c)(1).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## VI.   THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by **Exhibit "A**," which includes copies of all process, pleadings, and orders served upon Defendant.

As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served on Defendant.   *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, Orange County.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

EXHIBIT 1
PAGE 76

Case 2:20-cv-05008-JFW-KS Document 14 Filed 06/18/20 Page 81 of 214 Page ID
Case 2:20-cv-05008 Document 1 Filed 06/05/20 Page 9 of 54 Page ID #:9
#:268

# VII.   <u>CONCLUSION</u>

      Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

      Accordingly, Defendant removes the above-entitled action to this Court. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

DATED: June 5, 2020             OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  <u>/s/ Shera Y. Kwak</u>
     Mark F. Lovell
     Shera Y. Kwak
     Attorneys for Defendant AIRPORT
     TERMINAL SERVICES, INC.

43045514_1.docx

Case 2:20-cv-05008-JFW-KS    Document 14    Filed 06/18/20    Page 82 of 214   Page ID
Case 2:20-cv-05008-KS    Document 1    Filed 06/05/20    Page 10 of 54    Page ID #:100
#:269

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:20-cv-05008-JFW-KS    Document 1    Filed 06/05/20    Page 11 of 54    Page ID #:709

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Burdge

1  Ramin R. Younessi, Esq. (SBN 175020)
   **LAW OFFICES OF RAMIN R. YOUNESSI**
2  **A PROFESSIONAL LAW CORPORATION**
   3435 Wilshire Boulevard, Suite 2200
3  Los Angeles, California 90010
   Telephone: (213) 480-6200
4  Facsimile: (213) 480-6201

5  Attorney for Plaintiff,
   EDGAR TRUJILLO

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

10

11 EDGAR TRUJILLO, an individual,          Case No. 20STCV13293

                      Plaintiff,           **COMPLAINT FOR DAMAGES FOR:**
12
        v.                                 1.  **FAILURE TO PAY WAGES (CAL. LABOR**
13                                             **CODE §§201, 1194);**

14 AIRPORT TERMINAL SERVICES, INC., a      2.  **FAILURE TO PAY MINIMUM WAGES**
   Missouri corporation; and DOES 1 through 20,  **(CAL. LABOR CODE §§1182.12, 1194,**
15 inclusive,                                  **1194.2, 1197);**

                      Defendants.          3.  **FAILURE TO PAY OVERTIME**
16                                             **COMPENSATION (CAL. LABOR CODE**
                                               **§§510, 1194);**
17
                                           4.  **FAILURE TO PROVIDE MEAL AND**
18                                             **REST PERIODS (CAL. LABOR CODE**
                                               **§§226.7, 512);**
19
                                           5.  **FAILURE TO PROVIDE ITEMIZED**
20                                             **WAGE AND HOUR STATEMENTS (CAL.**
                                               **LABOR CODE §§226, ET SEQ.);**
21
                                           6.  **WAITING TIME PENALTIES (CAL.**
22                                             **LABOR CODE §§201-203);**

23                                         7.  **PRIVATE ATTORNEY GENERAL ACT**
                                               **(CAL. LABOR CODE §2699, ET SEQ);**
24
                                           8.  **UNFAIR COMPETITION (BUS. & PROF.**
25                                             **CODE §17200 ET SEQ.); AND**

26                                         9.  **FAILURE TO PROVIDE ONE DAY OF**
                                               **REST FOR EVERY WORKWEEK (CAL.**
27                                             **LABOR CODE §§551 and 552);**

28

-1-

COMPLAINT FOR DAMAGES

DEMAND OVER $25,000

[DEMAND FOR JURY TRIAL]

COMES NOW PLAINTIFF, EDGAR TRUJILLO, and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.      Plaintiff, EDGAR TRUJILLO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AIRPORT TERMINAL SERVICES, INC. (hereinafter referred to as "Defendant") was and is a California corporation doing business at 5777 W Century Blvd, Los Angeles, CA 90045, in the County of Los Angeles, State of California.

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and operated a private aviation services company.

5.      At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

6.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

-2-

COMPLAINT FOR DAMAGES

said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

7. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

10. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

11.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Defendants are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Defendants and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

12.     Accordingly, Defendants constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

13.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

14.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Defendants, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendants and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendants and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Defendants and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendants and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Defendants and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## **FACTUAL ALLEGATIONS**

15.     On or about April 18, 2014, Defendants hired Plaintiff to work as a Ramp Service Agent. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 31, 2019.

16.     On or about August 1, 2016, Plaintiff was improperly converted to an exempt employee and was paid a yearly salary.

### **Misclassification as Exempt**

17.     Even though Plaintiff was a laborer, Defendants misclassified Plaintiff as exempt, and paid Plaintiff only a "salary," some via payroll check with itemized deductions and taxes withheld.

18.     At all times relevant hereto, Plaintiff was not exempt pursuant to Labor Code §515, including because:

a.     Plaintiff's duties and responsibilities did not involve the management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof;

b.     Plaintiff is and was not licensed or certified by the State of California nor was Plaintiff primarily engaged in the practice of one of the following recognized professions: law, medicine,

dentistry, optometry, architecture, engineering, teaching, or accounting, nor was Plaintiff primarily engaged in an occupation commonly recognized as a learned or artistic profession as such term is defined by Wage Order 9;

      c.    Plaintiff's duties and responsibilities did not involve either the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein;

      d.    Plaintiff did not have the authority to hire or fire other employees, nor were Plaintiff's suggestions and recommendations as to the advancement and promotion or any other change of status of other employees given any weight;

      e.    Plaintiff did not customarily and regularly exercise discretion and independent judgment in performing his work duties;

      f.    Plaintiff did not perform under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge;

      g.    Plaintiff did not perform under only general supervision special assignments and tasks;

      h.    Plaintiff did not spend more than one-half of his work time engaged in exempt work; and

      i.    Plaintiff did not earn a monthly salary equivalent to no less than two times the statement minimum wage for full-time employment.

19.    Because Defendants misclassified Plaintiff as exempt, Plaintiff was only paid a flat bimonthly salary of $2,791.67, rather than for each hour worked. Pursuant to Labor Code §515(d)(2), salary is deemed to provide compensation only for the employee's regular, non-overtime hours, notwithstanding any private agreement to the contrary. As a result, Plaintiff was paid no wages at all, for hours beyond 8 in a day, or 40 in a week. Based upon Plaintiff's salary, pursuant to Labor Code §515(d)(1), Plaintiff's hourly wage rate is 1/40th of the Plaintiff's weekly salary, or $32.21.

20.    Because Defendants misclassified Plaintiff as an exempt employee, at no time during Plaintiff's employment was Plaintiff paid for all hours worked or overtime premiums, nor was Plaintiff provided with uninterrupted 10-minute rest periods as required by law, with uninterrupted meal periods as required by law, or with itemized wage statements as required by law.

21.    Between August 1, 2016 and December 31, 2016, Plaintiff's hourly wage rate was $28.85. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

22.    Between January 1, 2017 and December 31, 2017, Plaintiff's hourly wage rate was $29.57. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

23.    Between January 1, 2018 and September 15, 2018, Plaintiff's hourly wage rate was $30.16. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

24.    Between September 16, 2018 and January 31, 2019, Plaintiff's hourly wage rate was $32.21. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

25.    Plaintiff worked approximately 86 hours each week, for which Plaintiff received no wages at all, not Plaintiff's hourly wage rate, or even the requisite minimum wage.

26.    Plaintiff worked approximately 56 overtime hours each week, but was not paid for these hours at all.

27.    Plaintiff worked approximately 30 double-time hours each week, but was not paid for these hours at all.

28.    Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

29.    Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff

worked.  One or more of Plaintiff's 30-minute meal periods were interrupted approximately 7 times per week.

## FIRST CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES DUE

## LABOR CODE §§201, 1182.12, 1194, 1194.2

## AGAINST ALL DEFENDANTS

30.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

31.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

32.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

33.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## FOR FAILURE TO PAY MINIMUM WAGES

## LABOR CODE §§1182.12, 1194, 1194.2, 1197

## AGAINST ALL DEFENDANTS

34.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

35.    Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful.  An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.  Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

36. The historical minimum wage requirements in Los Angeles County are as follows:

| Effective | 26+ employees | 1-25 employees |
|-----------|---------------|----------------|
| 7/1/18    | $13.25        | $10.50         |
| 7/1/17    | $12.00        | $10.00         |
| 7/1/16    | $10.50        | $9.00          |

37. At all relevant times, Defendants employed 26 employees or more.

38. At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

39. Defendants failed to pay Plaintiff the requisite minimum wage in each of the following ways in the four years immediately preceding the filing of this complaint:

a. From August 1, 2016 through June 30, 2017, Plaintiff worked approximately 86 hours per week without getting paid anything. Therefore, Plaintiff is owed $42,441.00 calculated at 86 hours per week for 47 weeks, at $10.50 per hour.

b. From July 1, 2017 through June 30, 2018, Plaintiff worked approximately 86 hours per week without getting paid anything. Therefore, Plaintiff is owed $53,664.00 calculated at 86 hours per week for 52 weeks, at $12.00 per hour.

c. From July 1, 2018 through January 31, 2019, Plaintiff worked approximately 86 hours per week without getting paid anything. Therefore, Plaintiff is owed $34,185.00 calculated at 86 hours per week for 30 weeks, at $13.25 per hour.

40. Thus, for the entirety of the time periods set forth above, Plaintiff is owed unpaid minimum wages in the amount of $130,290.00.

41. Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

42. Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

43. In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $130,290.00, plus interest thereon

### THIRD CAUSE OF ACTION
### FOR FAILURE TO PAY OVERTIME COMPENSATION
### LABOR CODE §§510, 1194
### AGAINST ALL DEFENDANTS

44. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

45. Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

46. At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

47. At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

48. In the four years last past, Plaintiff worked 56 hours of overtime each week, all of which should have been paid at 1.5 times Plaintiff's regularly hour wage rate at that time, and 30 hours of double-time each week, all of which should have been paid at 2 times Plaintiff's regular hourly wage rate at that time. Defendants failed to pay Plaintiff the requisite overtime wages and double-time wages in each of the following ways in the four years immediately preceding the filing of this complaint:

a.      From approximately August 1, 2016 through December 31, 2016, Plaintiff's hourly overtime rate was $43.28.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 22 weeks, or 1,232 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.78 for each of those hours, totaling $40,384.96. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 22, or 660 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.20 for each of those hours, totaling $31,152.00.

b.      From approximately January 1, 2017 through June 30, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.86 for each of those hours, totaling $49,300.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.64 for each of those hours, totaling $37,939.20.

c.      From approximately July 1, 2017 through December 31, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.36 for each of those hours, totaling $47,116.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.14 for each of those hours, totaling $36,769.20.

d.      From approximately January 1, 2018 through June 30, 2018, Plaintiff's hourly overtime rate was $45.24.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.24 for each of those hours, totaling $48,397.44. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.32 for each of those hours, totaling $37,689.60.

e.      From approximately July 1, 2018 through December 31, 2018, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $31.11 for each of those hours, totaling $45,296.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.07 for each of those hours, totaling $36,714.60.

f.      From approximately January 1, 2019 through January 31, 2019, Plaintiff's hourly overtime rate was $48.32.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 4 weeks, or 224 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $35.07 for each of those hours, totaling $7,855.68. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 4 weeks, or 120 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $51.17 for each of those hours, totaling $6,140.40.

49.     As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

50.     Thus, for the entirety of the time periods set forth above, Plaintiff is owed overtime wages of $424,755.56, above and beyond the minimum wages sought in the preceding cause of action for these same hours.

51.     Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE MEAL AND REST BREAKS
## LABOR CODE §§226.7, 512
## AGAINST ALL DEFENDANTS

52.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

53.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

54.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

55.     In the four years last past, Plaintiff regularly worked in excess of twelve hours per day, and was thereby entitled to take two uninterrupted 30-minute meal periods and three 10-minute rest periods on each day of work.

56.     Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

a.       From approximately August 1, 2016 to February 1, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 131 weeks, or on approximately 917 days.   During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 917 days (7 days per week for 131 weeks).

57.       As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.   Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.       From approximately August 1, 2016 to December 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 154 separate days. Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid interrupted meal periods.   During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 154 separate days.   Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $8,885.80, plus interest thereon, for unpaid meal and rest periods for this time period.

b.       From approximately January 1, 2017 to December 31, 2017, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 364 separate days. Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid interrupted meal periods.   During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 364 separate days.   Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $21,526.96, plus interest thereon, for unpaid meal and rest periods for this time period.

c.       From approximately January 1, 2018 to September 15, 2018, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 259 separate days.

-14-

COMPLAINT FOR DAMAGES

Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 259 separate days. Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $15,622.88, plus interest thereon, for unpaid meal and rest periods for this time period.

        d.     From approximately September 16, 2018 to January 31, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $9,018.80, plus interest thereon, for unpaid meal and rest periods for this time period.

58.    Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $55,054.44.

59.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

60.    Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $55,054.44, pursuant to Labor Code §§512 and 226.7(b), plus interest thereon and costs of suit.

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS

## LABOR CODE §§226 ET SEQ.

## AGAINST ALL DEFENDANTS

61.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

-15-

62. Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned. An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

63. In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

64. At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff. For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated. Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

65. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

66. This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime,

-16-

meal period, and rest period wages.  For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

67.     Plaintiff was paid on a twice monthly basis, and therefore Defendants violated Labor Code §226 numerous times throughout Plaintiff's employment.  Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages in the statutory maximum amount of $4,000.00.

68.     Based on Defendants' conduct as alleged herein, Defendants are liable for damages and pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## FOR WAITING TIME PENALTIES

## LABOR CODE §§201-203

## AGAINST ALL DEFENDANTS

69.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

70.      At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

71.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

72.     As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $25,129.20 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $837.64, inclusive of overtime.

73.     Based on Defendants' conduct as alleged herein, Defendants are liable for $25,129.20 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

## FOR PRIVATE ATTORNEY GENERAL ACT

## LABOR CODE §2699

## AGAINST ALL DEFENDANTS

74.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

75.     Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

76.     Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

77.     On December 17, 2019, more than 63 calendar days before filing this Complaint, Plaintiff provided electronic notice to the Labor and Workforce Development Agency and notice by certified mail to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a).  These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

78.     As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants.  Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

79.     As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100.00 for each aggrieved employee per pay period for the initial violation, and $200.00 for each aggrieved employee per pay period for each

subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

80.     These penalties are recoverable in an amount to be determined upon further proof for Plaintiff and Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

81.     Plaintiff is also entitled to reasonable attorneys' fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

**EIGHTH CAUSE OF ACTION**

**FOR UNFAIR COMPETITION**

**BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.**

**AGAINST ALL DEFENDANTS**

82.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

83.     Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

84.     As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

85.     Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore

-19-

COMPLAINT FOR DAMAGES

Case 2:20-cv-05008-JFW-KS    Document 14    Filed 06/18/20    Page 102 of 214 Page
ID #:289
Case 2:20-cv-05008-JFW-KS    Document 1    Filed 06/05/20    Page 80 of 94    Page ID #:30

1  to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from
2  Plaintiff.

4  **NINTH CAUSE OF ACTION**
5  **FOR FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK**
6  **(CAL. LABOR CODE §§551 and 552)**
7  **AGAINST ALL DEFENDANTS**

8  86.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as
9  though set forth in full herein.

10  87.    At all relevant times, Defendants failed and refused to provide Plaintiff with one day of
11  rest for every workweek in violation of California Labor Code §§ 551, 552.

12  88.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §§ 551,
13  552, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

14  89.    Cal, Lab. Code § 551 requires that, "Every person employed in any occupation of labor is
15  entitled to one day's rest therefrom in seven."

16  90.    Cal. Lab. Code § 552 further requires that, "No employer of labor shall cause his
17  employees to work more than six days in seven"

18  91.    Defendants caused Plaintiff to go without a day of rest when it induced Plaintiff to forego
19  rest to which Plaintiff was entitled to by scheduling or directing Plaintiff to involuntarily work seven days
20  in a row in each workweek without a day of rest. Plaintiff worked more than six (6) hours of work during
21  each shift.

23  **PRAYER FOR RELIEF**
24  **WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount
25  according to proof as follows:

26  1.    For a money judgment representing compensatory damages including lost wages,
27  earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.     For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 9-2001, in the amount of no less than $130,290.00;

3.     For liquidated damages pursuant to Labor Code §1194.2 in the amount of $130,290.00, plus interest;

4.     For payment of unpaid overtime and double-time compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations §11090, in the amount of no less than $424,755.56;

5.     For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $55,054.44;

6.     For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

7.     For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $25,129.20;

8.     For statutory penalties pursuant to Labor Code §2699(f), in an amount according to proof on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees, in an amount according to proof;

9.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

10.     For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

Case 2:20-cv-05008-JFW-KS   Document 14-06   Filed 06/18/20   Page 104 of 214   Page
ID #:291
Case 2:20-cv-05008-JFW-KS   Document 1   Filed 06/05/20   Page 32 of 34   Page ID #:32

11.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as exempt, and failure to pay wages and other compensation in accordance with the law;

12.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code and/or any other basis;

13.     For post-judgment interest; and

14.     For any other relief that is just and proper.

DATED:  April 3, 2020                          **LAW OFFICES OF RAMIN R. YOUNESSI**
                                               **A PROFESSIONAL LAW CORPORATION**

                                               By: _____
                                               Ramin R. Younessi, Esq.
                                               Attorney for Plaintiff
                                               EDGAR TRUJILLO

### JURY TRIAL DEMANDED

Plaintiff demands trial of all issues by jury.

DATED:  April 3, 2020                          **LAW OFFICES OF RAMIN R. YOUNESSI**
                                               **A PROFESSIONAL LAW CORPORATION**

                                               By: _____
                                               Ramin R. Younessi, Esq.
                                               Attorney for Plaintiff
                                               EDGAR TRUJILLO

-22-

COMPLAINT FOR DAMAGES

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| RAMIN R. YOUNESSI, ESQ. (SBN 175020)<br>3435 Wilshire Blvd Ste 2200 | (213) 480-6200 | |

ATTORNEY FOR (Name     Plaintiff     Los Angeles     CA     90010

Insert of Court Name of Judicial District and Branch Court if any
LOS ANGELES SUPERIOR COURT, CENTRAL DISTRICT

SHORT TITLE OF CASE
TRUJILLO v AIRPORT TERMINAL

| 3658488 | (HEARING) Date | Time | Dept | | Case Number:<br>20STCV13293 |
|---|---|---|---|---|---|
| | | | 37 | | REFERENCE NO.<br>TRUJILLO v AIRPORT TERMINAL |

## PROOF OF SERVICE OF SUMMONS

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION

2. I SERVED COPIES OF THE:
   SUMMONS & COMPLAINT
   NOTICE OF CASE ASSIGNMENT
   FIRST AMENDED GENERAL ORDER
   VOLUNTARY EFFICIENT LITIGATION STIPULATIONS PACKET
   ADR INFORMATION PACKAGE WITH BLANK STIPULATION

3. a. PARTY SERVED:     AIRPORT TERMINAL SERVICES, INC., a Missouri

   corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   b. PERSON SERVED: JESSIE GASTELUM, PERSON AUTHORIZED TO RECEIVE
      HISPANIC FEMALE 30YRS 5'02" 140LBS. BROWN HAIR

4. c. ADDRESS:     818 W 7TH ST STE 930
   LOS ANGELES     CA     90017

5. I SERVED THE PARTY NAMED IN ITEM 3
   a. BY PERSONALLY DELIVERING THE DOCUMENTS LISTED IN ITEM 2 TO THE PARTY OR PERSON
      AUTHORIZED TO RECEIVE SERVICE OF PROCESS FOR THE PARTY. ON     5/6/2020  AT   12:45:00 PM

6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:
   d. ON BEHALF OF:
      AIRPORT TERMINAL SERVICES, INC., a Missouri

   corporation
   CT CORPORATION SYSTEM, AGENT FOR SERVICE
   UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : CORPORATION  CCP 416.10

| 7a. Person Serving:     V. Enrique     Mendez | d. The fee for service was     $0.00 |
|---|---|

   e. I am:
      (1)          not a registered California process server:
      (3) X     registered California process server:
         (i) Independent Contractor

b. DDS Legal Support
2900 Bristol St
Costa Mesa, Ca 92626

   (i) Registration No:                    3428

c. (714) 662-5555
   (i) County:   LOS ANGELES

8. I declare under the penalty of perjury under the laws of the State of California that the
foregoing is true and correct. V. Enrique     Mendez

5/8/2020

SIGNATURE

Form Approved for Optional Use Judicial
Council of California
POS-010 [REV Jan 1 2007]

PROOF OF SERVICE

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Williams, Deputy Clerk
Case 2:20-cv-05008  Document 1  Filed 06/05/20  Page 34 of 54  Page ID #:293
ID #:293

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDGAR TRUJILLO, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es:)*  Los Angeles County Superior Court

**CASE NUMBER:**
*(Número del Caso:)*
20STCV13293

Central District

111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)*
 Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

DATE:
*(Fecha)*  04/03/2020

Clerk, by   Sherri R. Carter Executive Officer / Clerk of Court  , Deputy
*(Secretario)*   D. Williams    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit A, Page 33

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 03:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Williams, Deputy Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Ramin R. Younessi, Esq. (175020)<br>Law Offices of Ramin R. Younessi, A.P.L.C.<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010<br>TELEPHONE NO.: (213) 480-6200   FAX NO.: (213) 480-6201<br>ATTORNEY FOR *(Name):* Plaintiff, Edgar Trujillo | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME:
Edgar Trujillo v. Airport Terminal Services, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☑ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2020

Ramin R. Younessi, Esq.
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer
     or wrongful eviction)*
   Contract/Warranty Breach–Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
     domain, landlord/tenant, or
     foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-
     domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
     harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
     Claim
   Other Civil Petition

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
| --- | --- |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- | --- |
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

Exhibit A, PAGE 36

PAGE 105

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 2 of 4 |
|---|---|---|

| SHORT TITLE: Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| *Judicial Review* | | |
| Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| *Provisionally Complex Litigation* | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| *Enforcement of Judgment* | | |
| Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | ☐ A6160 Abstract of Judgment | 2, 6 |
| | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| *Miscellaneous Civil Complaints* | | |
| RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| *Miscellaneous Civil Petitions* | | |
| Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2, 3, 9 |
| | ☐ A6123 Workplace Harassment | 2, 3, 9 |
| | ☐ A6124 Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190 Election Contest | 2 |
| | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exhibit A, PAGE 38
PAGE 107

Case 2:20-cv-05008-JFW-KS   Document 14   Filed 06/18/20   Page 112 of 214   Page
ID #:299
Case 2:20-cv-05008-JFW-KS   Document 14-6   Filed 06/03/20   Page 40 of 54   Page ID #:40

| SHORT TITLE:   Edgar Trujillo v. Airport Terminal Services, Inc. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:**<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br>5777 W Century Blvd. |
|---|---|
| CITY:<br>Los Angeles | STATE:   CA      ZIP CODE:   90045 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Stanley Mosk___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __April 3, 2020__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 06/04/2020 12:14 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Gonzalez,Deputy Clerk

Case 2:20-cv-05008-JFW-KS   Document 1-4   Filed 06/18/20   Page 42 of 54   Page ID #:301

Mark F. Lovell, CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak, CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:     714-800-7900
Facsimile:      714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

### CENTRAL DIVISION

| | |
|---|---|
| EDGAR TRUJILLO<br><br>                    Plaintiff,<br><br>        vs.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No. 20STCV13293<br><br>**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Richard J. Burdge, Dept. 37]<br><br>Action Filed:        April 3, 2020<br>Trial Date:          None Set |

43059756_1.docx

1

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant Airport Terminal Services, Inc. ("Defendant") hereby responds to the Complaint filed by Plaintiff Edgar Trujillo ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint including any allegations that Plaintiff or allegedly "aggrieved individuals" Plaintiff purports to represent have been damaged in any way by any act or omission of Defendant, and/or are entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)**

1.      This Court lacks subject matter jurisdiction over this Complaint and/or each cause of action to the extent that Plaintiff failed to timely and/or properly exhaust his administrative remedies as required by applicable law.

## SECOND AFFIRMATIVE DEFENSE

**(Equitable Doctrines of Unclean Hands, Estoppel, Waiver, and Laches)**

2.      Plaintiff's Complaint and/or each cause of action are barred by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

43059756_1.docx

2

Case 2:20-cv-05008-JFW-KS   Document 14   Filed 06/18/20   Page 116 of 214   Page
ID #:303
Case 2:20-cv-05008-JFW-KS   Document 1   Filed 06/05/20   Page 44 of 54   Page ID #:44

### THIRD AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

3.      Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred because Plaintiff unreasonably failed to use Defendant's policies and procedures, the reasonable use of which would have avoided Plaintiff's alleged damages in whole or part.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.      Plaintiff's Complaint and/or each cause of action are barred by Plaintiff's and/or the allegedly "aggrieved employees" failure to mitigate damages as required by law.

### FIFTH AFFIRMATIVE DEFENSE

### (Uncertainty of the Pleading)

5.      Plaintiff's Complaint and/or each cause of action are barred because Plaintiff fails to plead material allegations with requisite certainty.

### SIXTH AFFIRMATIVE DEFENSE

### (Unjust Penalties Barred)

6.      Plaintiff's prayer for penalties under the *Labor Code* is barred to the extent that such penalties would be unjust, arbitrary, oppressive, or confiscatory.

### SEVENTH AFFIRMATIVE DEFENSE

### (Release)

7.      Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" have previously settled or released any of the claims alleged in Plaintiff's Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

8.      Plaintiff's Complaint and/or each cause of action are barred because Defendant did not willfully, knowingly, or intentionally fail to comply with the provisions of the California *Labor Code* but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

43059756_1.docx

3

**NINTH AFFIRMATIVE DEFENSE**

**(Standing)**

9.      Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" lack standing.

**TENTH AFFIRMATIVE DEFENSE**

**(Good-Faith Dispute)**

10.      Plaintiff's claim(s) for penalties under California *Labor Code* are barred because a good faith dispute exists as to whether any penalties are were or are due.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exemption/Exclusion)**

11.      Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

**TWELFTH AFFIRMATIVE DEFENSE**

**(*De Minimis* Violations)**

12.      Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that they are based on alleged *de minimis* violations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

13.      The Complaint and/or each cause of action are barred by the applicable statute of limitations, including but not limited to, California *Code of Civil Procedure* sections 335.1, 337, 338, 339, 340, and 343, and California *Business and Professions Code* section 17208.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Ratification)**

14.      The Complaint and each cause of action alleged therein are barred because if any person or other entity engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he, she or it did so without the knowledge, authorization, or ratification of Defendant.

/ / /

43059756_1.docx

4

Case 2:20-cv-05008-JFW-KS   Document 1   Filed 06/05/20   Page 46 of 54   Page ID #:46

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.     If any damages have been sustained by Plaintiff and/or the allegedly "aggrieved employees," although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or the allegedly "aggrieved employees" owed to Defendant against any judgment that may be entered against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Violations)

16.     The Plaintiff and/or allegedly "aggrieved employees" are not entitled to any premium wages under Cal. *Labor Code* §§ 226.7, 512, or any other provision of the California *Labor Code*, because the Plaintiff and/or allegedly "aggrieved employees" were at all times provided, authorized and permitted to take meal breaks and rest breaks as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Meal/Rest Waivers)

17.     Plaintiff's and/or the allegedly "aggrieved employees'" claims are barred, in whole or in part, by the waiver of the right to meal and/or rest breaks in accordance with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Standing Under Cal. Bus. & Prof. Code §§ 17200)

18.     Plaintiff lacks standing to bring this Complaint because, pursuant to Section 17200 of the *Business & Professions Code*, Plaintiff did not suffer any injury in fact, and has not lost money or property as a result of alleged unfair competition by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

19.     Plaintiff's claim for injunctive relief (if any) is improper as there is an adequate remedy at law.

/ / /

/ / /

43059756_1.docx

Case 2:20-cv-05008-JFW-KS   Document 14-6   Filed 06/18/20   Page 119 of 214   Page
ID #:306
Case 2:20-cv-05008-JFW-KS   Document 1-1   Filed 06/05/20   Page 47 of 54   Page ID #:47

**TWENTIETH AFFIRMATIVE DEFENSE**

**(PAGA/Due Process/Equal Protection)**

20.     The imposition of penalties against Defendant under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) would violate the due process clauses of both the California and United States Constitutions.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(PAGA/Standing)**

21.     Plaintiff's claims for civil penalties under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) are barred because Plaintiff lacks standing to pursue such a claim, either in his respective individual or representative capacities.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(PAGA/Equitable Reduction)**

22.     Any penalties available to Plaintiff under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) is subject to equitable reduction pursuant to *Labor Code* section 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary and oppressive and confiscatory.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Not Adequate Representatives)**

23.     Plaintiff and his counsel are not adequate representatives of those he purports to represent under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*).

**ADDITIONAL AFFIRMATIVE DEFENSES**

**(Reservation of Rights)**

24.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses apply.

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant, and against Plaintiff;

2.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

43059756_1.docx

6

1    3.    That Defendant be awarded the costs of suit; and

2    4.    For such other and further relief as the Court deems just and proper.

3

4    DATED:  June 4, 2020                    OGLETREE, DEAKINS, NASH, SMOAK &
                                             STEWART, P.C.
5

6

7                                           By: _____
8                                               Mark F. Lovell
                                                Shera Y. Kwak
9
                                            Attorneys for Defendant
10                                          AIRPORT TERMINAL SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   43059756_1.docx

28

**PROOF OF SERVICE**

*Edgar Trujillo vs. Airport Terminal Services, Inc., et al.*
Case No. 20STCV13293

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On June 4, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

8

43059756_1.docx

Case 2:20-cv-05008-JFW-KS    Document 14-06    Filed 06/18/20    Page 122 of 214   Page
ID #:309
Case 2:20-cv-05008-JFW-KS    Document 1    Filed 06/05/20    Page 50 of 54    Page ID #:50

documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 4, 2020, at Costa Mesa, California.

_____

Lisa Sles

43059756_1.docx

Case 2:20-cv-05008-JFW-KS Document 14-06/05/20 Page 61 of 94 Page ID #:51 Page
Case 2:20-cv-05008-JFW-KS Document 14 Filed 06/05/20 Page 123 of 214 Page
ID #:310

**SERVICE LIST**

Ramin R. Younessi, Esq.                     Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010
Telephone:    213-480-6200
Facsimile:    213-4806201

43059756.1

43059756_1.docx

10

# PROOF OF SERVICE
*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-5008

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 5, 2020, I served the following document(s):

## DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

## [DIVERSITY JURISDICTION]

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

EXHIBIT 10
PAGE 120

43045514_1.docx

☐    [Federal Court] the written confirmation of counsel in this action and order of the court:

☐  **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒  **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐  **(Federal)**  I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    Executed on June 5, 2020, at Costa Mesa, California.

_____

Lisa Sles

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

EXHIBIT 10
PAGE 121

43045514_1.docx

Case 2:20-cv-05008-JFW-KS Document 14 Filed 06/18/20 Page 126 of 214 Page
Case 2:20-cv-05008-JFW-KS Document 11 Filed 06/05/20 Page 54 of 54 Page ID #:54
ID #:313

# SERVICE LIST

Ramin R. Younessi, Esq.                              Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:   213-4806201
ryounessi@younessilaw.com

43045514.1

43045514_1.docx

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 05:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Williams, Deputy Clerk

Case Case 2:20-cv-05008 Document 1 Filed 06/09/20 Page 1 of 1 Page ID #:55 age
ID #:314

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<b><i>FOR COURT USE ONLY</i></b>
<br><i>(SOLO PARA USO DE LA CORTE)</i>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EDGAR TRUJILLO, an individual,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Los Angeles County Superior Court

**CASE NUMBER:**
*(Número del Caso):*

20STCV13293

Central District

111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Ramin R. Younessi, Esq.; 3435 Wilshire Boulevard, Suite 2200, Los Angeles, CA 90010; (213) 480-6200

DATE:
*(Fecha)* 04/03/2020

Clerk, by Sherri R. Carter Executive Officer / Clerk of Court , Deputy
*(Secretario)* D. Williams *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

<b>Page 1 of 1</b>

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

EXHIBIT 10
PAGE 123

Electronically FILED by Superior Court of California, County of Los Angeles on 04/03/2020 06:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk

Case 2:20-cv-05008-JTV-KS Document 1 Filed 06/05/20 Page 1 of 22 Page ID #:56

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Richard Burdge

Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorney for Plaintiff,
EDGAR TRUJILLO

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| EDGAR TRUJILLO, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. 20STCV13293<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);**<br><br>2. **FAILURE TO PAY MINIMUM WAGES (CAL. LABOR CODE §§1182.12, 1194, 1194.2, 1197);**<br><br>3. **FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE §§510, 1194);**<br><br>4. **FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);**<br><br>5. **FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS (CAL. LABOR CODE §§226, ET SEQ.);**<br><br>6. **WAITING TIME PENALTIES (CAL. LABOR CODE §§201-203);**<br><br>7. **PRIVATE ATTORNEY GENERAL ACT (CAL. LABOR CODE §2699, ET SEQ);**<br><br>8. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.); AND**<br><br>9. **FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK (CAL. LABOR CODE §§551 and 552);** |

-1-

COMPLAINT FOR DAMAGES

EXHIBIT 10
PAGE 124

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, **EDGAR TRUJILLO,** and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Los Angeles County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Los Angeles County, and because the work that is the subject of this action was performed by Plaintiff in Los Angeles County.

## THE PARTIES

2.     Plaintiff, EDGAR TRUJILLO, is and at all times relevant hereto was a resident of the County of Los Angeles, State of California.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant AIRPORT TERMINAL SERVICES, INC. (hereinafter referred to as "Defendant") was and is a California corporation doing business at 5777 W Century Blvd, Los Angeles, CA 90045, in the County of Los Angeles, State of California.

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and operated a private aviation services company.

5.     At all times relevant herein, Defendants and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore

-2-

EXHIBIT 10
PAGE 125

said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

7.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

8.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

9.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

## **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

10.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

EXHIBIT 10
PAGE 126

Case 2:20-cv-05008-FLW-KS   Document 14   Filed 06/18/20   Page 131 of 214   Page
ID #:318
Case 2:20-cv-05008-FLW-KS   Document 14   Filed 06/09/20   Page 4 of 22   Page ID #:55

11.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same, including, but not limited to because:

a.     Defendants are completely dominated and controlled by one another and DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     Defendants and DOES 1-20 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c.     Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     The business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion.  Defendants are, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20.  The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations.  The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

12.     Accordingly, Defendants constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

13.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

-4-

EXHIBIT 10
PAGE 127

Case 2:20-cv-05008-FJW-KS   Document 14   Filed 06/18/20   Page 132 of 214   Page
ID #:319
Case 2:20-cv-05008-JVW-DSCument 12   Filed 06/05/20   Page 5 of 22   Page ID #:60

enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20.  Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

14.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Defendants, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Defendants and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Defendants and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Defendants and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Defendants and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.  Accordingly, Defendants and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

## FACTUAL ALLEGATIONS

15.    On or about April 18, 2014, Defendants hired Plaintiff to work as a Ramp Service Agent. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 31, 2019.

16.    On or about August 1, 2016, Plaintiff was improperly converted to an exempt employee and was paid a yearly salary.

### Misclassification as Exempt

17.    Even though Plaintiff was a laborer, Defendants misclassified Plaintiff as exempt, and paid Plaintiff only a "salary," some via payroll check with itemized deductions and taxes withheld.

18.    At all times relevant hereto, Plaintiff was not exempt pursuant to Labor Code §515, including because:

a.    Plaintiff's duties and responsibilities did not involve the management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof;

b.    Plaintiff is and was not licensed or certified by the State of California nor was Plaintiff primarily engaged in the practice of one of the following recognized professions: law, medicine,

COMPLAINT FOR DAMAGES

EXHIBIT 10
PAGE 128

Case 2:20-cv-05008-FLA-KS   Document 14   Filed 06/18/20   Page 133 of 214   Page
ID #:320
Case 2:20-cv-05008-FLA-KS   Document 1   Filed 06/05/20   Page 6 of 22   Page ID #:6

dentistry, optometry, architecture, engineering, teaching, or accounting, nor was Plaintiff primarily engaged in an occupation commonly recognized as a learned or artistic profession as such term is defined by Wage Order 9;

       c.    Plaintiff's duties and responsibilities did not involve either the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers, or the performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein;

       d.    Plaintiff did not have the authority to hire or fire other employees, nor were Plaintiff's suggestions and recommendations as to the advancement and promotion or any other change of status of other employees given any weight;

       e.    Plaintiff did not customarily and regularly exercise discretion and independent judgment in performing his work duties;

       f.    Plaintiff did not perform under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge;

       g.    Plaintiff did not perform under only general supervision special assignments and tasks;

       h.    Plaintiff did not spend more than one-half of his work time engaged in exempt work; and

       i.    Plaintiff did not earn a monthly salary equivalent to no less than two times the statement minimum wage for full-time employment.

19. Because Defendants misclassified Plaintiff as exempt, Plaintiff was only paid a flat bimonthly salary of $2,791.67, rather than for each hour worked. Pursuant to Labor Code §515(d)(2), salary is deemed to provide compensation only for the employee's regular, non-overtime hours, notwithstanding any private agreement to the contrary. As a result, Plaintiff was paid no wages at all, for hours beyond 8 in a day, or 40 in a week. Based upon Plaintiff's salary, pursuant to Labor Code §515(d)(1), Plaintiff's hourly wage rate is 1/40th of the Plaintiff's weekly salary, or $32.21.

EXHIBIT 10
PAGE 129

Case 2:20-cv-05008-FSW-KS   Document 14   Filed 06/18/20   Page 134 of 214   Page
ID #:321
Case 2:20-cv-05008-V   Document 11-2   Filed 06/09/20   Page 7 of 22   Page ID #:6

20.     Because Defendants misclassified Plaintiff as an exempt employee, at no time during Plaintiff's employment was Plaintiff paid for all hours worked or overtime premiums, nor was Plaintiff provided with uninterrupted 10-minute rest periods as required by law, with uninterrupted meal periods as required by law, or with itemized wage statements as required by law.

21.     Between August 1, 2016 and December 31, 2016, Plaintiff's hourly wage rate was $28.85. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

22.     Between January 1, 2017 and December 31, 2017, Plaintiff's hourly wage rate was $29.57. During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

23.     Between January 1, 2018 and September 15, 2018, Plaintiff's hourly wage rate was $30.16.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

24.     Between September 16, 2018 and January 31, 2019, Plaintiff's hourly wage rate was $32.21.  During this time period, Plaintiff's fixed schedule was seven days per week, Monday through Sunday, for approximately 18-19 hours per day.

25.     Plaintiff worked approximately 86 hours each week, for which Plaintiff received no wages at all, not Plaintiff's hourly wage rate, or even the requisite minimum wage.

26.     Plaintiff worked approximately 56 overtime hours each week, but was not paid for these hours at all.

27.     Plaintiff worked approximately 30 double-time hours each week, but was not paid for these hours at all.

28.     Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

29.     Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff

EXHIBIT 10
PAGE 130

Case 2:20-cv-05008-FLA-KS   Document 14   Filed 06/18/20   Page 135 of 214   Page
ID #:322
Case 2:20-cv-05008-V   Document 1-2   Filed 06/05/20   Page 8 of 22   Page ID #:65

worked.  One or more of Plaintiff's 30-minute meal periods were interrupted approximately 7 times per week.

### FIRST CAUSE OF ACTION
### FOR FAILURE TO PAY WAGES DUE
### LABOR CODE §§201, 1182.12, 1194, 1194.2
### AGAINST ALL DEFENDANTS

30.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

31.     At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11090, as set forth hereinabove.  As alleged herein, Defendants routinely failed to pay Plaintiff for hours worked beyond eight in a day or 40 per week.

32.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

33.     Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### FOR FAILURE TO PAY MINIMUM WAGES
### LABOR CODE §§1182.12, 1194, 1194.2, 1197
### AGAINST ALL DEFENDANTS

34.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

35.     Pursuant to Labor Code §1197, payment of less than the minimum wage fixed by law is unlawful.  An employer violates the minimum wage statute even if the average rate for paid and unpaid hours exceeded the minimum wage.  Under California law, Plaintiff is entitled to at least the minimum wage for every hour worked.

-8-

EXHIBIT 10
PAGE 131

36.     The historical minimum wage requirements in Los Angeles County are as follows:

| Effective | 26+ employees | 1-25 employees |
|-----------|---------------|----------------|
| **7/1/18** | $13.25 | $10.50 |
| **7/1/17** | $12.00 | $10.00 |
| **7/1/16** | $10.50 | $9.00 |

37.     At all relevant times, Defendants employed 26 employees or more.

38.     At all relevant times, Defendants failed and refused to pay Plaintiff the legal minimum wage in the State of California, as set forth in Labor Code §1182.12.

39.     Defendants failed to pay Plaintiff the requisite minimum wage in each of the following ways in the four years immediately preceding the filing of this complaint:

a.     From August 1, 2016 through June 30, 2017, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $42,441.00 calculated at 86 hours per week for 47 weeks, at $10.50 per hour.

b.     From July 1, 2017 through June 30, 2018, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $53,664.00 calculated at 86 hours per week for 52 weeks, at $12.00 per hour.

c.     From July 1, 2018 through January 31, 2019, Plaintiff worked approximately 86 hours per week without getting paid anything.  Therefore, Plaintiff is owed $34,185.00 calculated at 86 hours per week for 30 weeks, at $13.25 per hour.

40.     Thus, for the entirety of the time periods set forth above, Plaintiff is owed unpaid minimum wages in the amount of $130,290.00.

41.     Defendants' failure to pay the legal minimum wage to Plaintiff as alleged herein is unlawful and creates entitlement, pursuant to Labor Code §1197, to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of the unpaid wages owed, calculated as the difference between the straight time compensation paid and applicable minimum wage, including interest thereon.

42.     Pursuant to Labor Code §1194, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred by Plaintiff in this action.

43.     In addition, pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid as previously alleged, an additional $130,290.00, plus interest thereon

### THIRD CAUSE OF ACTION
### FOR FAILURE TO PAY OVERTIME COMPENSATION
### LABOR CODE §§510, 1194
### AGAINST ALL DEFENDANTS

44.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

45.     Labor Code §510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day, or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day.  It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

46.     At all relevant times, Defendants required Plaintiff to work more than eight hours per day and/or more than 40 hours per workweek.

47.     At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code §510, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

48.     In the four years last past, Plaintiff worked 56 hours of overtime each week, all of which should have been paid at 1.5 times Plaintiff's regularly hour wage rate at that time, and 30 hours of double-time each week, all of which should have been paid at 2 times Plaintiff's regular hourly wage rate at that time.  Defendants failed to pay Plaintiff the requisite overtime wages and double-time wages in each of the following ways in the four years immediately preceding the filing of this complaint:

-10-

EXHIBIT 10
PAGE 133

a.  From approximately August 1, 2016 through December 31, 2016, Plaintiff's hourly overtime rate was $43.28.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 22 weeks, or 1,232 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.78 for each of those hours, totaling $40,384.96. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 22, or 660 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.20 for each of those hours, totaling $31,152.00.

b.  From approximately January 1, 2017 through June 30, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.86 for each of those hours, totaling $49,300.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $10.50 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.64 for each of those hours, totaling $37,939.20.

c.  From approximately July 1, 2017 through December 31, 2017, Plaintiff's hourly overtime rate was $44.36.  During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $32.36 for each of those hours, totaling $47,116.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all.  Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.14 for each of those hours, totaling $36,769.20.

EXHIBIT 10
PAGE 134

d. From approximately January 1, 2018 through June 30, 2018, Plaintiff's hourly overtime rate was $45.24. During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $33.24 for each of those hours, totaling $48,397.44. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $48.32 for each of those hours, totaling $37,689.60.

e. From approximately July 1, 2018 through December 31, 2018, Plaintiff's hourly overtime rate was $44.36. During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 26 weeks, or 1,456 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $31.11 for each of those hours, totaling $45,296.16. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 26 weeks, or 780 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $47.07 for each of those hours, totaling $36,714.60.

f. From approximately January 1, 2019 through January 31, 2019, Plaintiff's hourly overtime rate was $48.32. During this time period, Plaintiff worked an average of 56 hours of overtime each week, for 4 weeks, or 224 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $13.25 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $35.07 for each of those hours, totaling $7,855.68. During the same time period, Plaintiff worked an average of 30 hours of double-time each week for 4 weeks, or 120 hours, but did not receive any wages for these hours at all. Therefore, less the minimum wage portion of $12.00 per hour which Plaintiff has already claimed in the preceding cause of action, Plaintiff is owed $51.17 for each of those hours, totaling $6,140.40.

COMPLAINT FOR DAMAGES

EXHIBIT 10
PAGE 135

49.     As alleged herein, Plaintiff is not exempt from the overtime pay requirements of Labor Code §510, 8 Code Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

50.     Thus, for the entirety of the time periods set forth above, Plaintiff is owed overtime wages of $424,755.56, above and beyond the minimum wages sought in the preceding cause of action for these same hours.

51.     Plaintiff has been deprived of Plaintiff's rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE MEAL AND REST BREAKS
## LABOR CODE §§226.7, 512
## AGAINST ALL DEFENDANTS

52.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

53.     Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

54.     Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

55.     In the four years last past, Plaintiff regularly worked in excess of twelve hours per day, and was thereby entitled to take two uninterrupted 30-minute meal periods and three 10-minute rest periods on each day of work.

56.     Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001, as follows:

-13-

EXHIBIT 10
PAGE 136

a.      From approximately August 1, 2016 to February 1, 2019, Plaintiff's statutory 30-minute meal periods were interrupted and cut short approximately 7 times per week for 131 weeks, or on approximately 917 days.  During this same time period, Plaintiff was deprived of one or more of Plaintiff's statutory 10-minute rest periods on approximately 917 days (7 days per week for 131 weeks).

57.     As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11090 and Industrial Welfare Commission Order No. 9-2001.  Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods, and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods, calculated as follows:

a.      From approximately August 1, 2016 to December 31, 2016, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 154 separate days. Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 154 separate days.  Consequently, Plaintiff is owed one hour of pay at $28.85 for each day, or $4,442.90, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $8,885.80, plus interest thereon, for unpaid meal and rest periods for this time period.

b.      From approximately January 1, 2017 to December 31, 2017, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 364 separate days. Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid interrupted meal periods.  During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 364 separate days.  Consequently, Plaintiff is owed one hour of pay at $29.57 for each day, or $10,763.48, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $21,526.96, plus interest thereon, for unpaid meal and rest periods for this time period.

c.      From approximately January 1, 2018 to September 15, 2018, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 259 separate days.

-14-

EXHIBIT 10
PAGE 137

Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 259 separate days. Consequently, Plaintiff is owed one hour of pay at $30.16 for each day, or $7,811.44, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $15,622.88, plus interest thereon, for unpaid meal and rest periods for this time period.

      d.     From approximately September 16, 2018 to January 31, 2019, Defendants failed to provide Plaintiff with an uninterrupted statutory meal period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid interrupted meal periods. During this same time period, Defendants failed to provide Plaintiff with the statutory rest period on approximately 140 separate days. Consequently, Plaintiff is owed one hour of pay at $32.21 for each day, or $4,509.40, plus interest thereon, for unpaid rest periods. Thus, Plaintiff is owed a total of $9,018.80, plus interest thereon, for unpaid meal and rest periods for this time period.

58.    Thus, the total missed meal and rest period compensation owing Plaintiff for this time period is $55,054.44.

59.    Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

60.    Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts in the combined amount of $55,054.44, pursuant to Labor Code §§512 and 226.7(b), plus interest thereon and costs of suit.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO PROVIDE ITEMIZED WAGE AND HOUR STATEMENTS
## LABOR CODE §§226 ET SEQ.
## AGAINST ALL DEFENDANTS

61.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

-15-

EXHIBIT 10
PAGE 138

62.     Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-exempt employees with itemized statements showing total hours worked, hourly wages, gross wages, total deductions and net wages earned.  An employer who violates these code sections is liable to its employees for the greater of actual damages suffered by the employee, or $50.00 in civil penalties for the initial pay period in which a violation occurred, and $100.00 per employee for each subsequent pay period, up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

63.     In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates Labor Code §226 is subject to a $250.00 civil penalty for the initial pay period in which a violation occurred, and $1,000.00 per employee for each subsequent pay period, with no maximum.

64.     At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  For the majority of the time and as to nearly all of Plaintiff's wages, Defendants knowingly and intentionally, not inadvertently, failed to provide Plaintiff with paystubs at all, and instead paying Plaintiff entirely in cash without any calculations of how Plaintiff's gross wages were calculated.  Not one of the paystubs that Plaintiff received complied with Labor Code §226, and contained almost none of the required information, including hours actually worked.

65.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

66.     This failure has injured Plaintiff, by misrepresenting and depriving Plaintiff of hour, wage, and earnings information to which Plaintiff is entitled, causing Plaintiff difficulty and expense in attempting to reconstruct time and pay records, causing Plaintiff not to be paid wages Plaintiff is entitled to, causing Plaintiff to be unable to rely on earnings statements in dealings with third parties, eviscerating Plaintiff's right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving Plaintiff regarding Plaintiff's entitlement to overtime,

meal period, and rest period wages. For the time periods that Plaintiff was not provided with paystubs at all, Plaintiff's aforementioned injuries are presumed as a matter of law.

67. Plaintiff was paid on a twice monthly basis, and therefore Defendants violated Labor Code §226 numerous times throughout Plaintiff's employment. Consequently, Defendants are liable to Plaintiff for Plaintiff's actual damages in the statutory maximum amount of $4,000.00.

68. Based on Defendants' conduct as alleged herein, Defendants are liable for damages and pursuant to Labor Code §226, and other applicable provisions, as well as attorneys' fees and costs.

## SIXTH CAUSE OF ACTION
## FOR WAITING TIME PENALTIES
## LABOR CODE §§201-203
## AGAINST ALL DEFENDANTS

69. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

70. At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

71. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

72. As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and more than $25,129.20 in wait time penalties, calculated based on 30 days of Plaintiff's daily wage rate of $837.64, inclusive of overtime.

EXHIBIT 10
PAGE 140

73.     Based on Defendants' conduct as alleged herein, Defendants are liable for $25,129.20 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**FOR PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST ALL DEFENDANTS**

74.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

75.     Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of himself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

76.     Plaintiff was an aggrieved employee within the meaning of Labor Code §§2699(c) and 2699.3(a), as Defendants have committed multiple California Labor Code violations against Plaintiff, as previously pleaded in this Complaint.

77.     On December 17, 2019, more than 63 calendar days before filing this Complaint, Plaintiff provided electronic notice to the Labor and Workforce Development Agency and notice by certified mail to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3(a).  These violations included Labor Code §§ 201, 202, 203, 226, 226.7, 226.8, 510, 512, 1174, 1182.12, 1194, 1194.2, and 1197, each of which is enumerated among the serious violations set forth in Labor Code §2699.5.

78.     As of the filing of this Complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants.  Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

79.     As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiff is entitled to civil penalties of $100.00 for each aggrieved employee per pay period for the initial violation, and $200.00 for each aggrieved employee per pay period for each

EXHIBIT 10
PAGE 141

Case 2:20-cv-05008-JEW-KS   Document 1-1   Filed 06/18/20   Page 146 of 214   Page
Case 2:20-cv-05008-W-DOC   Document 1-1   Filed 06/05/20   Page 19 of 22   Page ID #:72
ID #:333

subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly

providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly

provide for a penalty, §§226.3, 226.7, 510, 512, and 558.

80.     These penalties are recoverable in an amount to be determined upon further proof for

Plaintiff and Plaintiff may also seek these same penalties on behalf of all other aggrieved employees.

81.     Plaintiff is also entitled to reasonable attorneys' fees and costs, and 25% of the recovered

civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

## EIGHTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.
## AGAINST ALL DEFENDANTS

82.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as

though set forth in full herein.

83.     Defendants' violations of 8 Code of Regulations §11090, Industrial Welfare Commission

Order No. 9-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5,

2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay

minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants'

failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation

due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete

and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business

& Professions Code §§17200, et seq.

84.     As a result of Defendants' unfair business practices, Defendants have reaped unfair

benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be

made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

85.     Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent

injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore

COMPLAINT FOR DAMAGES

EXHIBIT 10
PAGE 142

to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

### NINTH CAUSE OF ACTION

### FOR FAILURE TO PROVIDE ONE DAY OF REST FOR EVERY WORKWEEK

### (CAL. LABOR CODE §§551 and 552)

### AGAINST ALL DEFENDANTS

86.     Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

87.     At all relevant times, Defendants failed and refused to provide Plaintiff with one day of rest for every workweek in violation of California Labor Code §§ 551, 552.

88.     As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §§ 551, 552, 8 Code of Regulations §11090, and Industrial Welfare Commission Order No. 9-2001.

89.     Cal, Lab. Code § 551 requires that, "Every person employed in any occupation of labor is entitled to one day's rest therefrom in seven."

90.     Cal. Lab. Code § 552 further requires that, "No employer of labor shall cause his employees to work more than six days in seven"

91.     Defendants caused Plaintiff to go without a day of rest when it induced Plaintiff to forego rest to which Plaintiff was entitled to by scheduling or directing Plaintiff to involuntarily work seven days in a row in each workweek without a day of rest. Plaintiff worked more than six (6) hours of work during each shift.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

-20-

COMPLAINT FOR DAMAGES

EXHIBIT 10
PAGE 143

together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For payment of unpaid minimum wage compensation pursuant to Labor Code §§1182.12, 1194, 1194.2, 1197, and Industrial Welfare Commission Order No. 9-2001, in the amount of no less than $130,290.00;

3. For liquidated damages pursuant to Labor Code §1194.2 in the amount of $130,290.00, plus interest;

4. For payment of unpaid overtime and double-time compensation pursuant to Labor Code §§201, 510, 1194, Industrial Welfare Commission Order No. 9-2001, and 8 Code of Regulations §11090, in the amount of no less than $424,755.56;

5. For payment of meal and rest period compensation pursuant to Labor Code §226.7, 512, in the amount of no less than $55,054.44;

6. For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

7. For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less than $25,129.20;

8. For statutory penalties pursuant to Labor Code §2699(f), in an amount according to proof on Plaintiff's own behalf, and similar amounts on behalf of all of Defendants' aggrieved employees, in an amount according to proof;

9. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

10. For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

-21-

EXHIBIT 10
PAGE 144

Case 2:20-cv-05008-JEW-KS   Document 14   Filed 06/18/20   Page 149 of 214   Page
Case 2:20-cv-05008-W   Document 1-2   Filed 06/05/20   Page 22 of 22   Page ID #:7
ID #:336

11.     For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct, misclassification of Plaintiff as exempt, and failure to pay wages and other compensation in accordance with the law;

12.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the Labor Code and/or any other basis;

13.     For post-judgment interest; and

14.     For any other relief that is just and proper.

DATED:  April 3, 2020                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                         **A PROFESSIONAL LAW CORPORATION**

                                         By: _____
                                             Ramin R. Younessi, Esq.
                                             Attorney for Plaintiff
                                             EDGAR TRUJILLO

### **JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED:  April 3, 2020                    **LAW OFFICES OF RAMIN R. YOUNESSI**
                                         **A PROFESSIONAL LAW CORPORATION**

                                         By: _____
                                             Ramin R. Younessi, Esq.
                                             Attorney for Plaintiff
                                             EDGAR TRUJILLO

-22-

COMPLAINT FOR DAMAGES

EXHIBIT 10
PAGE 145

1  Mark F. Lovell, CA Bar No. 246652
   mark.lovell@ogletree.com
2  Shera Y. Kwak, CA Bar No. 329168
   shera.kwak@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA 92626
   Telephone:    714-800-7900
6  Facsimile:    714-754-1298

7  Attorneys for Defendant
   AIRPORT TERMINAL SERVICES, INC.
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF LOS ANGELES

11                           CENTRAL DIVISION

12  EDGAR TRUJILLO                          Case No. 20STCV13293

13              Plaintiff,                  **DEFENDANT AIRPORT TERMINAL
                                            SERVICES, INC.'S ANSWER TO
14       vs.                                PLAINTIFF EDGAR TRUJILLO'S
                                            COMPLAINT**
15  AIRPORT TERMINAL SERVICES, INC., a
    Missouri corporation; and DOES 1 through 20,   [Assigned for all purposes to The Honorable
16  inclusive,                             Richard J. Burdge, Dept. 37]

17              Defendants.

18                                          Action Filed:    April 3, 2020
                                            Trial Date:      None Set
19

20

21

22

23

24

25

26

27

28

43059756_1.docx

                                            1

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant Airport Terminal Services, Inc. ("Defendant") hereby responds to the Complaint filed by Plaintiff Edgar Trujillo ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint including any allegations that Plaintiff or allegedly "aggrieved individuals" Plaintiff purports to represent have been damaged in any way by any act or omission of Defendant, and/or entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## AFFIRMATIVE DEFENSES

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)**

1.      This Court lacks subject matter jurisdiction over this Complaint and/or each cause of action to the extent that Plaintiff failed to timely and/or properly exhaust his administrative remedies as required by applicable law.

## SECOND AFFIRMATIVE DEFENSE

**(Equitable Doctrines of Unclean Hands, Estoppel, Waiver, and Laches)**

2.      Plaintiff's Complaint and/or each cause of action are barred by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

43059756_1.docx

2

Case 2:20-cv-05008-FSW-KS   Document 14   Filed 06/18/20   Page 152 of 214   Page
ID #:339
Case 2:20-cv-08008-DSW-DS   Document 18   Filed 06/05/20   Page 3 of 10   Page ID #:80

**THIRD AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

3.      Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred because Plaintiff unreasonably failed to use Defendant's policies and procedures, the reasonable use of which would have avoided Plaintiff's alleged damages in whole or part.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.      Plaintiff's Complaint and/or each cause of action are barred by Plaintiff's and/or the allegedly "aggrieved employees" failure to mitigate damages as required by law.

**FIFTH AFFIRMATIVE DEFENSE**

**(Uncertainty of the Pleading)**

5.      Plaintiff's Complaint and/or each cause of action are barred because Plaintiff fails to plead material allegations with requisite certainty.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unjust Penalties Barred)**

6.      Plaintiff's prayer for penalties under the *Labor Code* is barred to the extent that such penalties would be unjust, arbitrary, oppressive, or confiscatory.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Release)**

7.      Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" have previously settled or released any of the claims alleged in Plaintiff's Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

8.      Plaintiff's Complaint and/or each cause of action are barred because Defendant did not willfully, knowingly, or intentionally fail to comply with the provisions of the California *Labor Code* but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

43059756_1.docx

3

## NINTH AFFIRMATIVE DEFENSE

### (Standing)

9. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" lack standing.

## TENTH AFFIRMATIVE DEFENSE

### (Good-Faith Dispute)

10. Plaintiff's claim(s) for penalties under California *Labor Code* are barred because a good faith dispute exists as to whether any penalties are were or are due.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exemption/Exclusion)

11. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff and/or the allegedly "aggrieved employees" are exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

## TWELFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Violations)

12. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that they are based on alleged *de minimis* violations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

13. The Complaint and/or each cause of action are barred by the applicable statute of limitations, including but not limited to, California *Code of Civil Procedure* sections 335.1, 337, 338, 339, 340, and 343, and California *Business and Professions Code* section 17208.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

14. The Complaint and each cause of action alleged therein are barred because if any person or other entity engaged in intentional, willful, or unlawful conduct as alleged in Plaintiff's Complaint, he, she or it did so without the knowledge, authorization, or ratification of Defendant.

/ / /

43059756_1.docx

4

Case 2:20-cv-05008-JFW-KS   Document 14   Filed 06/18/20   Page 154 of 214   Page
Case 2:20-cv-05008-JFW-KS   Document 18   Filed 06/09/20   Page 5 of 10   Page ID #:82
ID #:341

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.     If any damages have been sustained by Plaintiff and/or the allegedly "aggrieved employees," although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or the allegedly "aggrieved employees" owed to Defendant against any judgment that may be entered against Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Violations)

16.     The Plaintiff and/or allegedly "aggrieved employees" are not entitled to any premium wages under Cal. *Labor Code* §§ 226.7, 512, or any other provision of the California *Labor Code*, because the Plaintiff and/or allegedly "aggrieved employees" were at all times provided, authorized and permitted to take meal breaks and rest breaks as provided by law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Meal/Rest Waivers)

17.     Plaintiff's and/or the allegedly "aggrieved employees'" claims are barred, in whole or in part, by the waiver of the right to meal and/or rest breaks in accordance with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Standing Under Cal. Bus. & Prof. Code §§ 17200)

18.     Plaintiff lacks standing to bring this Complaint because, pursuant to Section 17200 of the *Business & Professions Code*, Plaintiff did not suffer any injury in fact, and has not lost money or property as a result of alleged unfair competition by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

19.     Plaintiff's claim for injunctive relief (if any) is improper as there is an adequate remedy at law.

/ / /

/ / /

43059756_1.docx

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO
PLAINTIFF EDGAR TRUJILLO'S COMPLAINT

EXHIBIT 10
PAGE 150

Case 2:20-cv-05008-JFW-KS   Document 14   Filed 06/18/20   Page 155 of 214   Page
ID #:342
Case 2:20-cv-05008-JFW   Document 13   Filed 06/05/20   Page 6 of 10   Page ID #:85

## TWENTIETH AFFIRMATIVE DEFENSE

### (PAGA/Due Process/Equal Protection)

20.     The imposition of penalties against Defendant under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) would violate the due process clauses of both the California and United States Constitutions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (PAGA/Standing)

21.     Plaintiff's claims for civil penalties under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) are barred because Plaintiff lacks standing to pursue such a claim, either in his respective individual or representative capacities.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (PAGA/Equitable Reduction)

22.     Any penalties available to Plaintiff under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*) is subject to equitable reduction pursuant to *Labor Code* section 2699(e)(2), on the grounds that awarding the maximum available penalty would be unjust, arbitrary and oppressive and confiscatory.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Not Adequate Representatives)

23.     Plaintiff and his counsel are not adequate representatives of those he purports to represent under The Labor Code Private Attorneys General Act (*Labor Code* section 2699 *et seq.*).

## ADDITIONAL AFFIRMATIVE DEFENSES

### (Reservation of Rights)

24.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses apply.

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant, and against Plaintiff;

2.     That Plaintiff's Complaint be dismissed in its entirety with prejudice;

43059756_1.docx

6

Case 2:20-cv-05008-JFW-KS Document 14 Filed 06/18/20 Page 156 of 214 Page
ID #:343
Case 2:20-cv-05008-JFW-KS Document 1-8 Filed 06/05/20 Page 7 of 10 Page ID #:87

1    3.    That Defendant be awarded the costs of suit; and

2    4.    For such other and further relief as the Court deems just and proper.

3

4    DATED: June 4, 2020

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: _____
Mark F. Lovell
Shera Y. Kwak

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

43059756_1.docx

7

**PROOF OF SERVICE**

*Edgar Trujillo vs. Airport Terminal Services, Inc., et al.*
Case No. 20STCV13293

      I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

      On June 4, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO PLAINTIFF EDGAR TRUJILLO'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

        ☐   the written confirmation of counsel in this action:

        ☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the

43059756_1.docx

8

documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 4, 2020, at Costa Mesa, California.

_____
Lisa Sles

DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S ANSWER TO
PLAINTIFF EDGAR TRUJILLO'S COMPLAINT

EXHIBIT 10
PAGE 154

43059756_1.docx

1

## SERVICE LIST

2

3    Ramin R. Younessi, Esq.                    Attorneys for Plaintiff Edgar Trujillo
     LAW OFFICES OF RAMIN R. YOUNESSI
4    A PROFESSIONAL LAW CORPORATION
     3435 Wilshire Blvd., Suite 2200
5    Los Angeles, CA  90010
     Telephone:    213-480-6200
6    Facsimile:    213-4806201

7

8                                                                              43059756.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

43059756_1.docx   27

28

---

10

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Edgar Trujillo, | Airport Terminal Services, Inc., a Missouri corporation; and DOES 1 through 20, inclusive |

| (b) County of Residence of First Listed Plaintiff Los Angeles | County of Residence of First Listed Defendant Out of State |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |

| (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. | Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information. |
|---|---|
| Ramin R. Younessi, No: 175020 Law Offices of Ramin Younessi (310) 531-1900 3435 Wilshire Blvd., Suite 2200 Los Angeles, CA 90010 | Mark F. Lovell, No: 246652 Shera Y. Kwak, No: 329168 Ogletree, Deakins, Nash, Smoak et al (714) 800-7900 695 Town Center Drive, Suite 1500 Costa Mesa, CA 92626 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332, 1441, 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent – Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY: | Case Number: 2:20-cv-5008 |
|---|---|



American LegalNet, Inc.
www.FormsWorkFlow.com

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes   ☒ No | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)  *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.  Orange County | B.  Riverside or San Bernardino County | C.  Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION.  Enter "Southern" in response to Question E, below, and continue from there.  If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION.  Enter "Eastern" in response to Question E, below.  If "no," your case will be assigned to the WESTERN DIVISION.  Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | **WESTERN** |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | | ☐ Yes   ☒ No |

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT 40
PAGE 157

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor
if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** /S/ Shera Y. Kwak                    DATE: June 5, 2020

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT 10
PAGE 158

Case 2:20-cv-05008-JFW-KS Document 14-1 Filed 06/18/20 Page 163 of 214 Page
ID #:350
Case 2:20-cv-05008-KS Document 2 Filed 06/08/20 Page 4 of 69 Page ID #:91 Page
ID #:350

# PROOF OF SERVICE

*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-5008

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 5, 2020, I served the following document(s):

## CIVIL COVER SHEET

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐   **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐   **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

      ☐   the written confirmation of counsel in this action:

      ☐   <span style="color:red">[Federal Court]</span> the written confirmation of counsel in this action and order of the court:

43080544_1.docx

1

PROOF OF SERVICE

Case 2:20-cv-05008-JFW-KS Document 14-1 Filed 06/18/20 Page 164 of 214 Page
Case 2:20-cv-05008-KS Document 2 Filed 06/09/20 Page 5 of 69 Page ID #:92 Page
ID #:351

**BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 5, 2020, at Costa Mesa, California.

_____
Lisa Sles

**SERVICE LIST**

Ramin R. Younessi, Esq.                          Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA 90010
Telephone: 213-480-6200
Facsimile: 213-4806201
ryounessi@younessilaw.com

43080544.1

43080544_1.docx

Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant AIRPORT TERMINAL
SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR TRUJILLO<br><br>                    Plaintiff,<br><br>          v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive<br><br>                    Defendants. | Case No. 2:20-cv-5008<br><br>**CERTIFICATE OF INTERESTED PARTIES FILED IN COMPLIANCE WITH LOCAL RULE 7.1-1 IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Notice of Removal; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Brandy Wallace; and Notice of Related Cases]*<br><br>State Court<br>Action Filed:        April 3, 2020<br>Trial Date:          None Set |

43047038_1.docx

CERTIFICATE OF INTERESTED PARTIES IN COMPLIANCE WITH LOCAL
RULE 7.1-1 ISO DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT C
PAGE 162

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Local Rule 7.1-1, the undersigned counsel of record for Defendant Airport Terminal Services, Inc.'s ("Defendant"), certifies that the following listed parties may have a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualifications or recusal.

The interested parties include:

1.  Plaintiff, Edgar Trujillo; and

2.  Defendant, Airport Terminal Services, Inc.


DATED: June 5, 2020        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Shera Y. Kwak
Mark F. Lovell
Shera Y. Kwak
Attorneys for Defendant AIRPORT TERMINAL SERVICES, INC.

43047038_1.docx

---

1

Case No. 2:20-cv-5008

CERTIFICATE OF INTERESTED PARTIES IN COMPLIANCE WITH LOCAL RULE 7.1-1 ISO DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT C
PAGE 163

# PROOF OF SERVICE
*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-5008

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

    On June 5, 2020, I served the following document(s):

**CERTIFICATE OF INTERESTED PARTIES FILED IN COMPLIANCE WITH LOCAL RULE 7.1-1 IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐    **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

    ☐    the written confirmation of counsel in this action:

43047038_1.docx

1     ☐    [Federal Court] the written confirmation of counsel in this action and order of the court:

2

3 ☐    **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

4

5 ☒    **(Federal)**    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

6

7

8 ☐    **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

9

10      I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

11

12      Executed on June 5, 2020, at Costa Mesa, California.

13

14

15

16

17                    Lisa Sles

18

19

20

21

22

23

24

25

26

27    43047038_1.docx

28

CERTIFICATE OF INTERESTED PARTIES IN COMPLIANCE WITH LOCAL RULE 7.1-1 ISO DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT C
PAGE 165

# SERVICE LIST

Ramin R. Younessi, Esq.                    Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:   213-4806201
ryounessi@younessilaw.com

43047038.1

43047038_1.docx

Case No. 2:20-cv-5008

CERTIFICATE OF INTERESTED PARTIES IN COMPLIANCE WITH LOCAL
RULE 7.1-1 ISO DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT C
PAGE 166

Case 2:20-cv-05008-JFW-KS   Document 4   Filed 06/18/20   Page 171 of 214   Page
ID #:358
Case 2:20-cv-05008   Document 1   Filed 06/05/20   Page 1 of 39   Page ID #:99

1  Mark F. Lovell CA Bar No. 246652
   mark.lovell@ogletree.com
2  Shera Y. Kwak CA Bar No. 329168
   shera.kwak@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:  714-800-7900
6  Facsimile:   714-754-1298

7  Attorneys for Defendant AIRPORT TERMINAL
   SERVICES, INC.

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11 EDGAR TRUJILLO                    | Case No. 2:20-cv-5008

12        Plaintiff,                 | **CORPORATE DISCLOSURE
                                     | STATEMENT PURSUANT TO
13        v.                         | FRCP 7.1 IN SUPPORT OF
                                     | DEFENDANT AIRPORT TERMINAL
14 AIRPORT TERMINAL SERVICES,        | SERVICES, INC.'S NOTICE OF
   INC., a Missouri corporation; and | REMOVAL OF CIVIL ACTION
15 DOES 1 through 20, inclusive
                                     | **[DIVERSITY JURISDICTION]**
16        Defendants.
                                     | *[Filed concurrently with Notice of
17                                   | Removal; Civil Cover Sheet; Certificate of
                                     | Interested Parties; Declaration of Brandy
18                                   | Wallace; and Notice of Related Cases]*

19                                   | State Court
                                     | Action Filed:     April 3, 2020
20                                   | Trial Date:        None Set

21

22

23

24

25

26

43047003_1.docx
27

28

                                                        Case No. 2:20-cv-5008
─────────────────────────────────────────────────────────────
CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 IN
SUPPORT OF DEFENDANT' SNOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

In accordance with Federal Rule of Civil Procedure, Rule 7.1, Defendant Airport Terminal Services, Inc. hereby files its Corporate Disclosure statement as follows:

Airport Terminal Services, Inc. is a privately held corporation. Airport Terminal Services, Inc. has no parent corporation, and there is no publicly held company or investment fund that holds a 10% or more ownership interest in Airport Terminal Services, Inc.

DATED: June 5, 2020          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: /s/ Shera Y. Kwak
Mark F. Lovell
Shera Y. Kwak
Attorneys for Defendant AIRPORT TERMINAL SERVICES, INC.

43047003_1.docx

CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 IN SUPPORT OF DEFENDANT' SNOTICE OF REMOVAL OF CIVIL ACTION

Case 2:20-cv-05008-FLW-KS Document 14 Filed 06/18/20 Page 173 of 214 Page
Case 2:20-cv-05008-FLW-KS Document 1 Filed 06/05/20 Page 3 of 3 Page ID #:101 Page
ID #:360

# PROOF OF SERVICE
### *Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
### Case No. 2:20-cv-5008

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 5, 2020, I served the following document(s):

**CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

43047003_1.docx

2    Case No. 2:20-cv-5008
CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 IN
SUPPORT OF DEFENDANT' SNOTICE OF REMOVAL OF CIVIL ACTION
EXHIBIT 10
PAGE 169

Case 2:20-cv-05008-FLA-KS Document 14 Filed 06/18/20 Page 174 of 214 Page
ID #:361
Case 2:20-cv-05008-FLA-KS Document 4 Filed 06/05/20 Page 4 of 5 Page ID #:102

☐     [Federal Court] the written confirmation of counsel in this action and order of the court:

☐   **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐   **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 5, 2020, at Costa Mesa, California.

_____

Lisa Sles

CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 IN SUPPORT OF DEFENDANT' SNOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 9
PAGE 170

43047003_1.docx

Case 2:20-cv-05008-FLA-KS Document 4-4 Filed 06/18/20 Page 175 of 214 Page
ID #:362
Case 2:20-cv-05008-FLA-KS Document 1-4 Filed 06/05/20 Page 5 of 5 Page ID #:103 Page

# SERVICE LIST

Ramin R. Younessi, Esq.                 Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:   213-4806201
ryounessi@younessilaw.com

43047003.1

43047003_1.docx

CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 IN
SUPPORT OF DEFENDANT' SNOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 9
PAGE 171

1  Mark F. Lovell CA Bar No. 246652
   mark.lovell@ogletree.com
2  Shera Y. Kwak CA Bar No. 329168
   shera.kwak@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA  92626
   Telephone:   714-800-7900
6  Facsimile:   714-754-1298

7  Attorneys for Defendant AIRPORT TERMINAL
   SERVICES, INC.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  EDGAR TRUJILLO                    Case No. 2:20-cv-5008

12          Plaintiff,               **DECLARATION OF BRANDY
                                      WALLACE IN SUPPORT OF
13      v.                            DEFENDANT AIRPORT TERMINAL
                                      SERVICES, INC.'S NOTICE OF
14  AIRPORT TERMINAL SERVICES,        REMOVAL OF CIVIL ACTION**
    INC., a Missouri corporation; and
15  DOES 1 through 20, inclusive      *[Filed concurrently with Notice of
                                      Removal; Civil Cover Sheet; Corporate
16          Defendants.               Disclosure Statement; Certificate of
                                      Interested Parties; and Notice of Related
17                                    Cases]*

18

19                                    State Court
                                      Action Filed:    April 3, 2020
20                                    Trial Date:      None Set

21

22

23

24

25

26

27  43045360_1.docx

28

## DECLARATION OF BRANDY WALLACE

I, Brandy Wallace, certify and declare as follows:

1.     I am currently employed by Airport Terminal Services, Inc. ("ATS") as the Vice President of Employee Services.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to these facts under oath.  In my position, I am familiar with and have personal knowledge of ATS's corporate organization, operations, policy-making procedures, workforce distribution, general business affairs, and employee personnel information. I submit this declaration in support of ATS's Notice of Removal.

2.     At the time the complaint was filed and served, ATS was, and still is, incorporated in the State of Missouri.  ATS has not been incorporated in California. ATS's principal place of business, and the location from which its high-level officers direct, control and coordinate the corporation's activities, was at the time the Complaint was filed, and still is, located at the company's headquarters in Saint Louis, Missouri.

3.     The high-level corporate officers for ATS, such as the Chief Executive Officer and Chairman of the Board, President and Chief Operating Officer, General Counsel, Chief Financial Officer, highest ranking human resources employee, and highest ranking marketing employee have their offices located at the corporate headquarters in Saint Louis, Missouri.  These high-level corporate officers located in Saint Louis, Missouri are responsible for the direction, control and coordination of the activities covered by their respective offices.

4.     ATS, by and through its high ranking officers and their supporting management personnel whose offices are also located in Saint Louis, Missouri, direct, control and coordinate activities which include, but are not limited to, the following: (1) matters relating to the financing of ATS's operations; (2) advertising and marketing, including media relations; (3) directing general business strategy and operation; (4) compliance with state and federal laws and legal services associated

43045360_1.docx

1

Case No. 2:20-cv-5008

DECLARATION OF BRANDY WALLACE IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 10
PAGE 173

with such matters; and (5) the size and composition of ATS's workforce. The books and records relating to these, and other matters which are directed, controlled, and coordinated from the headquarters offices in Saint Louis, Missouri are maintained at the corporate headquarters.

5.      ATS does business in a number of states and does not conduct the substantial predominance of its business in any single state.

6.      In the regular course of business, ATS maintains personnel records regarding its employees.  I am familiar with these records and have access to them in connection with my job responsibilities.  I have reviewed Edgar Trujillo's personnel records, and from those records, I observed the following:

7.      According to ATS's records, ATS employed Mr. Trujillo in California from on or around April 18, 2014 to on or around January 31, 2019.  According to ATS's records, he has never worked at a location outside California.  Based upon my review of the applicable corporate and business records, Mr. Trujillo has resided in California since his employment began in April 18, 2014 and his last-known home address indicates he currently resides in California.

8.      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 5, 2020, in Saint Louis, Missouri.


_____
Brandy Wallace

43045360_1.docx

DECLARATION OF BRANDY WALLACE IN SUPPORT OF DEFENDANT AIRPORT TERMINAL
SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 10
PAGE 174

**PROOF OF SERVICE**
*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-5008

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 5, 2020, I served the following document(s):

**DECLARATION OF BRANDY WALLACE IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

43045360_1.docx

3

Case No. 2:20-cv-5008

DECLARATION OF BRANDY WALLACE IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 10
PAGE 175

☐       [Federal Court] the written confirmation of counsel in this action and order of the court:

☐   **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒   **(Federal)**    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐   **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 5, 2020, at Costa Mesa, California.

_____
Lisa Sles

43045360_1.docx

---

4

Case No. 2:20-cv-5008

DECLARATION OF BRANDY WALLACE IN SUPPORT OF DEFENDANT AIRPORT TERMINAL
SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 10
PAGE 176

Case 2:20-cv-05008-FLA-KS   Document 14   Filed 06/18/20   Page 181 of 214   Page
ID #:368
Case 2:20-cv-05008-FLA-KS   Document 5   Filed 06/05/20   Page 6 of 6   Page ID #:109

# SERVICE LIST

| | |
|---|---|
| Ramin R. Younessi, Esq.<br>LAW OFFICES OF RAMIN R.<br>YOUNESSI<br>A PROFESSIONAL LAW<br>CORPORATION<br>3435 Wilshire Blvd., Suite 2200<br>Los Angeles, CA  90010<br>Telephone:  213-480-6200<br>Facsimile:   213-4806201<br>ryounessi@younessilaw.com | Attorneys for Plaintiff Edgar Trujillo |

43045360.1

43045360_1.docx

Case No. 2:20-cv-5008

DECLARATION OF BRANDY WALLACE IN SUPPORT OF DEFENDANT AIRPORT TERMINAL
SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 10
PAGE 177

1  Mark F. Lovell CA Bar No. 246652
   mark.lovell@ogletree.com
2  Shera Y. Kwak CA Bar No. 329168
   shera.kwak@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  Park Tower, Fifteenth Floor
   695 Town Center Drive
5  Costa Mesa, CA 92626
   Telephone:  714-800-7900
6  Facsimile:   714-754-1298

7  Attorneys for Defendant AIRPORT TERMINAL
   SERVICES, INC.

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | EDGAR TRUJILLO | Case No. 2:20-cv-5008 |

12 |                | **NOTICE OF RELATED CASES** |
   |     Plaintiff, | **PURSUANT TO LOCAL RULE 83** |
13 |                | **1.3.1 IN SUPPORT OF DEFENDANT** |
   |     v.         | **AIRPORT TERMINAL SERVICES,** |
14 |                | **INC.'S NOTICE OF REMOVAL OF** |
   | AIRPORT TERMINAL SERVICES, | **CIVIL ACTION** |
15 | INC., a Missouri corporation; and |  |
   | DOES 1 through 20, inclusive | **[DIVERSITY JURISDICTION]** |
16 |                | |
   |     Defendants. | *[Filed concurrently with Notice of* |
17 |                | *Removal; Civil Cover Sheet; Certificate of* |
   |                | *Interested Parties; Corporate Disclosure* |
18 |                | *Statement; and Declaration of Brandy* |
   |                | *Wallace]* |
19 |                | |
20 |                | State Court |
   |                | Action Filed:    April 3, 2020 |
21 |                | Trial Date:      None Set |

22

23

24

25

26

27  43047187_1.docx

28

NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83 1.3.1
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 10
PAGE 178

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

      **NOTICE IS HEREBY GIVEN THAT**, pursuant to Local Rule 83-1.3.1, there are no related cases previously filed or currently pending before the United States District Court for the Central District of California.

DATED:  June 5, 2020          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Shera Y. Kwak
     Mark F. Lovell
     Shera Y. Kwak
     Attorneys for Defendant AIRPORT TERMINAL SERVICES, INC.

43047187_1.docx

EXHIBIT 10
PAGE 179

Case 2:20-cv-05008-FLA-KS Document 14 Filed 06/18/20 Page 184 of 214 Page
Case 2:20-cv-05008-JGB Document 6 Filed 06/05/20 Page 3 of 5 Page ID #:112 Page
ID #:371

# PROOF OF SERVICE

*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-5008

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On June 5, 2020, I served the following document(s):

**NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83 1.3.1 IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

43047187_1.docx

Case 2:20-cv-05008-FLA-KS Document 14 Filed 06/18/20 Page 185 of 214 Page
Case 2:20-cv-05008-FLA-KS Document 6 Filed 06/05/20 Page 4 of 39 Page ID #:113 Page
ID #:372

☐   [Federal Court] the written confirmation of counsel in this action and order of the court:

☐   **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐   **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on June 5, 2020, at Costa Mesa, California.

_____
Lisa Sles

3

Case No. 2:20-cv-5008

NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83 1.3.1
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION
EXHIBIT 10
PAGE 181

Case 2:20-cv-05008-FLA-KS Document 14 Filed 06/18/20 Page 186 of 214 Page
Case 2:20-cv-05008-FLA-KS Document 6 Filed 06/05/20 Page 5 of 5 Page ID #:114 Page
ID #:373

# SERVICE LIST

Ramin R. Younessi, Esq.
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:   213-4806201
ryounessi@younessilaw.com

Attorneys for Plaintiff Edgar Trujillo

43047187.1

43047187_1.docx

NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 83 1.3.1
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

EXHIBIT 10
PAGE 182

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

District Judge  **John F. Walter**
Magistrate Judge  **Karen L. Stevenson**

The case number on all documents filed with the Court should read as follows:

### 2:20–cv–05008 JFW (KSx)

District judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. Discovery-related motions should be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

_June 5, 2020_
Date

By  _/s/ Edwin Sambrano_
Deputy Clerk

---

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

---

CV-18 (08/19)          **NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES**

EXHIBIT 10
PAGE 183

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR TRUJILLO <br><br> Plaintiff(s) <br><br> v. <br><br> AIRPORT TERMINAL SERVICES, INC., et al. <br><br> Defendant(s). | CASE NUMBER: <br><br> 2:20–cv–05008–JFW–KS <br><br><br> **NOTICE TO PARTIES OF** <br> **COURT–DIRECTED ADR PROGRAM** |

## NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

  June 5, 2020  
Date

By  /s/ *Edwin Sambrano*  
Deputy Clerk

---

EXHIBIT 10
PAGE 184

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
## AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come to the initial scheduling conference prepared to discuss the parties' choice of ADR option. The ADR options available are: a settlement conference before the magistrate judge assigned to the case or the magistrate judge in Santa Barbara, the Court Mediation Panel, and private mediation. Counsel are also required to indicate the client's choice of ADR option in advance of the initial scheduling conference. *See* L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Each year thousands of civil cases are filed in this district, yet typically no more than one percent go to trial. Most cases are settled between the parties, voluntarily dismissed, resolved through Court-directed or other forms of ADR, or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

EXHIBIT 10
PAGE 185

**Sles, Lisa K.**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Monday, June 8, 2020 8:35 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:20-cv-05008-JFW-KS Edgar Trujillo v. Airport Terminal Services, Inc. et al Text Only Scheduling Notice |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 6/8/2020 at 8:35 AM PDT and filed on 6/8/2020

| | |
|---|---|
| **Case Name:** | Edgar Trujillo v. Airport Terminal Services, Inc. et al |
| **Case Number:** | 2:20-cv-05008-JFW-KS |
| **Filer:** | |
| **Document Number:** | 9(No document attached) |

**Docket Text:**

**TEXT ONLY ENTRY ORDER DISMISSING DOES: Pursuant to Local Rule 19-1, no complaint or petition shall be filed that includes more than ten Doe or fictitiously named parties. Accordingly, the Court hereby dismisses the action as to Doe Defendants 11 through 20, inclusive.THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (sr) TEXT ONLY ENTRY**

**2:20-cv-05008-JFW-KS Notice has been electronically mailed to:**

Mark Franklin Lovell    mark.lovell@ogletreedeakins.com, diane.vo@ogletreedeakins.com

Ramin R Younessi    ryounessi@younessilaw.com, epineda@younessilaw.com

Shera Y Kwak    shera.kwak@ogletreedeakins.com, lisa.sles@ogletree.com

**2:20-cv-05008-JFW-KS Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

EXHIBIT 10
PAGE 186

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Edgar Trujillo,                          ) Case No. **CV 20-5008-JFW(KSx)**
                                         )
                    Plaintiff,           ) **STANDING ORDER**
                                         )
          v.                             )
                                         )
Airport Terminal Services,               )
Inc., et al.,                            )
                                         )
                    Defendants.          )
_____)

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge John F. Walter.  Both the Court and counsel[1] bear responsibility for the progress of litigation in Federal Court.  To secure the just, speedy, and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of the Central District of

_____

[1]Any reference in the Court's Standing Order (or any other court order) to "counsel" or "attorney" applies to parties appearing pro se unless the context requires otherwise.

EXHIBIT 10
PAGE 187

1  California, the General Orders of the Central District and
2  the Judge's Procedures and Schedules found on the website
3  for the United States District Court for the Central District
4  of California (www.cacd.uscourts.gov).

5  **1.   Service of the Complaint:**

6      The plaintiff shall promptly serve the Complaint in
7  accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of
8  service pursuant to the Local Rules.  **The plaintiff is hereby**
9  **notified that failure to serve the Complaint as required by**
10 **Fed.R.Civ.P. 4(m) will result in the dismissal of the**
11 **Complaint against the unserved defendant(s).**

12 **2.   Presence of Lead Counsel:**

13     Lead trial counsel shall attend all proceedings before
14 this Court and all Local Rule 7-3, scheduling, status, and
15 settlement conferences.  Only ONE attorney for a party may be
16 designated as lead trial counsel unless otherwise permitted
17 by the Court.

18 **3.   Electronic Filing and Courtesy Copies:**

19     (a) Within ten days of a party's initial appearance, lead
20 trial counsel shall file a declaration entitled, "Declaration
21 of Lead Trial Counsel" which shall: (1) notify the Court that
22 counsel has registered as an "CM/ECF User;" (2) include lead
23 counsel's "E-Mail Address of Record;" and (3) confirm that
24 lead counsel has read the Court's Standing Order and the
25 Local Rules.

26     (b) All documents that are required to be filed in an
27 electronic format pursuant to the Local Rules shall be filed
28 electronically no later than 4:00 p.m. on the date due unless

2

EXHIBIT 10
PAGE 188

1  otherwise ordered by the Court.  Any documents filed
2  electronically after 4:00 p.m. on the date due will be
3  considered late and may be stricken by the Court.  All
4  documents filed electronically shall be filed in accordance
5  with the Local Rule 5-4.  Each PDF file shall contain no more
6  than one document.  *See* Local Rule 5-4.3.1. Any documents
7  which counsel attempt to file electronically which are
8  improperly filed will not be accepted by the Court.

9      (c) Counsel are ORDERED to deliver **2 copies** of all
10  documents filed electronically in this action to Chambers.
11  For each document filed electronically, one copy shall be
12  marked "CHAMBERS COPY" and the other copy shall be marked
13  "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are
14  collectively referred to herein as "Courtesy Copies." The
15  Courtesy Copies of each electronically filed document must
16  include on each page the running header created by the ECF
17  system.  In addition, on the first page of each Courtesy
18  Copy, in the space between lines 1 - 7 to the right of the
19  center, counsel shall include the date the document was
20  e-filed and the document number. The Courtesy Copies shall be
21  single-sided and shall <u>not</u> be blue-backed. All documents must
22  be stapled only in the top left-hand corner, the electronic
23  proof of service must be attached as the last page of each
24  document, and the exhibits attached to any document must be
25  tabbed.  Counsel shall not staple the "COURTESY COPY" and
26  "CHAMBERS COPY" together. The "COURTESY COPY" and "CHAMBERS
27  COPY" of all documents must be three-hole punched at the left
28  / / /

EXHIBIT 10
PAGE 189

1  margin with oversized 13/32" hole size, not the standard

2  9/32" hole size.  If evidence attached to a document exceeds

3  twenty-five pages, the Courtesy Copies of the evidence shall

4  be placed in separately bound volumes and include a Table of

5  Contents.  If such evidence exceeds fifty pages, the Courtesy

6  Copies of such evidence shall be placed in a slant D-ring

7  binder with each item of evidence separated by a tab divider

8  on the right side. All documents contained in the binder must

9  be three hole punched with the oversized 13/32" hole size,

10 not the standard 9/32" hole size.  The binder shall include a

11 Table of Contents and the spine of the binder shall be

12 labeled with its contents.

13      The Courtesy Copies shall be delivered to Chambers no

14 later than 10:00 a.m. on the next business day after the

15 document was electronically filed.

16      (d) For any document that is not required to be filed

17 electronically, counsel are ORDERED to deliver 1 conformed

18 copy of the document, which shall be marked "COURTESY COPY,"

19 to Chambers **at the time of filing**. For any document or

20 exhibit that is not required to be filed electronically,

21 counsel shall retain a copy of that document or exhibit until

22 all appeals have been exhausted.

23      (e)  If the Court has granted an application to file

24 documents under seal, the Court's Courtesy Copies shall

25 include a complete version of the documents including any

26 sealed documents. Each document that has been filed under

27 seal shall include a notation identifying that the document

28 has been filed under seal, and shall be highlighted to show

4

EXHIBIT 10
PAGE 190

 1   the portion of the document that has been redacted. For
 2   example, if the Court orders Ex. A to a Declaration filed
 3   under seal, the Court's Courtesy Copies of the Declaration
 4   should include Ex. A as an attachment with a notation that it
 5   has been filed under seal pursuant to the Court's order and
 6   any redactions shall be highlighted.

 7        (f)  In the unlikely event counsel finds it necessary to
 8   file a Notice of Errata: (1) the Notice of Errata shall
 9   specifically identify each error by page and line number and
10   set forth the correction; and (2) a corrected version of the
11   document in its entirety shall be attached to the Notice of
12   Errata.

13        (g) When a proposed order accompanies an electronic
14   filing, a WordPerfect or Word copy of the proposed order,
15   along with a copy of the PDF electronically filed main
16   document shall be e-mailed to JFW_Chambers@cacd.uscourts.gov.
17   The subject line of the e-mail shall be in the following
18   format: court's divisional office, year, case type, case
19   number, document control number assigned to the main document
20   at the time of filing, judge's initials and filer (party)
21   name.  Failure to comply with this requirement may result in
22   the denial or striking of the request or the Court may
23   withhold ruling on the request until the Court receives the
24   required documents.

25   **4.   <u>Discovery</u>:**

26        (a) All discovery matters have been referred to a United
27   States Magistrate Judge.  (The Magistrate Judge's initials
28   follow the Judge's initials next to the case number.)  All

5

EXHIBIT 10
PAGE 191

1  discovery documents must include the words "DISCOVERY MATTER"
2  in the caption to ensure proper routing.  Counsel are
3  directed to contact the Magistrate Judge's Courtroom Deputy
4  to schedule matters for hearing.

5      All decisions of the Magistrate Judge shall be final,
6  subject to modification by the District Court only where it
7  is shown that the Magistrate Judge's Order is clearly
8  erroneous or contrary to law.  Any party may file and serve a
9  motion for review and reconsideration before this Court.  The
10 moving party must file and serve the motion within fourteen
11 calendar days of service of a written ruling or within
12 fourteen calendar days of an oral ruling that the Magistrate
13 Judge states will not be followed by a written ruling.  The
14 motion must specify which portions of the ruling are clearly
15 erroneous or contrary to law and support the contention with
16 a memorandum of points and authorities.  Counsel shall
17 deliver a courtesy copy of the moving papers and responses to
18 the Magistrate Judge.

19     (b) Counsel shall begin to actively conduct discovery
20 before the Fed.R.Civ.P. 26(f) conference because at the
21 Scheduling Conference the Court will impose tight deadlines
22 to complete discovery.

23 **5.  Motions:**

24     **(a) Time for Filing and Hearing Motions:**

25     Motions shall be filed in accordance with the Local
26 Rules.  This Court hears motions on **Mondays commencing at**
27 **1:30 p.m.**  Once a party has noticed a motion for hearing on a
28 particular date, the hearing shall not be continued without

6

EXHIBIT 10
PAGE 192

leave of Court.  No supplemental briefs shall be filed
without leave of Court.  Courtesy Copies shall be provided to
the Court in accordance with paragraph 3 of this Order.  No
motion shall be noticed for hearing for more than 35 calendar
days after service of the motion unless otherwise ordered by
the Court.  Documents not filed in compliance with the
Court's requirements will be stricken and will not be
considered by the Court.

   **(b) Local Rule 7-3:**

   Among other things, Local Rule 7-3 requires counsel to
engage in a pre-filing conference to discuss thoroughly the
substance of the contemplated motion and any potential
resolution.  Counsel should discuss the issues with
sufficient detail so that if a motion is still necessary, the
briefing may be directed to those substantive issues
requiring resolution by the Court.

   Many motions to dismiss or to strike could be avoided if
the parties confer in good faith especially for perceived
defects in a Complaint, Answer, or Counterclaim which could
be corrected by amendment.  *See, e.g., Eminence Capital, LLC
v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a
motion to dismiss is granted, a district court should provide
leave to amend unless it is clear that the Complaint could
not be saved by any amendment).  The Ninth Circuit requires
that this policy favoring amendment be applied with "extreme
liberality."  *Morongo Band of Mission Indians v. Rose*, 893
F.2d 1074, 1079 (9th Cir. 1990).
/ / /

7

EXHIBIT 10
PAGE 193

Case 2:20-cv-05008-JFW-KS Document 14 Filed 06/18/20 Page 198 of 214 Page
Case 2:20-cv-05008-JFW-KS Document 14 Filed 06/08/20 Page 3 of 28 Page ID #:125
ID #:385

1    These principles require counsel for the plaintiff to
2  carefully evaluate the defendant's contentions as to the
3  deficiencies in the Complaint, and in most instances, the
4  moving party should agree to any amendment that would cure a
5  curable defect.  Counsel should, at the very least, resolve
6  minor procedural or other nonsubstantive matters during the
7  conference.

8    All 7-3 conferences shall be conducted **in person** by lead
9  counsel.  If lead counsel are not located in the same county
10 in the Central District of California, the conference may
11 take place via a communication method that, at a minimum,
12 allows all parties to be in realtime communication (letters
13 and e-mail, for example, do not constitute a proper 7-3
14 conference).

15    Notwithstanding the exception for preliminary injunction
16 motions in Local Rule 7-3, counsel contemplating filing a
17 preliminary injunction motion shall comply with Local Rule 7-
18 3 and meet and confer **in person** at least five days prior to
19 the filing of such a motion. The pro se status of one or more
20 parties does not excuse compliance with Local Rule 7-3.

21    Within three days of the conference, counsel shall file a
22 joint statement indicating the date of, duration of, and
23 method of communication used during the conference and the
24 participants in the conference.  In addition, the joint
25 statement shall detail the issues discussed and resolved
26 during the conference and the issues remaining.  Failure to
27 strictly comply with the Court's requirements or Local Rule
28 / / /

EXHIBIT 10
PAGE 194

1   7-3 will result in the striking and/or the denial of the

2   motion.

3      **(c) Length and Format of Motion Papers:**

4      **Memoranda of Points and Authorities in support of or in**

5   **opposition to motions shall not exceed 25 pages.  Replies**

6   **shall not exceed 12 pages.**  Only in rare instances and for

7   good cause shown will the Court grant an application to

8   extend these page limitations.  Courtesy Copies of all

9   evidence in support of or in opposition to a motion,

10   including declarations and exhibits to declarations, shall be

11   separated by a tab divider on the bottom of the page.  If

12   evidence in support of or in opposition to a motion exceeds

13   twenty-five pages, the Courtesy Copies of the evidence shall

14   be placed in separately bound volumes and include a Table of

15   Contents.  If such evidence exceeds fifty pages, the Courtesy

16   Copies of such evidence shall be placed in a slant D-ring

17   binder with each item of evidence separated by a tab divider

18   on the right side.  All documents contained in the binder

19   must be three hole punched with the oversized 13/32" hole

20   size, not the standard 9/32" hole size.  The binder shall

21   include a Table of Contents and the spine of the binder shall

22   be labeled with its contents.

23      **Typeface shall comply with the Local Rules. NOTE: If**

24   **Times Roman is used, the font size must be no less than 14;**

25   **if Courier is used, the font size must be no less than 12.**

26   Footnotes shall be in the same typeface and font size as the

27   text and shall be used sparingly.

28   / / /

9

EXHIBIT 10
PAGE 195

1    Documents which do not conform to the Local Rules and
2    this Order will not be considered.

3        **(d) Citations to Case Law:**

4        Citations to case law **must** identify not only the case
5    being cited, but the specific page referenced. In the event
6    it is necessary to cite to Westlaw or Lexis, the Court
7    prefers that counsel cite to Westlaw.  Hyperlinks to case
8    citations must be included.

9        **(e) Citations to Other Sources:**

10        Statutory references should identify, with specificity,
11    which sections and subsections are being referenced (*e.g.*,
12    Jurisdiction over this claim for relief may appropriately be
13    found in 47 U.S.C. § 33, which grants the district courts
14    jurisdiction over all offenses of the Submarine Cable Act,
15    whether the infraction occurred within the territorial waters
16    of the United States or on board a vessel of the United
17    States outside said waters).  Statutory references which do
18    not specifically indicate the appropriate section and
19    subsection (*e.g.*, Plaintiffs allege conduct in violation of
20    the Federal Electronic Communication Privacy Act, 18 U.S.C. §
21    2511, *et seq.*) are to be **avoided.**  Citations to treatises,
22    manuals, and other materials should similarly include the
23    volume and the section referenced.

24        **(f)  Proposed Statement of Decision**

25        Within two days of the deadline for filing the Reply,
26    each party shall lodge a Proposed Statement of Decision,
27    which shall contain a statement of the relevant facts and
28    applicable law with citations to case law and the record.

EXHIBIT 10
PAGE 196

The Proposed Statement of Decision shall not exceed fifteen pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.  The Proposed Statement of Decision shall be submitted to the Court in accordance with the Local Rules and shall be e-mailed in WordPerfect or Word format to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing. Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion.

**(g) Opposing Papers**

Within the deadline prescribed by the Local Rules, a party opposing a motion shall file: (1) an Opposition; or (2) a Notice of Non-Opposition.  If a party files a Notice of Non-Opposition to a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), that party shall state whether it intends to file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1).

**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rules.**

**(h)  Amended Pleadings**

Whenever a plaintiff files an amended pleading, a redlined version of the amended pleading shall be filed and delivered to Chambers indicating all additions and deletions to the prior version of that pleading.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of

/ / /

11

EXHIBIT 10
PAGE 197

1  the amendment; and (2) state the page, line number(s), and
2  wording of any proposed change or addition of material.
3       In the event the Court grants a motion to dismiss without
4  prejudice to filing an amended complaint, the plaintiff shall
5  file an amended complaint within the time period specified by
6  the Court.  If no time period is specified by the Court, the
7  plaintiff shall file an amended complaint within fourteen
8  calendar days of the date of the order granting the plaintiff
9  leave to file an amended complaint.  Failure to file an
10 amended complaint within the time allotted will result in the
11 dismissal of the action with prejudice.
12      **6.  <u>Ex Parte Applications</u>:**
13      Ex parte applications are solely for extraordinary
14 relief.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*,
15 883 F. Supp. 488 (C.D. Cal. 1995).  Applications that fail to
16 conform with the Local Rules, including a statement of
17 opposing counsel's position, will not be considered.  In
18 addition to electronic service, the moving party shall
19 immediately serve the opposing party by fax or hand service
20 and shall notify the opposing party that any opposition must
21 be filed not later than twenty-four hours after the filing of
22 the ex parte application.  If counsel does not intend to
23 oppose the ex parte application, counsel shall immediately
24 inform the Courtroom Deputy by e-mail and immediately file a
25 Notice of Non-Opposition.  The Court considers ex parte
26 applications on the papers and usually does not set the
27 matters for hearing.  Courtesy Copies of all moving,
28 opposition, or non-opposition papers shall be provided to the

12

EXHIBIT 10
PAGE 198

Court in accordance with paragraph 3 of this Order. The Courtroom Deputy will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

**7. <u>Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date</u>:**

No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it. Any application or stipulation to extend the time to file any required document or to continue any date must set forth the following:

(a) the existing due date or hearing date, as well as all dates set by the Court, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(b) the new dates proposed by the parties;

(c) specific, concrete reasons supporting good cause for granting the extension; and

(d) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

The application or stipulation must be accompanied by a separate proposed order which must be submitted to the Court in accordance with the Local Rules. The proposed order shall include the existing due date(s) or hearing date(s) as well as the new proposed date(s).

Failure to comply with the provisions of this section may result in the denial of the application or stipulation.

/ / /

13

EXHIBIT 10
PAGE 199

**8. <u>Temporary Restraining Orders and Injunctions</u>:**

**(a) Documentation Required:**

Parties seeking emergency or provisional relief shall comply with Fed.R.Civ.P.65 and the Local Rules. An ex parte application for a temporary restraining order must be accompanied by: (1) a copy of the complaint; (2) a separate memorandum of points and authorities in support of the application; (3) the proposed temporary restraining order and a proposed order to show cause why a preliminary injunction should not issue; and (4) such other documents in support of the application which the party wishes the Court to consider. Courtesy Copies of these documents shall be immediately delivered to Chambers.

**(b) Notice of Ex Parte Applications:**

Unless relieved by order of the Court for good cause shown, on or before the day counsel files an ex parte application for a temporary restraining order, counsel must personally serve notice and all documents in support of the ex parte application and a copy of the Court's Standing Order on opposing counsel or party. Counsel shall also notify the opposing party that any opposition must be filed no later than twenty-four hours after the service of the ex parte application. Counsel shall immediately file a Proof of Service.

If counsel does not intend to oppose the ex parte application, counsel shall immediately inform the Courtroom Deputy by e-mail and immediately file a Notice of Non-Opposition. The Court considers ex parte applications on the

EXHIBIT 10
PAGE 200

1   papers and usually does not set the matter for hearing.

2   Courtesy Copies of all moving, opposition, or non-opposition

3   papers shall be provided to the Court in accordance with

4   paragraph 3 of this Order.  The Courtroom Deputy will notify

5   counsel of the Court's ruling or a hearing date and time, if

6   the Court determines a hearing is necessary.

7   **9.    Proposed Protective Orders and Filings Under Seal:**

8        Protective orders pertaining to discovery must be

9   submitted to the assigned Magistrate Judge.  Proposed

10  protective orders should not purport to allow, without

11  further order of Court, the filing under seal of pleadings or

12  documents filed in connection with a hearing or trial before

13  the Court.  The existence of a protective order does not

14  alone justify the filing of pleadings or other documents

15  under seal, in whole or in part.

16       An application to file documents under seal must meet the

17  requirements of the Local Rules and shall be limited to three

18  documents by a party, unless otherwise ordered by the Court.

19  The application to file documents under seal should not be

20  filed under seal.  There is a strong presumption of the

21  public's right of access to judicial proceedings and records

22  in civil cases.  In order to overcome the presumption in

23  favor of access, the movant must demonstrate compelling

24  reasons (as opposed to good cause) for the sealing if the

25  sealing is requested in connection with a dispositive motion

26  or trial, and the relief sought shall be narrowly tailored to

27  serve the specific interest sought to be protected.  *Pintos*

28  / / /

15

EXHIBIT 10
PAGE 201

1   *v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010),

2   *Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th

3   Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

4   1122, 1135 (9th Cir. 2003).

5       For each document or other type of information sought to

6   be filed under seal, the party seeking protection must

7   articulate compelling reasons supported by specific facts or

8   legal justification that the document or type of information

9   should be protected.  The facts supporting the application to

10  file documents under seal must be provided by a declaration.

11  The declaration shall attach an unredacted copy of each

12  document to be filed under seal.  The parties are ordered to

13  highlight the portion of the document containing counsel's

14  proposed redactions.  Documents that are not confidential or

15  privileged in their entirety will not be filed under seal if

16  the confidential portions can be redacted and filed

17  separately.  The declarations in support of the application

18  to file documents under seal shall include an explanation of

19  why redaction is not feasible.

20      If the parties anticipate requesting the Court to file

21  more than three documents under seal in connection with any

22  motion, they shall identify all such documents that will be

23  required to support and oppose the motion during the Local

24  Rule 7-3 conference.  The parties shall then meet and confer

25  in order to determine if the documents satisfy the

26  "compelling need" standard for "sealing" each document.

27  Thereafter, the parties shall file a joint application and

28  lodge a proposed order to file under seal all such documents

EXHIBIT 10
PAGE 202

with the required showing as to each document.  The joint
application shall be filed promptly so that the Court may
rule on the application before the filing date for the
motion.  The parties shall not file any pleadings containing
documents they have requested the Court to file under seal
until the Court acts on the application to file under seal.

If a party wishes to file a document that has been
designated confidential by another party, the submitting
party must give any designating party five calendar days
notice of intent to file.  If the designating party objects,
it should notify the submitting party and file an application
to file documents under seal within two court days.

If an application to file documents under seal is denied
in part or in full, the lodged documents will not be filed.
The Courtroom Deputy will notify the submitting party, and
hold the lodged documents for three court days to allow the
submitting party to retrieve the documents.  If the documents
are not retrieved, the Courtroom Deputy will dispose of the
documents.

If the Court grants an application to file documents
under seal, the parties shall file within two days of the
Court's Order a complete version of the documents under seal
and a redacted version for public viewing (omitting only such
portions as the Court has ordered to be filed under seal).
The Court's Courtesy Copies of all documents filed under seal
shall include a complete version of the documents with a
notation identifying that the document has been filed under
seal and shall be highlighted to show the portion of the

17

EXHIBIT 10
PAGE 203

document that has been redacted. Should counsel fail to file the under seal version and redacted version of the documents, the Court will strike any motion that relies on or relates to those documents and/or file those documents in the public record.

**10.** **Cases Removed From State Court:**

All documents filed in state court, including documents attached to the Complaint, Answer(s), and Motion(s), must be re-filed in this Court as a separate supplement to the Notice of Removal.  The supplement must be in a separately bound volume and shall include a Table of Contents.  If the defendant has not yet answered or moved, the Answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with the Local Rules.

**11.** **Actions Transferred From Another District**

Counsel shall file, within ten days of transfer, a Joint Report summarizing the status of the action which shall include a description of all motions filed in the action and the transferor court's ruling on the motions.  In addition, counsel shall deliver (but not file) one courtesy copy to Chambers of each document on the docket of the transferor court.  On the first page of each courtesy copy, in the space between lines 1 - 7, to the right of the center, counsel shall include the date the document was filed and the document number.  The courtesy copies shall be placed in a

EXHIBIT 10
PAGE 204

slant D-ring binder in chronological order with each document
separated by a tab divider on the right side.  All documents
contained in the binder must be three hole punched with the
oversized 13/32" hole size, not the standard 9/32" hole size.
The binder shall include a Table of Contents and the spine of
each binder shall be labeled with its contents.  The courtesy
copies shall be delivered to Chambers within ten days of the
transfer.

**12.  <u>Status of Fictitiously Named Defendants</u>:**

This Court adheres to the following procedures when a
matter is removed to this Court on diversity grounds with
fictitiously named defendants referred to in the Complaint:

(a) Plaintiff shall ascertain the identity of and serve
any fictitiously named defendants within 90 days of the date
that the Complaint was filed in State Court.

(b) If plaintiff believes (by reason of the necessity for
discovery or otherwise) that fictitiously named defendants
cannot be fully identified within the 90-day period, an ex
parte application requesting permission to extend the period
to effectuate service may be filed with the Court.  Such
application shall state the reasons therefore, and will be
granted only upon a showing of good cause.  The ex parte
application shall be served upon all appearing parties, and
shall state that appearing parties may respond within seven
calendar days of the filing of the ex parte application.

(c) If plaintiff desires to substitute a named defendant
for one of the fictitiously named defendants, plaintiff shall
first seek the consent of counsel for all defendants (and

19

EXHIBIT 10
PAGE 205

1  counsel for the fictitiously named party, if that party has

2  separate counsel). If consent is withheld or denied,

3  plaintiff shall file an ex parte application requesting such

4  amendment, with notice to all appearing parties.  Each party

5  shall have seven calendar days to respond.  The ex parte

6  application and any response should comment not only on the

7  substitution of the named party for a fictitiously named

8  defendant, but on the question of whether the matter should

9  thereafter be remanded to the Superior Court if diversity of

10  citizenship is destroyed by the addition of the new

11  substituted party.

12  **13.  Bankruptcy Appeals:**

13       Counsel shall comply with the Notice Regarding Appeal

14  From Bankruptcy Court issued at the time the appeal is filed

15  in the District Court.  Counsel are ordered to notify the

16  Court in a joint report if the Certificate of Readiness has

17  not been prepared by the Clerk of the Bankruptcy Court and

18  submitted to the Clerk of the District Court within 90 days

19  of the date of this Order.

20       The matter is considered submitted upon the filing of the

21  final brief.  No oral argument is held unless ordered by the

22  Court.

23  **14.  Communications with Chambers:**

24       Counsel shall not attempt to contact the Court or its

25  Chambers staff by telephone or by any other ex parte means,

26  although counsel may contact the Courtroom Deputy at

27  shannon_reilly@cacd.uscourts.gov with appropriate inquiries.

28  To facilitate communication with the Courtroom Deputy,

EXHIBIT 10
PAGE 206

1  counsel should list their facsimile transmission numbers and

2  e-mail address along with their telephone numbers on all

3  papers.

4  **15.  Notice of This Order:**

5      Counsel for plaintiff shall immediately serve this Order

6  on all parties, including any new parties to the action.  If

7  this case came to the Court by noticed removal, defendant

8  shall serve this Order on all other parties.

9      **Caveat:  If counsel fail to cooperate in the preparation**

10  **of the required Joint Rule 26 Report or fail to file the**

11  **required Joint Rule 26 Report, or if counsel fail to appear**

12  **at the Scheduling Conference, the Pre-Trial Conference and/or**

13  **any other proceeding scheduled by the Court, and such failure**

14  **is not otherwise satisfactorily explained to the Court: (a)**

15  **the cause shall stand dismissed for failure to prosecute, if**

16  **such failure occurs on the part of the plaintiff; (b) default**

17  **judgment shall be entered if such failure occurs on the part**

18  **of the defendant; or (c) the Court may take such action as it**

19  **deems appropriate.**

20

21      IT IS SO ORDERED.

22

23  DATED:    June 8, 2020

24  _____

25                    JOHN F. WALTER
                UNITED STATES DISTRICT JUDGE

26

27

28

Rev. 1-6-2020

EXHIBIT 10
PAGE 207

**PROOF OF SERVICE**

*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 20STCV13293

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On June 10, 2020, I served the following document(s):

**DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S NOTICE TO THE STATE COURT AND TO PLAINTIFF OF FILING NOTICE OF REMOVAL IN FEDERAL COURT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

☐ [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an

1

43127205_1.docx

agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 10, 2020, at Costa Mesa, California.

_____

Lisa Sles

43127205_1.docx

2

EXHIBIT 10
PAGE 209

1

2

**SERVICE LIST**

3    Ramin R. Younessi, Esq.                          Attorneys for Plaintiff Edgar Trujillo
     LAW OFFICES OF RAMIN R. YOUNESSI
4    A PROFESSIONAL LAW CORPORATION
     3435 Wilshire Blvd., Suite 2200
5    Los Angeles, CA  90010
     Telephone:      213-480-6200
6    Facsimile:       213-4806201
     ryounessi@younessilaw.com
7

8

9                                                                                          43127205.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28