Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Shera Y. Kwak CA Bar No. 329168
shera.kwak@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Plaintiff
AIRPORT TERMINAL SERVICES, INC.

Ramin R. Younessi CA Bar No. 175020
ryounessi@younessilaw.com
Liliuokalani H. Martin CA Bar No. 292778
lmartin@younessilaw.com
Jessica P. Gomez CA Bar No. 309710
jgomez@younessilaw.com
RAMIN YOUNESSI LAW OFFICES APLC
3435 Wilshire Boulevard Suite 200
Los Angeles, CA 90010
Telephone: 213-480-6200
Facsimile: 213-480-6201

Attorneys for Plaintiff
EDGAR TRUJILLO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO,<br><br>         Plaintiff,<br><br>    v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No. 2:20-cv-05008-JFW-KS<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(F)**<br><br>Scheduling Conference: August 10, 2020<br>Time: 1:15 p.m.<br><br>Complaint Filed: April 3, 2020<br>Trial Date:   None Set<br>District Judge:   Hon. John F. Walter<br>Magistrate Judge: Hon. Karen L. Stevenson |

Plaintiff EDGAR TRUJILLO ("Plaintiff") and Defendant AIRPORT TERMINAL SERVICES, INC. ("ATS"), (Plaintiff and ATS hereinafter referred to collectively as the "Parties") met and conferred through their attorneys of record on July 9, 2020. The Parties hereby submit the following Joint Report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

## I. SUBJECT MATTER JURISDICTION:

The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.

No issues exist regarding personal jurisdiction or venue and at this time no parties remain to be served. Discovery and investigation continue.

## II. FACTUAL CHRONOLOGY

ATS provides services for airlines and airports. ATS hired Plaintiff on April 18, 2014 and terminated his employment on January 31, 2019.

### A. Plaintiff's Statement:

ATS hired Plaintiff in an exempt position. However, Plaintiff contends that during the course and scope of his employment he was routinely required to perform non-exempt duties including the duties of non-exempt field employees. More than fifty percent of Plaintiff's job duties included non-exempt field work. Additionally, Plaintiff worked seven days a week without one day of rest.

As a result, Plaintiff was entitled to meal and rest breaks, overtime pay, and mandatory day of rest for every work week. Plaintiff contends that there are other similarly aggrieved employees and Plaintiff brings these claims on their behalf.

### B. Defendants' Statement:

ATS hired Plaintiff as a Ramp Service Agent. The Ramp Service Agent position is an hourly, non-exempt position. Thus, ATS paid Plaintiff on an hourly basis during the time he held the Ramp Service Agent position. On approximately August 2, 2016, he was promoted to Ramp Manager, which is an exempt position. Plaintiff supervised

many individuals, had the authority to hire, fire and discipline and was directly responsible for a unit of ATS's business. He routinely exercised independent discretion in performing his duties and performed exempt duties well in excess of half of his time.

On January 31, 2019, ATS terminated Plaintiff's employment for violation of company policies after Plaintiff received a final written warning. Specifically, Plaintiff engaged in behavior that does not meet the requirements of this position, including failing to follow standard operating procedures, failing to provide proper staffing, and not improving his behavior towards team members.

ATS denies any wrongdoing and deny that they are liable to Plaintiff in any way. ATS fully complied with applicable laws at all times.

### III. DISPUTED POINTS OF LAW

At this time, the Parties believe that the principal legal issues in this case are as follows:

- Issue 1: Whether Plaintiff was an exempt employee;
- Issue 2: Whether Defendant failed to pay wages, and if so, the amount;
- Issue 3: Whether Defendant failed to pay minimum wages, and if so, the amount;
- Issue 4: Whether Defendant failed to pay overtime compensation, and if so, the amount;
- Issue 5: Whether Defendant failed to provide meal and rest periods, and if so, the amount;
- Issue 6: Whether Defendant failed to provide itemized wage and hour statements, and if so, the number;
- Issue 7: Whether Defendant failed to timely pay wages;
- Issue 8: Whether Defendant failed to provide one day of rest for every workweek, and if so, how often;
- Issue 9: The identification of the PAGA class; and

- Issue 10: The number of similarly aggrieved employees.

## IV. MOTIONS.

ATS anticipates filing a Motion for Summary Judgment or Partial Summary Judgment.

Plaintiff anticipates filing discovery motions.

## V. AMENDMENT TO PLEADINGS

### A. Plaintiff's Position

Plaintiff does not anticipate adding any new causes of action at this time but reserves the right to supplement or amend its complaint to the extent supported by discovery or further investigation

### B. Defendant's Position

ATS does not anticipate adding any defenses at this time but reserves the right to supplement or amend its affirmative defenses to the extent supported by discovery or further investigation.

## VI. INITIAL DISCLOSURES

The Parties agree that no changes should be made in the form or requirement for disclosures under Rule 26(a). The parties will make their exchange of initial disclosures by July 28, 2020. The parties acknowledge their respective continuing obligations to supplement all information required to be disclosed as initial disclosures under the Rules.

## VII. DISCOVERY

ATS has propounded Request for Production of Documents, Set One and Interrogatories, Set One to Plaintiff. ATS intends on deposing Plaintiff and potentially other allegedly similarly aggrieved employees. The Parties are currently exploring the option of an early mediation with only informal discovery.

Plaintiff will propound discovery. Plaintiff anticipates a deposition of a Person Most Knowledgeable as well as key witnesses. Plaintiff will also require PAGA

discovery and the identities of similarly aggrieved employees consistent with the *Belaire-West* notice.

The Parties anticipate conducting written discovery and depositions regarding all relevant issues, including, but not limited to, Plaintiff's claims and alleged damages and each Disputed Points of Law referenced herein. The Parties propose completing fact discovery in advance of expert discovery.

Depending on the discovery sought, ATS may require a protective order before producing or disclosing confidential or proprietary information, including contact information of the allegedly similarly aggrieved employees, and the Parties agree to work together regarding any such protective order. The Other than as stated herein, the Parties do not currently propose any additional orders under Rule 26(c) or 16(b) or (c) for the Court to consider. Further, the Parties reserve their rights to propose orders as deemed necessary in the course of litigation.

## VIII. RELATED CASES

The parties are not aware of any related cases or proceedings.

## IX. RELIEF SOUGHT

### A. Plaintiff's Position

Plaintiff intends to seek all wages owed to Plaintiff as well as any derivative statutory damages, penalties, and liquidated damages. Plaintiff will also seek prejudgment interest. Plaintiff also seeks injunctive relief, declaratory relief, and restitutionary relief. Plaintiff also seeks damages and penalties for members of the aggrieved class. Additionally, Plaintiff will also seek attorney's fees and costs as permitted by law.

### B. Defendant's Position

ATS intends to seek attorney's fees and costs as permitted by law.

/ / /

/ / /

/ / /

## X. CERTIFICATION AS TO INTERESTED PARTIES OR PERSONS

### A. Plaintiff's Position

Plaintiff has not filed a "Certification as to Interested Parties or Persons" but will file one as soon as possible.

### B. Defendant's Position

ATS has filed the "Certification as to Interested Parties or Persons" required by the Local Rules.

ATS certifies that the following parties and/or persons may have a pecuniary interest in the outcome of this case: (1) Plaintiff Edgar Trujillo; (2) Defendant Airport Terminal Services, Inc.; (3) The law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.; and (4) Ramin Younessi Law Offices APLC.

## XI. LITIGATION SCHEDULE

The parties jointly propose the following schedule:

- Non-Expert Discovery Cut-Off: November 9, 2021
- Last day for Dispositive Motions: January 8, 2022
- Expert Discovery Cut-off: By code
- Trial: February 7, 2022

## XII. JURY TRIAL AND TIME ESTIMATE

The Parties estimate a 7-10 day trial.

## XIII. ADR EFFORTS

To date, no settlement discussions have occurred. The Parties are currently exploring the option of an early mediation with only informal discovery. The parties are willing to use ADR Procedure No. 3 (private mediation), under L.R. 16-15.4.

## XIV. COMPLEXITY OF CASE

The Parties currently agree the matter is not complex. The Parties currently do not anticipate utilizing any or part of the procedures of the Manual for Complex Litigation.

/ / /

## XV. DISPOSITIVE MOTIONS

### A. Plaintiff's Position

Plaintiff does not anticipate filing any dispositive motions. However, Plaintiff does anticipate opposing Defendant's Motion for Summary Judgment should one be filed.

### B. Defendant's Position

ATS anticipates filing a Motion for Summary Judgment or Partial Summary Judgment.

## XVI. UNUSUAL LEGAL ISSUES

The parties agree that this case does not present any unusual legal issues at this time.

## XVII. SEVERANCE OR BIFURCATION

### A. Plaintiff's Position

Plaintiff will not seek severance or bifurcation of the issue of liability and damages. To the extent that they are requested by Defendant, Plaintiff will oppose them.

### B. Defendant's Position

ATS reserves the right to bifurcate the issue of liability and damages. Specifically, ATS may seek to bifurcate the issue of whether Plaintiff was properly classified as an exempt employee and any damages for the alleged wage/hour violations.

## XVIII. ECF USERS / E-MAIL ADDRESS OF RECORD

### A. Plaintiff's Position

Lead trial counsel, Ramin Younessi and Liliuokalani Martin are registered ECF users. Their emails are ryounessi@younessilaw.com and lmartin@younessilaw.com.

/ / /

/ / /

/ / /

**B.** **Defendant's Position**

Lead trial counsel, Mark Lovell, is a registered ECF User. His e-mail address of record is mark.lovell@ogletreedeakins.com.

DATED: July 28, 2020                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Mark F. Lovell*
    Mark F. Lovell
    Shera Y. Kwak
    Attorneys for Defendant
    AIRPORT TERMINAL SERVICES, INC.

DATED: July 28, 2020                RAMIN YOUNESSI LAW OFFICES APLC


By: */s/ Liliuokalani H. Martin*
    Ramin R. Younessi
    Liliuokalani H. Martin
    Jessica P. Gomez
    Attorneys for Plaintiff
    EDGAR TRUJILLO

Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I certify that the content of this document is acceptable to all signatory counsel hereto and I have obtained authorization from counsel to affix her electronic signature to this document.

DATED: July 28, 2020                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Mark F. Lovell*
    Mark F. Lovell
    Shera Y. Kwak
    Attorneys for Defendant
    AIRPORT TERMINAL SERVICES, INC.

**PROOF OF SERVICE**
*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-05008-JFW-KS

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On July 28, 2020, I served the following document(s):

**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(F)**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:

43452486_7.docx

8   Case No. 2:20-cv-05008-JFW-KS
JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 26(F)

☐          [Federal Court] the written confirmation of counsel in this action and order of the court:

☒    **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒    **(Federal)**    I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐    **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 28, 2020, at Costa Mesa, California.

*/s/ Lisa Sles*

_____

Lisa Sles

# SERVICE LIST

Ramin R. Younessi, Esq.  	Attorneys for Plaintiff Edgar Trujillo
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd., Suite 2200
Los Angeles, CA  90010
Telephone:  213-480-6200
Facsimile:   213-4806201
ryounessi@younessilaw.com

43452486.7