# EXHIBIT B

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Monday, December 28, 2020 7:06 PM
**To:** Bicknell, Mariam <Mariam.Bicknell@ogletreedeakins.com>; Liliuokalani Martin <LMartin@younessilaw.com>
**Cc:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Vo, Diane <Diane.Vo@ogletreedeakins.com>
**Subject:** RE: Edgar Trujillo v. Airport Terminal Services [ODNSS-OGL.016741.000044]

*[Caution: Email received from external source]*

HI Mariam – Thanks for the follow-up.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com

_____
This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A

Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**From:** Bicknell, Mariam <mariam.bicknell@ogletree.com>
**Sent:** Monday, December 28, 2020 6:05 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>; Liliuokalani Martin <LMartin@younessilaw.com>
**Cc:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Vo, Diane <Diane.Vo@ogletreedeakins.com>
**Subject:** RE: Edgar Trujillo v. Airport Terminal Services [ODNSS-OGL.016741.000044]

Jessica:

We are working on finalizing ATS's supplemental responses but have experienced delays due to the holidays. We will provide you with ATS's supplemental responses by Monday, January 4, 2021, but will strive to serve them before then, if we are able to do so.

Thank you.
Mariam

**Mariam Bicknell | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7938 | Fax: 714-754-1298
mariam.bicknell@ogletree.com | www.ogletree.com | Bio

---

**From:** Bicknell, Mariam
**Sent:** Wednesday, December 9, 2020 3:07 PM
**To:** 'Jessica Gomez' <JGomez@younessilaw.com>; Liliuokalani Martin <LMartin@younessilaw.com>
**Cc:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Vo, Diane <Diane.Vo@ogletreedeakins.com>
**Subject:** RE: Edgar Trujillo v. Airport Terminal Services [ODNSS-OGL.016741.000044]

Hi Jessica:

Below please find our responses (in blue) to yours (in red).

ROGs 1 -2: We will provide supplemental responses to these interrogatories. Although we did not discuss the timing for our supplemental response, we are requesting 3 weeks (until December 28, 2020) to provide the supplemental responses. Please let me know if you are amenable.

ROGs 3 – 9: In addition to producing the responsive documents pursuant to FRCP Rule 33(d), we have provided substantive responses. Thus, we will not be serving supplemental responses to these interrogatories. I disagree.  Interrogatories Nos. 3-9 ask Defendant's about its contentions about Plaintiff's claims.  Asking our office to interpret non-responsive documents is not the same thing as stating Defendant's contention.  You indicated that Defendants would file a motion for summary judgment.  If it is your contention that Plaintiff was not misclassified, and received his meal and rest breaks please do what the interrogatory asks you to do and describe in detail that position, including witnesses and documents.  Defendant cannot force our office to speculate as to its position and wait for summary judgment to see your position.   In an effort to work this out with Defendants, I will define the term DESCRIBE as to provide all relevant details and facts (including dates, times, participants, and regarding the subject matter referenced in the inquiry including descriptions of all substantive details).  Accordingly, please revise your response.

As I stated during our call and in my comments, we maintain that ATS has complied with its discovery obligations by providing substantive responses and producing the responsive documents pursuant to FRCP Rule 33(d).  Nevertheless, to avoid wasteful and needless motion practice, ATS will supplement its responses.

ROGs 10 – 13: These interrogatories relate to the PAGA class. As you stated in your meet and confer correspondence, and as we discussed, the parties are still working out the information related to the PAGA class and its scope. Thus, we will not provide supplemental responses at this time. We will, however, continue to diligently work on ironing out the PAGA issues as expeditiously as we can.   Please see my comment above, that is not what was said.  You said that there was another PAGA claim that was being finalized that you represented overlapped Plaintiff's PAGA claims.  We need that information today.

We provided you with the case name yesterday and are confirming the status of the settlement and will provide relevant information as soon as possible.

RFP No. 5: We discussed limiting this request in scope and time. You agreed to define "job duties" in an effort to narrow the scope of the request. Additionally, I proposed limiting the time frame to the period of time Plaintiff was an exempt employee. You stated that you would need to think about that time limitation and will get back to me. We will have three weeks to provide a response to your revised/defined request from the date we receive the revised request from you.  We cannot agree to limit the scope to just when he was an exempt employee.  We will agree to limit the scope for 4 years or to 2015.  With respect to the term job duties I will define job duties as the work performed by Plaintiff attributed to his position and or directed to perform by his supervisors.

Plaintiff was promoted to a manager in August 2016. Thus, any communications before that date related to his "job duties" will not lead to a discovery of relevant information as to his misclassification claim. It is not disputed that he was classified as a non-exempt employee prior to this time.  As such, what duties he performed during that time are irrelevant to his claims, including his wage/hour claims.  If you believe his job duties while he was a non-exempt employee are relevant, please let us know why so we can properly discuss.  Otherwise, I believe we can provide a response limited to the period of time he was an exempt employee and produce any communications to/from a manager identifying Plaintiff's specific job duties, to the extent such communications exist.  Please advise if this is acceptable.

RFP Nos. 47 and 48: We discussed limiting these requests in scope and time. You agreed to provide us with revised requests limiting them in time and scope. We will have three weeks to provide a response from the date we receive the revised requests from you.  I will limit 47 to Plaintiff's claims, I do want limit my self to at this point to any individuals because they have not yet been identified in discovery.  I understand that some of these names have been released in the initial disclosures and joint statements but at this point in time would prefer a more broad search.  With respect to 48- I am seeking any documents relating to any benefits provided to Plaintiff as a result of his employment.

Regarding RFP 47, your proposed limitation does not address the objections we have raised nor does it arguably limit the incredibly broad scope.  The request still seeks any emails to anyone that in anyway relate to or reference Plaintiff.  Such a request is incredibly overbroad and is not permitted.  Your reference to limiting it to Plaintiff's claims

3

confirms that this request is not necessary as you have included more narrowly tailored requests aimed at each specific claim.

Regarding RFP 48, we will provide a supplemental response pursuant to your proposed limitation.

RFP No. 49: We have provided a response to this request. Thus, this is moot.

RFP Nos. 61 and 65: We will stand on our objections to these requests. We will need to move forward with the joint statement on this to prepare to magistrate judge. I don't see how the organizational chart and your clock in-clock out system (which I have already agreed to limit to the policies and Plaintiff's clock in/clock) is privileged.

Regarding RFP 61, we are confirming with our client regarding the potential production of the org chart related to Plaintiff's operation. We will provide you our final position shortly.

Regarding RFP 65, as I stated during our call, we have already produced the policy relating to timekeeping, work schedules, and overtime. Also, as mentioned, to the extent they exist, we will produce any clock in/out information related to Plaintiff. We will supplement our response accordingly.

Privilege Log: As we discussed, we have not withheld any documents on the grounds of attorney-client privilege or attorney work product doctrine, other than our office's communications with our client, which does not require a privilege log. Accordingly, we will not be serving a privilege log. I will ask that you remove the privilege language in the RFP. There is a lot going on here, with respect to the work product, I have already sent you the case law on what is considered attorney work product which is why I will need to see a privilege log to see if there is anything we truly to move to compel on.

We will provide a privilege log confirming the only privileged documents at issue include communications to/from legal counsel.

Finally, I agreed to inquire from our client whether they have in their possession, custody, or control any clock in-clock out records for Plaintiff during the relevant statutory period and to the extent Plaintiff was a non-exempt employee during that time period. I agreed to provide you with a response, and the responsive documents to the extent any exist, within three weeks from Friday. You agreed to that deadline. However, since that deadline falls on the Christmas Holiday, the deadline would be extended to December 28, 2020. Thanks.

Thanks,
Mariam

**Mariam Bicknell | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7938 | Fax: 714-754-1298
mariam.bicknell@ogletree.com | www.ogletree.com | Bio

---

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Tuesday, December 8, 2020 1:57 PM
**To:** Bicknell, Mariam <Mariam.Bicknell@ogletreedeakins.com>; Liliuokalani Martin <LMartin@younessilaw.com>
**Cc:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Vo, Diane <Diane.Vo@ogletreedeakins.com>
**Subject:** RE: Edgar Trujillo v. Airport Terminal Services [ODNSS-OGL.016741.000044]

[Caution: Email received from external source]

4

EXHIBIT B
PAGE 32

Hi Mariam- Thanks look forward to your response. I will respond to Defendant's meet and confer before our meeting on Monday.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Kind Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com

_____

This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.
IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**From:** Bicknell, Mariam <mariam.bicknell@ogletree.com>
**Sent:** Tuesday, December 8, 2020 12:44 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>; Liliuokalani Martin <LMartin@younessilaw.com>
**Cc:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Vo, Diane <Diane.Vo@ogletreedeakins.com>
**Subject:** RE: Edgar Trujillo v. Airport Terminal Services [ODNSS-OGL.016741.000044]

Jessica:

The name of the other pending PAGA case with overlapping claims with this matter is *Francisco Cisneros v. Airport Terminal Services*, Los Angeles Superior Court Case No. 18STCV06289, United States District Court, Central District of California, Case No. 2:19-cv-02798.

The balance of your email misrepresents our conversation. As an initial matter, I never indicated or even mentioned that Defendant would file a summary judgment motion. I will respond to the balance of your comments by close of business tomorrow.

Mariam


**Mariam Bicknell | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7938 | Fax: 714-754-1298
mariam.bicknell@ogletree.com | www.ogletree.com | Bio

---

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Tuesday, December 8, 2020 12:08 PM
**To:** Bicknell, Mariam <Mariam.Bicknell@ogletreedeakins.com>; Liliuokalani Martin <LMartin@younessilaw.com>
**Cc:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Vo, Diane <Diane.Vo@ogletreedeakins.com>
**Subject:** RE: Edgar Trujillo v. Airport Terminal Services [ODNSS-OGL.016741.000044]

**[Caution: Email received from external source]**

Mariam-

Please see response in red.  Problematically, you said something to the effect that there might be another overlapping PAGA case.  You said you would get us more information on that and that it would absolve Plaintiff's PAGA claims.  That is not necessarily correct so I do need more information on the other PAGA claim immediately.  Please get that to me today.  I needed it Monday but I did not receive it.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com


_____
This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A

Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**From:** Bicknell, Mariam <mariam.bicknell@ogletree.com>
**Sent:** Monday, December 7, 2020 9:54 AM
**To:** Jessica Gomez <JGomez@younessilaw.com>; Liliuokalani Martin <LMartin@younessilaw.com>
**Cc:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Vo, Diane <Diane.Vo@ogletreedeakins.com>
**Subject:** Edgar Trujillo v. Airport Terminal Services [ODNSS-OGL.016741.000044]

Hi Jessica:

Thank you for the meet and confer call last Friday regarding ATS's responses to Plaintiff's written discovery requests. I write to confirm our conversation and the agreements we reached o regarding the written discovery requests specific to Plaintiff and his individual causes of action:

ROGs 1 -2: We will provide supplemental responses to these interrogatories. Although we did not discuss the timing for our supplemental response, we are requesting 3 weeks (until December 28, 2020) to provide the supplemental responses. Please let me know if you are amenable.

ROGs 3 – 9: In addition to producing the responsive documents pursuant to FRCP Rule 33(d), we have provided substantive responses. Thus, we will not be serving supplemental responses to these interrogatories. I disagree.  Interrogatories Nos. 3-9 ask Defendant's about its contentions about Plaintiff's claims.  Asking our office to interpret non-responsive documents is not the same thing as stating Defendant's contention.  You indicated that Defendants would file a motion for summary judgment.  If it is your contention that Plaintiff was not misclassified, and received his meal and rest breaks please do what the interrogatory asks you to do and describe in detail that position, including witnesses and documents.  Defendant cannot force our office to speculate as to its position and wait for summary judgment to see your position.   In an effort to work this out with Defendants, I will define the term DESCRIBE as to provide all relevant details and facts (including dates, times, participants, and regarding the subject matter referenced in the inquiry including descriptions of all substantive details).  Accordingly, please revise your response.

ROGs 10 – 13: These interrogatories relate to the PAGA class. As you stated in your meet and confer correspondence, and as we discussed, the parties are still working out the information related to the PAGA class and its scope. Thus, we will not provide supplemental responses at this time. We will, however, continue to diligently work on ironing out the PAGA issues as expeditiously as we can.   Please see my comment above, that is not what was said.  You said that there was another PAGA claim that was being finalized that you represented overlapped Plaintiff's PAGA claims.  We need that information today.

RFP No. 5: We discussed limiting this request in scope and time. You agreed to define "job duties" in an effort to narrow the scope of the request. Additionally, I proposed limiting the time frame to the period of time Plaintiff was an exempt employee. You stated that you would need to think about that time limitation and will get back to me. We will have three weeks to provide a response to your revised/defined request from the date we receive the revised request from

you.  We cannot agree to limit the scope to just when he was an exempt employee.  We will agree to limit the scope for 4 years or to 2015.  With respect to the term job duties I will define job duties as the work performed by Plaintiff attributed to his position and or directed to perform by his supervisors.

RFP Nos. 47 and 48: We discussed limiting these requests in scope and time. You agreed to provide us with revised requests limiting them in time and scope. We will have three weeks to provide a response from the date we receive the revised requests from you.  I will limit 47 to Plaintiff's claims, I do want limit my self to at this point to any individuals because they have not yet been identified in discovery.  I understand that some of these names have been released in the initial disclosures and joint statements but at this point in time would prefer a more broad search.  With respect to 48- I am seeking any documents relating to any benefits provided to Plaintiff as a result of his employment.

RFP No. 49: We have provided a response to this request. Thus, this is moot.

RFP Nos. 61 and 65: We will stand on our objections to these requests.  We will need to move forward with the joint statement on this to prepare to magistrate judge.  I don't see how the organizational chart and your clock in-clock out system (which I have already agreed to limit to the policies and Plaintiff's clock in/clock) is privileged.

Privilege Log: As we discussed, we have not withheld any documents on the grounds of attorney-client privilege or attorney work product doctrine, other than our office's communications with our client, which does not require a privilege log. Accordingly, we will not be serving a privilege log.  I will ask that you remove the privilege language in the RFP.  There is a lot going on here, with respect to the work product, I have already sent you the case law on what is considered attorney work product which is why I will need to see a privilege log to see if there is anything we truly to move to compel on.

Finally, I agreed to inquire from our client whether they have in their possession, custody, or control any clock in-clock out records for Plaintiff during the relevant statutory period and to the extent Plaintiff was a non-exempt employee during that time period. I agreed to provide you with a response, and the responsive documents to the extent any exist, within three weeks from Friday. You agreed to that deadline. However, since that deadline falls on the Christmas Holiday, the deadline would be extended to December 28, 2020. Thanks.

Thank you.
Mariam

**Mariam Bicknell | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7938 | Fax: 714-754-1298
mariam.bicknell@ogletree.com | www.ogletree.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*