# EXHIBIT C

EXHIBIT C
PAGE 39

## Hoerauf, Graham M.

| | |
|---|---|
| **From:** | Hoerauf, Graham M. |
| **Sent:** | Tuesday, April 6, 2021 5:16 PM |
| **To:** | 'Jessica Gomez'; Lovell, Mark F. |
| **Cc:** | Liliuokalani Martin; Gannon Del Fierro; DonJuan, Alba |
| **Subject:** | RE: Trujillo v. ATS:  Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044] |
| **Attachments:** | 47 - Order Granting Defendant_s Revised Motion to Stay.PDF |

Jessica,

Happy to discuss with whoever else you want as well, I don't care.  I just need you to tell me the time and number to call you at tomorrow.  Can you stop being evasive and just tell me since you already offered that time previously.

"Sharing the authorities" under LR 7.3 does not mean I have to send you my brief before filing. Nor does it mean that I have to send you my brief before holding the conference. In fact, it is completely sufficient under the rule to not send you anything at all and just hold the conference and tell you verbally our position. If you are just going to continue the avoid the call to delay, I'll file the motion anyway, make a declaration you refused to participate, and then attach this email thread to highlight how silly this is.

In any event, I have shared the authorities with you already in this thread. The first to file rule and the court's inherent authority are basic, civ pro issues I learned about in my first year of law school. You can look it up in Rutter if you don't know what they are, but I'd be shocked a firm of your caliber hasn't run into this before.  I've heard good things about your firm, so I'm hoping we can reach some sort of resolution on this without pointless motion practice we definitely are going to prevail on.

To wit, attached is an order from the Central District in which I successfully had a later filed PAGA action granted based on the pendency of an earlier filed class/PAGA action with overlapping claims. We follow this same argument and procedure in lots of cases. I'm not reinventing the wheel or proposing any novel argument. Judge discusses the first to file rule there if you need to reacquaint yourself.

In terms of the Court's inherent authority to grant a discretionary stay, I really don't know what else you are looking for.  Inherent just means it is.  The Court can do whatever it wants to manage its docket in the interest of judicial economy and fairness.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  In determining whether to grant a discretionary stay, courts in this Circuit consider three factors: "(1) harm the non-moving party may suffer as a result of the stay; (2) hardship the moving party may suffer if a stay is denied; and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected from a stay (i.e., judicial economy)." Rossano v. Fashion Mktg. & Merch. Grp. Inc, No. CV1910523MWFPJWX, 2020 WL 4288059, at *2 (C.D. Cal. May 4, 2020) citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005).

My previous email already outlined my position.  Your client is not harmed at all by a temporary stay because we are not requesting that any right to recovery be extinguished, just a stay of the case until the resolution of Cisneros on behalf of all non-exempts. By contrast if a stay is not granted, we will be harmed having to respond to the same discovery twice and face the risk of inconsistent adjudication.  The orderly course of justice warrants a stay because have two parallel actions for the same statutory provisions to collect the same civil penalties is unwise and frivolous, a waste of

everyone's time and resources, and will be pointless once final approval is granted in the Cisneros action shortly. It is the same questions of law and proof, and would complicate issues having two judges in the same district reach different determinations.

At the core, your client's allegation is that because he was allegedly misclassified as exempt but is actually a non-exempt employee.  The Cisneros settlement releases all penalties on behalf of all non-exempt employees.  So even assuming arguendo your client is correct about the classification (he's not), all non-exempts will be released by the settlement.  If he is an exempt employee (he is), the scope of your PAGA notice is the employees in his position. Which we have been saying for months and offering to mediate and respond on discovery on. For months. We can expend significant resources briefing all this and litigating the issue which will leave less for settlement, or you can agree to mediate on behalf of the employees you actually have standing to represent.  But there is no universe or pocket reality where the court is going to allow you to proceed on behalf of all of ATS' non-exempt workforce when they are literally in the process of finalizing the settlement of those claims in the same district.

I'm not inclined to send you anything else because this is way more than I usually bother even doing to set up the meet and confer call.  I will be absolutely shocked if denies our motion for insufficient meet and confer after all this.

Tell me what time and number to call you (and whoever else you want) tomorrow.  This is my fourth attempt asking after you offered the time.

Graham

**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio

---

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Tuesday, April 6, 2021 4:34 PM
**To:** Hoerauf, Graham M. <graham.hoerauf@ogletreedeakins.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

**[Caution: Email received from external source]**

I am willing to meet and confer with you but I do need more correspondence from you on your position.  If you have any case law as to the first-to-file rule (comity doctrine) as well as equitable factors weighing heavily in favor of discretionary stay under the court's inherent authority and its application to PAGA  please send that first.  I would like the opportunity to see what authority you are relying on before we meet and confer.  Your office was never clear on its authority and I am surprised that I have not received formal correspondence from your office.

Notwithstanding that issue, I think it actually might be beneficial to have a conference with Mark and Lily to see if we can get an idea as to what the PAGA limitation might look like. My understanding is that misclassifications were not alleged in the Cisneros matter.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,

EXHIBIT C
PAGE 41

Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



_____
This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.
IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**From:** Hoerauf, Graham M. <graham.hoerauf@ogletree.com>
**Sent:** Tuesday, April 6, 2021 4:25 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

Can I get a response on what time and number I'm supposed to call you at?

Graham

**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio

---

**From:** Hoerauf, Graham M.
**Sent:** Tuesday, April 6, 2021 2:53 PM
**To:** 'Jessica Gomez' <JGomez@younessilaw.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba

3

EXHIBIT C
PAGE 42

<alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

I did forward what I have to you, including the court's preliminary approval order. There are other documents on Pacer. This isn't a complicated process.

If you are aware of authority that I need to download pleadings to provide them to you when they are equally available to you, I'd be happy to review that authority. As a courtesy, I sent you what I already spent money on to download. You know of the case information and can look at whatever else you want from the docket.

No one is playing games here. We have nothing to hide. I stated the basis of our motion, requested a call with you to discuss (I can't meet in person due to COVID and my daughter is high risk) and proposed a solution for resolving the subject of the contemplated motion (stipulate to proper scope of the group of aggrieved employees). That is literally all that is required under L.R 7.3. We don't have to agree, I just have to meet and confer in good faith. Which we are doing. Right now.

You misrepresent my email on the basis for our motion. The motion is based on the existence of the Cisneros action. Regardless of the status of settlement. The fact it is close to resolution only strengthens our position and that Court will certainly grant the requested relief.

Again, please tell me what time I am supposed to call you tomorrow and at what number.

Thanks,

Graham


**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio


**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Tuesday, April 6, 2021 2:44 PM
**To:** Hoerauf, Graham M. <graham.hoerauf@ogletreedeakins.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

*[Caution: Email received from external source]*

I don't understand why you won't forward it to me. If you are going to file it on those grounds, you will need to show that Plaintiff is barred because the case is settled. Isn't this part of the meet and confer process? I ran into this issue before with your office wherein your office even refused to give me the name of underlying complaint. Why the hide and seek? If we really need to limit the PAGA/discovery lets find out now.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



_____

This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.
IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**From:** Hoerauf, Graham M. <graham.hoerauf@ogletree.com>
**Sent:** Tuesday, April 6, 2021 2:41 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

Thanks Jessica, but I am comfortable with my review of the file and Mark is in copy.  If I'm way out of line, he'll let me know.

Are you now agreeing that the mediation will be as to those employees in the same position as you client and that discovery will be targeted as such?  If so, just put that in response right here.  That really is the impetus for us needing to file the motion.

Send whatever you propose as a joint statement and I'll review and add our position. No need for it to be contentious.

I am not required to forward you anything from an action where we aren't even counsel when it is publically available. You have access to PACER, just like I do.

What time tomorrow afternoon would you like me to call you and at what number.

**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio

---

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Tuesday, April 6, 2021 2:34 PM
**To:** Hoerauf, Graham M. <graham.hoerauf@ogletreedeakins.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

> [Caution: Email received from external source]

---

I disagree with your review on this matter. That was not my understanding.  I had made offers to mediate while we figure out the PAGA class and it was a staunch no from your side.  We need to prepare a joint statement on this matter.   Please review the file before we engage on this any further this so we can go ahead and prepare the joint statement.  If that is the position your want to take as to why you refused to comply with a court order go ahead. I still wanted to at least try to mediate this matter to comply with the order and specifically told this Mariam.

Concerning the other PAGA matter, please forward information relating to the preliminary approval and final order. I have asked for this before and have never received it.

This is the first time I am hearing about this motion.  I cannot meet and confer on this matter today.  I am available tomorrow afternoon.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



_____
This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**From:** Hoerauf, Graham M. <graham.hoerauf@ogletree.com>
**Sent:** Tuesday, April 6, 2021 2:07 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

Hi Jessica,

Nice to meet you (electronically).

Everything about the Cisneros action is publically available, but yes my understanding is the Court granted preliminary approval of the settlement in March (26th I believe).

My understanding regarding talks of mediation differs significantly from what you put forth below, unfortunately. As ATS has consistently communicated, the proper scope of this action is those employee who, like your client, contend they were misclassified as exempt. Provided the parties will stipulate to that group of employees being the subject of the mediation, my understanding is that ATS has always been and remains willing to participate in a meaningful mediation with that in mind. It may just be a matter of me still getting up to speed on the case file, but I see numerous equivocations from your client as to whether the mediation is for these allegedly misclassified employees, or if you are proposing to mediate the same group of employees that was already resolved in Cisneros. If it is the later, I am afraid we may be at an impasse.

Likewise, this disconnect from your side on the scope of the case also permeates into the discovery issue. It is overbroad and disconnected from the pleading entirely to put forth overburdensome discovery as to all non-exempt employees that worked at ATS when your notice letter and complaint are clear that these are not the employees at issue in the case.

Given the back and forth with your position on the proper scope of the case, we will be filing a motion to have this case stayed in its entirety based on the pendency of the Cisneros case. <u>Pursuant to LR. 7-3, please let me know what time today you can have a call to discuss our motion.</u> We will be requesting a stay of all proceedings and discovery pending resolution of the Cisneros action based on the first-to-file rule (comity doctrine) as well as equitable factors weighing heavily in favor of discretionary stay under the court's inherent authority. The employees you are insisting discovery for are included within the group of settling putative class members and allegedly aggrieved employees in the Cisneros action and are outside the scope of the pleadings in this action. Discovery is limited and properly framed by the Notice letter and your Complaint. Duplicative discovery and litigation on behalf of the same employees greatly prejudices ATS, wastes the court's limited resources and time, runs the risk of inconsistent adjudication or rulings, and your client will not be prejudiced by a brief stay until Cisneros receives final approval of settlement or being required to limit his case to the employees he sufficiently exhausted administrative remedies for.

I am available for a call any time today until 8:00 p.m.

EXHIBIT C
PAGE 46

Sincerely,

Graham

**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio

---

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Tuesday, April 6, 2021 1:43 PM
**To:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Hoerauf, Graham M. <graham.hoerauf@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

[Caution: Email received from external source]

---

Hi Graham – Mariam was not amenable to mediation despite the fact that it was court ordered and I asked her about it a few times. We do need discovery on this matter relating to the PAGA. Do you know if the Cisneros matter has completely settled? Let me know when you have time to speak. Thanks.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



---

This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in

error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**From:** Lovell, Mark F. <mark.lovell@ogletree.com>
**Sent:** Tuesday, April 6, 2021 1:39 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>; Hoerauf, Graham M. <graham.hoerauf@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

Jessica,

Graham Hoerauf, who is cc'd here, is now assisting with this matter. He will be in touch regarding these issues. Thank you.

**Mark F. Lovell | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7913 | Fax: 714-754-1298
mark.lovell@ogletree.com | www.ogletree.com | Bio

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Monday, April 5, 2021 8:43 AM
**To:** Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; DonJuan, Alba <alba.donjuan@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

*[Caution: Email received from external source]*

Hi Mark – Looks like Mariam is no longer with Ogletree, can you please advise who is assisting with this matter? Thanks.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**From:** Jessica Gomez
**Sent:** Monday, April 5, 2021 8:39 AM
**To:** 'Bicknell, Mariam' <mariam.bicknell@ogletree.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Gannon Del Fierro <GFierro@younessilaw.com>; 'Lovell, Mark F.' <mark.lovell@ogletreedeakins.com>
**Subject:** RE: Trujillo v. ATS: Plaintiff's written position to Defendant's discovery [ODNSS-OGL.016741.000044]

Hi Mariam – We need to prepare a joint report on the status of the mediation. Please advise. I know we were discussing limits as to the PAGA but never heard back. We need to circle back to discovery as well. Let me know when you are free to discuss. Thanks.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



EXHIBIT C
PAGE 49