Ramin R. Younessi, Esq. (SBN 175020)
ryounessi@younessilaw.com
Liliuokalani H. Martin, Esq. (SBN 292778)
lmartin@younessilaw.com
Jessica P. Gomez, Esq. (SBN 309710)
jgomez@younessilaw.com
**LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Plaintiff,
EDGAR TRUJILLO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC. a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | CASE NO.  2:20-cv-05008-JFW-KS<br><br>**RESPONSE TO ORDER TO SHOW CAUSE**<br><br>State Complaint Filed: April 03, 2020<br>Trial Date:　　　　Not set yet. |

**I.　　INTROUDCTION**

Plaintiff respectfully requests that this Court not impose sanctions on Plaintiff nor his counsel because Plaintiff's counsel has made diligent efforts to comply with the scheduling order and mediate this matter.  As set forth in the declaration of Jessica P. Gomez, Plaintiff's counsel diligently attempted to schedule mediation and has sent numerous emails requesting mediator names and dates.  Defendant's counsel refused to mediate the case based a later-disclosed related PAGA case.  Defendant's counsel previously represented to this court that there were no related cases at issue.  Plaintiff's counsel first learned of the issue in or around December 2020 and told counsel that the

parties' could not disobey a court order based on the fact that the Defendant's later learned about a class action/PAGA matter. Defendant's counsel still refused to attend mediation on those grounds because the parties could not agree to the scope. Based on the foregoing, Plaintiff and his counsel request that no sanctions be issued against them and that this matter be remanded to state court.

## II.   PLAINTIFF'S COUNSEL EFFORTS TO COMPLY WITH THE SCHEDULING ORDER

Plaintiff has engaged in the following efforts:

- On April 3, 2020, Plaintiff's counsel on behalf of Plaintiff filed the instant matter in Los Angeles Superior Court alleging various Wage and Hour causes of action including misclassification of exempt/non-exempt; meal and rest; and overtime. Plaintiff also alleges Private Attorney General Act ("PAGA") cause of action against Defendant for similarly aggrieved employees. (Declaration of Jessica Gomez (hereinafter "Gomez Decl." ¶2).
- On July 15, 2020, Defendants removed this matter to federal court on diversity grounds. (Docket Doc. No.1) That same day the Defendants represented to this Court that there were no related cases previously filed or currently pending before the United State Court for the Central District of California. (Docket Doc. No. 6). (Gomez Decl. ¶3)
- On July 9, 2020, the parties and their counsel: Mark Lovell, Mariam Bicknell, Liliuokalani Martin, and Jessica Gomez met and conferred relating to the joint report. Defendant's counsel did not mention any other related cases or limitation as to the PAGA.   (Gomez Decl. ¶4)
- In or around July 27, 2020, the parties prepared and finalized the joint report and Defendant's counsel again represented that there were no related cases.  (Docket Doc. No. 18) (Gomez Decl. ¶5).
- On September 8, 2020,  Plaintiff's counsel sent an email to Defendant's counsel requesting that the parties schedule/attend mediation pursuant to the Court Scheduling Order. (Gomez Decl. ¶7, Exhibit 1).

- On September 9, 2020, Plaintiff's counsel followed up again with Defendant's counsel requesting mediators names and did not receive a response. (Gomez Decl. ¶8, Exhibit 2).
- From October 6, 2020 to December 28, 2020, the parties started working out issues relating to discovery responses and the PAGA. Defendant's counsel, Mariam Bicknell, refused to respond to discovery on the ground that that there was another overlapping PAGA/class action matter. This was the first time Plaintiff's counsels' office learned of the related case. Moreover, Defendant's counsel refused to give plaintiff's counsel the name of the overlapping PAGA claims. (Gomez Decl. ¶9, Exhibit 3).
- Finally, on December 8, 2020, Defendant's counsel finally disclosed the name of the other PAGA case "The name of the other pending PAGA case with overlapping claims with this matter is *Francisco Cisneros v. Airport Terminal Services*, Los Angeles Superior Court Case No. 18STCV06289, United States District Court, Central District of California, Case No. 2:19-cv-02798." (Gomez Decl. ¶10, Exhibit 4).
- On January 7, 2021, Plaintiff's counsel called Defendant's counsel and requested that the parties circle back to mediation and Plaintiff's Counsel proposed Eve Wagner warning Defendant's counsel of her limited availability. Plaintiff's counsel memorialized the conversation in an email on January 13, 2021. (Gomez Decl. ¶11, Exhibit 5).
- On January 29, 2021, Plaintiff's counsel followed up again with Defendant asking them to agree to a mediator and to select dates. (Gomez Decl. ¶12, Exhibit 6)
- On February 2, 2021, the parties had another telephonic conversation relating to the PAGA class, wherein Defendants refused to schedule mediation. Defendant's counsel sent an email stating that: "We need confirmation from you for the scope of the mediation before we can get our client's authorization to proceed with the proposed mediation. Thus, please confirm you are agreeable to the above so that we may proceed accordingly." In that same email chain, Plaintiff's counsel told Defendant's

counsel that "the parties have been ordered to attend settlement/mediation by April 5, 2021.  We are well behind that and need to move on this and haven't even agreed to a mediator.  **We cannot disobey a court order based on a proposed scope.  Moreover, if your only grounds is the case you cited, that would not eliminate any of Plaintiff's PAGA claims.**  Please advise.  We have already proposed Eve Wagner but she is completely booked for all of March.  Lets (sic) move on this so we are not in violation of a court order."  (Gomez Decl. ¶13, Exhibit 7).

- Defendants continued to refuse mediation[1] until Plaintiff agreed to limit the scope, Plaintiff's counsel continued to ask for mediation and that the proposed scope could be limited while the parties' schedule/prepare for mediation.  (*Id.*)

### III.  LEGAL ANALYSIS

"A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' Disregard of [scheduling orders] would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (1986).

Here, Plaintiff has not disregarded the mediation deadline, Plaintiff has made diligent efforts to mediate this matter on numerous occasion. Plaintiff has not delayed in prosecuting his case and has served written discovery and has met and conferred as to discovery.  Plaintiff was not aware of the related case until December 2020.  Plaintiff has told Defendants that the parties could still mediate and resolve this matter in compliance with a court order by the mediation deadline.  Defendant elected not to participate.  While

---

[1] Since the filing of the Joint Status report the parties have scheduled mediation for July 15, 2021 with Judge Richard Stone.

Plaintiff concedes that it should have sought relief from the Court, Plaintiff could not schedule mediation without the participation of Defendant's counsel. Mediation in this matter has been scheduled for July 15, 20201.

## IV. CONCLUSION

Plaintiff respectfully requests that this Court not issues sanctions against Plaintiff and his counsel. Plaintiff and his counsel never intended to disobey a court order and made every effort to attend mediation. In the future, Plaintiff's counsel will seek judicial assistance.

Respectfully submitted.

DATED: April 16, 2021

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

By: _____
Ramin R. Younessi, Esq.
Liliuokalani H. Martin, Esq.
Jessica P. Gomez, Esq.
Attorneys for Plaintiff
EDGAR TRUJILLO

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy described as **RESPONSE TO ORDER TO SHOW CAUSE** was on April 16, 2021, served upon counsel of record below electronically by the Court's Case Management System:

Mark F. Lovell                                                                          *Attorney for Defendant*
mark.lovell@ogletree.com
Shera Y. Kwak
shera.kwak@ogletree.com
Graham M. Hoerauf,
graham.hoerauf@ogletree.com
OGLETREE, DEAKINS
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626

☒     BY NOTICE OF ELECTRONIC FILING: The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing automatically generated by CM/ECF at the time said document was filed and which constitutes service pursuant to FRCP 5(b)(2)(D).

Executed on April 16, 2021, at Newport Beach, California.

By:  /s/ Gannon del Fierro