Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Graham M. Hoerauf CA Bar No. 307649
graham.hoerauf@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

Ramin R. Younessi, Esq. (SBN 175020)
ryounessi@younessilaw.com
Liliuokalani H. Martin, Esq. (SBN 292778)
lmartin@younessilaw.com
Jessica P. Gomez, Esq. (SBN 309710)
jgomez@younessilaw.com
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Plaintiff
EDGAR TRUJILLO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| EDGAR TRUJILLO,<br><br>           Plaintiff,<br><br>      v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>           Defendants. | Case No. 2:20-cv-05008-JFW-KS<br><br>**STIPULATION OF PARTIES TO CONTINUE TRIAL AND RELATED DEADLINES**<br><br>Complaint Filed: April 3, 2020<br>Trial Date:         August 31, 2021<br>District Judge:   Hon. John F. Walter<br>Magistrate Judge: Hon. Karen L. Stevenson |

Pursuant to Local Rule 7-1, Plaintiff Edgar Trujillo ("Plaintiff") and Defendant Airport Terminal Services, Inc. ("ATS") (collectively, the "Parties") hereby stipulate as follows:

WHEREAS pursuant to this Court's Scheduling and Case Management Order (Doc. 20), the Court set this matter for trial on August 31, 2021 at 8:30 a.m. and set other related deadlines as follows:

| | | | |
|---|---|---|---|
| a. | Discovery Cut-Off: | | June 1, 2021 |
| b. | Motion Hearing Cut-off: | | June 14, 2021 |
| c. | Pre-Trial Conference Order, Motions in Limine, Witness Summary, Status Report re Settlement, Jury Instruction and Verdict Forms, Joint Statement of Disputed Instructions, Verdicts Etc.: | | July 29, 2021 |
| d. | Hearing on Motions in Limine, Disputed Jury Instructions: | | August 20, 2021 |
| e. | Pre-Trial Conference: | | August 20, 2021 |

WHEREAS pursuant to this Court's Order Vacating Scheduling Conference, Referral To Private Mediation, and Dismissing Any Unserved DOES Defendants (Doc. No. 19), the Court ordered the Parties to have completed private mediation by April 5, 2021 and to file a Joint Report re: Results of Settlement Conference on April 9, 2021;

WHEREAS, the parties have been working diligently to complete all of the depositions, mediation and discovery in this matter prior to the cut-off date(s);

WHEREAS, the parties have scheduled a mediation for July 15, 2021 with Hon. Richard Stone (Ret.), Esq. of Signature Resolution, in an attempt to resolve this matter, which was the earliest available date;

47051646_1.docx

1    Case No. 2:20-cv-05008-JFW-KS
STIPULATION OF PARTIES TO CONTINUE TRIAL AND RELATED DEADLINES

WHEREAS, the Parties desire to complete the private mediation session scheduled for July 15, 2021 prior to trial and sufficiently in advance of trial to avoid having to engage in costly trial preparation while settlement at the scheduled mediation remains a possibility;

WHEREAS, the Defendant noticed Plaintiff's deposition for August 2020, which due to uncertainty regarding the scope of Plaintiff's claims, including his PAGA claim, based on an overlapping lawsuit that was pending settlement, COVID and scheduling conflicts will now go forward on May 14, 2021;

WHEREAS, the Plaintiff intends to notice the deposition of ATS' 30(b)(6) Deposition after the parties agree upon the scope of topics and has asked for deposition dates for two additional witnesses in their individual capacities; Defendant has informed the Plaintiff that those individuals will not be available for another 30-60 days;

WHEREAS, the Parties have both issued and responded to extensive written discovery and supplemental responses;

WHEREAS, the Parties continued to engage in good faith meet and confer discussions to see if they could agree on the scope of this matter in light of an earlier filed action that included overlapping claims, including PAGA claims, which earlier filed action has since settled, which settlement is pending court approval. During the time the parties were discussing the proper scope, the parties did not conduct depositions or mediation in an attempt to save on expenses, with the hope that the Parties would reach an agreement;

WHEREAS, the Parties have now agreed the scope of the action is limited to Plaintiff's individual claims and PAGA representative claims on behalf of Ramp Manager employees classified as exempt;

WHEREAS, the Parties have agreed to utilize a *Belaire-West* notice procedure to be circulated to the Ramp Manager employees prior to their contact information being provided to Plaintiff's counsel;

WHEREAS, the Parties have agreed to use CPT as the Notice Administrator;

WHEREAS, the Parties are finalizing the language of the notice and anticipate submitting the list of allegedly aggrieved employees to the Notice Administration no later than May 14, 2021;

WHEREAS, Plaintiff has stated in supplemental discovery responses of April 28, 2021, that he is no longer in possession of certain phone records and text messages that will need to be subpoenaed from third party witnesses, including Plaintiff's cell phone providers. Plaintiff objects to a wholesale release of the records on privacy grounds. The Parties are meeting and conferring regarding the proper scope of any subpoena;

WHEREAS, the Parties will diligently cooperate in completion of any subpoenas and noticing the depositions of third party witness as needed to take place by August 2021;

WHEREAS, the parties will be unable to complete all depositions and potential subpoenas prior to the June 1, 2021 discovery cut-off;

WHEREAS, in light of the uncertainty regarding the scope of Plaintiff's claims, the COVID-19 pandemic, and the restrictions that the Parties had in scheduling and conducting depositions from March to November of 2020, the Parties were forced to delay the depositions.

WHEREAS, a 90-day trial continuance, and continuance of all trial-related deadlines, would allow the parties the opportunity to conduct all necessary depositions and complete discovery in advance of trial, as well as allowing sufficient time following mediation to adequately prepare for trial;

WHEREAS, the parties agreed that the aforementioned events and issues constitute good cause to continue the trial and trial related deadlines and that neither party will be prejudiced by the requested continuance;

/ / /

/ / /

WHEREAS, the parties have not previously requested any continuance of the trial or deadlines in this matter due to the challenges and restrictions caused by the COVID-19 pandemic and to allow the parties to complete the scheduled mediation;

WHEREAS, the parties agree to, and hereby request the Court, to continue the Trial and Trial Related Deadlines, as set forth below:

| | | | |
|---|---|---|---|
| a. | Discovery Cut-Off: | | August 30, 2021 |
| b. | Motion Hearing Cut-off: | | September 12, 2021 |
| c. | Pre-Trial Conference Order, Motions in Limine, Witness Summary, Status Report re Settlement; Jury Instruction and Verdict Forms, Joint Statement of Disputed Instructions, Verdicts Etc.: | | October 27, 2021 |
| d. | Hearing on Motions in Limine, Disputed Jury Instructions: | | November 18, 2021 |
| e. | Pre-Trial Conference: | | November 18, 2021 |
| f. | Trial (3 days): | | November 29, 2021 |

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED**, subject to the Court's approval, to continue the trial and trial related deadlines as set forth above.

**RESPECTFULLY SUBMITTED.**

DATED: May 6, 2021        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Graham Hoerauf[1]
Mark F. Lovell
Graham M. Hoerauf
Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

DATED: May 6, 2021        LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION

By: /s/ Jessica P. Gomez
Ramin R. Younessi, Esq.
Liliuokalani H. Martin, Esq.
Jessica P. Gomez, Esq.
Attorneys for Plaintiff
EDGAR TRUJILLO

---

[1] Pursuant to Central District of California Local Rule 5-4.3.4(a)(2)(i), I certify that the content of this document is acceptable to all signatory counsel hereto, and that I have obtained authorization from counsel to affix their electronic signature to this document.

# PROOF OF SERVICE
*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-05008-JFW-KS

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On May 6, 2021, I served the following document(s):

**STIPULATION OF PARTIES TO CONTINUE TRIAL AND RELATED DEADLINES**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐ the written confirmation of counsel in this action:
☐ [Federal Court] the written confirmation of counsel in this action and order of the court:

47051646_1.docx

6    Case No. 2:20-cv-05008-JFW-KS
STIPULATION OF PARTIES TO CONTINUE TRIAL AND RELATED DEADLINES

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 6, 2021, at San Diego, California.

*[signature]*

Pamela Blanton

**SERVICE LIST**

| | |
|---|---|
| Ramin R. Younessi, Esq.<br>Liliuokalani H. Martin, Esq.<br>Jessica P. Gomez, Esq.<br>LAW OFFICES OF RAMIN R. YOUNESSI<br>A PROFESSIONAL LAW CORPORATION<br>3435 Wilshire Blvd., Suite 2200<br>Los Angeles, CA  90010<br>Telephone:   213-480-6200<br>Facsimile:    213-4806201<br>ryounessi@younessilaw.com<br>lmartin@younessilaw.com<br>jgomez@younessilaw.com | Attorneys for Plaintiff Edgar Trujillo |

47051646.1

47051646_1.docx

STIPULATION OF PARTIES TO CONTINUE TRIAL AND RELATED DEADLINES