Ramin R. Younessi, Esq. (SBN 175020)
ryounessi@younessilaw.com
Liliuokalani H. Martin, Esq. (SBN 292778)
lmartin@younessilaw.com
Jessica Gomez, Esq. (SBN 309710)
jgomez@younessilaw.com

LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Plaintiff, EDGAR TRUJILLO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC. a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-05008-JFW-KS<br><br>Plaintiff's Ex Parte Application For Reconsideration to Continue and/or Reopen Discovery and to Continue the Trial Date<br><br>State Complaint Filed: April 03, 2020<br>Trial Date: August 31, 2021<br>District Judge: Hon. John F. Walter<br>Magistrate Judge: Hon. Karen L. Stevenson |

Plaintiff, Edgar Trujillo, (hereinafter '"Trujillo'), requests that the Court grant Plaintiff's ex-parte application for a continuation of the trial date, to reopen discovery for an additional sixty days, or alternatively grant and Order shortening time to file a motion to continue trial and to reopen discovery/continue the discovery cut-off. Notice has been given of this ex-parte application to counsel for Defendant. *See* Declaration of Jessica Gomez ('"Gomez Dec'') This ex-parte application is made on the following grounds:

(1) This matter is currently scheduled for trial on August 31, 2021. Plaintiff has propounded discovery and is still waiting for documents to be produced by Defendant in

PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

light the Defendant's counsel's insistence that documents could not be released without a protective order.  Defendant has represented that discovery will be produced before the discovery cutoff.  However, Plaintiff will face extreme prejudice on the following grounds (1) if it cannot contest the designation of the documents withheld; (2) compel further documents that have not been produced and that were first learned at the depositions of the Defendant's person most knowledge that took place on May 25, 26, and 27th,  (3) the parties have agreed to *Belaire-West* notices that will not be released until after the discovery cut-off. Plaintiff will not have the opportunity to depose those individuals and call them for depositions if the discovery-cutoff is closed and (4) Plaintiff has not been able to complete the depositions because all documents have not been produced and withheld on the grounds of a protective order.

The Magistrate Judge loses jurisdiction by June 1, 2021 and Plaintiff will have no remedy to contest the designation.  For these reasons,  Plaintiff demonstrates good cause and requests that this Court continue trial and the discovery cut-off.

This ex parte motion conforms to the requirements set forth in Local Rules 7-19 and 7-19.1. This application is based upon this Memorandum of Points and Authorities, the accompanying declaration of Jessica P. Gomez, all exhibits attached thereto, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 3, 2020, Plaintiff, Edgar Trujillo, filed the instant lawsuit. The Court set a Scheduling and Case Management Order on July 29, 2020 which set the following dates:

(1)  Discovery Cut-off June 1, 2021

(2) Last Day for Hearing Motions June 14, 2021

(3) Trial Date August 21, 2021

PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

The parties have engaged in the following:

- On July 28, 2020, Plaintiff propounded Special Interrogatories and Request for Production of Documents and Things on Airport Terminal Services. Plaintiff granted extensions making responses due October 19, 2020. Defendant responded to discovery and initially refused to respond to discovery relating to the Private Attorney General Act cause of action and withheld documents. (Decl. of Jessica Gomez ¶3)

- Defendant supplemented some of its responses on and produced additional documents. However, responses continued to be deficient. Defendant's produced a privilege log that represented that the only documents being withheld were attorney-client work product and privileged communication. (Decl. of Jessica Gomez ¶4)

- Plaintiff's counsel continued to meet and confer with Defendant's counsel as to missing discovery documents but could not get an agreement as to the scope of PAGA until after the mediation deadline. (Decl. of Jessica Gomez ¶5)

- On April 27,2021, I provided Defendant's a second meet and confer letter outlining the issues with discovery. Thereafter, I met and conferred with Defendant's counsel telephonically, who represented that documents would be produced. Specifically, Plaintiff's counsel seeks emails between Plaintiff and his supervisor. (Decl. of Jessica Gomez ¶6, Exhibit 1)

- After the meet and confer, on May 6, 2021, Defendant's counsel stated that a protective order was needed was needed for the release of contact information pursuant to *Belaire-West notices* as well as for the release of documents. Initially, the parties could not agree to language on the protective order. The parties extensively met and conferred on the scope of the protective order and met with the Magistrate Judge on May 26, 2021 relating to the proposed language. . (Decl. of Jessica Gomez ¶7, Exhibit 2)

- On May 26, 2021, the parties finalized and filed the protective order. Plaintiff anticipates that documents will be produced as represented by Defendant's counsel but to date has not received them. (Decl. of Jessica Gomez ¶8)

PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

- Plaintiff has taken incomplete/suspended depositions of the person most knowledgeable, Plaintiff's supervisors Pete Carmichael and as of the date of this filing James Bournias on May25, May 26, and May 27.  Moreover, Plaintiff could not depose the deponents on critical documents including the job description of the misclassified position, which Defendant's counsel produced after the deposition of the person most knowledgeable. Plaintiff's counsel stated that a second session was needed and Defendant's counsel stated that the deponents would never be brought back. (Decl. of Jessica Gomez ¶9)

- At the deposition, the deponents identified documents that were not produced in discovery including Vidal/Vital Reports, Labor Reports, and weekly schedule among other items.  Plaintiff expects that Defendant will contest and oppose the release of those documents.  Accordingly, Plaintiff must seek the assistance of the Magistrate to rule on discovery.  (Decl. of Jessica Gomez ¶10)

- Plaintiff's counsel has been diligent in their discovery efforts by propounding discovery, meeting and conferring with counsel, and conferring with the Magistrate Judge. (Decl. of Jessica Gomez ¶11)

- While Defendant's counsel represented that documents would be produced prior to June 1, 2021, Plaintiff's counsel will not have time to confer with the Magistrate Judge to contest documents or its designation.  Moreover, Plaintiff's counsel will have no remedy to compel further depositions in light of the missing documents. (Decl. of Jessica Gomez ¶12)

- Plaintiff's counsel, will be severely prejudiced if they does not receive the documents or have the ability to contest the designation.  Moreover, Plaintiff's counsel will not have all critical discovery, despite the Defendant's response designation that documents without privilege were produced.  Plaintiff could not test whether all documents were indeed produced until taking depositions of the Defendant's person most knowledgeable and agents. (Decl. of Jessica Gomez ¶13)

- The parties previously stipulated to a brief trial continuance, but the Court denied it based on lack of good cause.  While Plaintiff does not wish to continue the trial date, Plaintiff has no choice in light of these missing/withheld documents. (Decl. of Jessica Gomez ¶14)

## II. DISCUSSION

### A. If The Trial Is Not Continued And Discovery Not Reopened, Plaintiff Will Be Severely Prejudiced At Trial.

The Ninth Circuit has held ""[o]ne of the purposes of the Federal Rules of Civil Procedure was to take the sporting element out of litigation, partly by affording each party full access to evidence in control of his opponent.'' See *Martin v. Reynolds Metal Corp*., 297 F. 2d 49, 56 (9th Cir. 1961). As discussed above, Plaintiff's counsel is missing critical discovery withheld in light of a protective order and Plaintiff can not verify whether the documents will be produced in its entirety nor contest designations.  Further, Plaintiff needs other documents that were disclosed in discovery.  For example, Plaintiff will require emails between the Plaintiff and his supervisors that Defendant has withheld in light of a protective order. Plaintiff has requested these documents and has not been able to conclude depositions without all the critical discovery. Finally, Plaintiff may be required to notice the deposition of individuals through contact information from the *Belaire-West* opt out notices.  Plaintiff will not be able to take the depositions of those individuals because the final contact list will be distributed after the discovery cut-off.

Accordingly, if discovery is not reopened/continued in this case, then Plaintiff will be severely prejudiced because it will not have all of the critical discovery needed to prosecute his case for trial, defend against Defendant's defenses and finalize depositions.

### B. A Continuance Is Warranted Because Plaintiff Has Been Diligent In Its Effort To Obtain Discovery From Defendant

PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

As indicated above, counsel for Plaintiff remained in close communication with counsel for Defendant in an effort to obtain outstanding discovery and to resolve other discover matters.  Plaintiff has continued with depositions but could not conclude depositions because all discovery was not produced prior to the depositions.  Aside from the release of documents, Plaintiff may need to call on Defendant for further depositions in connection to these depositions. Plaintiff expects resistances from Defendants who represented that said individuals would never be brought back for a second session. Plaintiff will require the assistance of the Magistrate.

Without any of the documents requested in Plaintiff's request for document production, it will be unable to properly prepare for the deposition of critical witnesses it plans to depose, nor will it be able to properly prepare itself for trial.

On May 26, 2021, counsel for Plaintiff contacted counsel for Defendant and gave notice of its intention to file this ex parte application to continue the trial date and reopen discovery. Gomez  Dec. ¶14, Exhibit 3.

As described in this application, Plaintiff  has been diligent in its effort to secure the requested discovery documents and take depositions of the Defendant. However, to this day, Plaintiff has not received the documents subject to the protective order withheld by Defendants. Although, Plaintiff prefers not to extend the trial date,  there is no other alternative.  A short continuance of the trial and the discovery -cutoff would permit the Plaintiff to obtain all critical discovery.

## III. CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully request that this Court grant a continuance of the pre-trial conference and trial dates, and to reopen Discovery, including the a continuance of the discovery and motion cut-off dates, as well as the pre-trial dates for approximately ninety (90) days or as Court deems appropriate. In the alternative, the

PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

1  Plaintiff respectfully requests an order shortening time to notice a motion for continuance

2  of a trial date and specially set a hearing date for a motion to continue the trial date.

3

4

5

6

7  DATED: May 27, 2021                    **LAW OFFICES OF RAMIN R.**
                                           **YOUNESSI**
8                                          **A PROFESSIONAL LAW**
                                           **CORPORATION**
9

10                                         By: /s/ JESSICA P. GOMEZ

11                                         RAMIN R. YOUNESSI, ESQ.
                                           LILIUOKALANI H. MARTIN, ESQ.
12                                         JESSICA GOMEZ, ESQ.
                                           Attorneys for Plaintiff
13                                         EDGAR TRUJILLO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR
REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE