Ramin R. Younessi, Esq. (SBN 175020)
ryounessi@younessilaw.com
Liliuokalani H. Martin, Esq. (SBN 292778)
lmartin@younessilaw.com
Jessica Gomez, Esq. (SBN 309710)
jgomez@younessilaw.com
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Plaintiff, EDGAR TRUJILLO

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC. a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-05008-JFW-KS<br><br>Declaration of Jessica P. Gomez in Support of Plaintiff's Ex Parte Application To For Reconsideration to Continue and/or Reopen Discovery and to Continue the Trial Date<br><br>State Complaint Filed: April 03, 2020<br>Trial Date: August 31, 2021<br>District Judge: Hon. John F. Walter<br>Magistrate Judge: Hon. Karen L. Stevenson |

Declaration of Jessica P. Gomez in Support of Plaintiff's Ex Parte Application To For Reconsideration to Continue and/or Reopen Discovery and to Continue the Trial Date.

I, Jessica P. Gomez, declare as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am an associate of the Law Offices of Ramin Younessi, the attorneys of record for Plaintiff Edgar Trujillo. I have personal knowledge of the facts stated herein. If called upon to do so, I could and would competently testify that:

2. The Honorable Judge John F. Walter set the following dates in his Scheduling and Case Management Order for this matter: (1) The discovery cutoff: June 1, 2021; (2)

DECLARATION OF JESSICA P. GOMEZ IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

last day for hearing (motion cutoff date): June 15, 2021; (3) trial date: August 31, 2021. Attached hereto as Exhibit 1 is a true and correct copy of the Scheduling and Case Management Order.

3.    On July 28, 2020, Plaintiff propounded Special Interrogatories and Request for Production of Documents and Things on Airport Terminal Services.  Plaintiff granted extensions making responses due October 19, 2020. Defendant responded to discovery and initially refused to respond to discovery relating to the Private Attorney General Act cause of action and withheld documents.

4.    Defendant supplemented some of its responses on and produce additional documents. However, responses continued to be deficient.  Defendant's produced a privilege log that represented that the only documents being withheld were attorney client privileged communication and work product.

5.    Plaintiff's counsel continued to meet and confer with Defendant's counsel as to missing discovery documents but could not get an agreement as to the scope of PAGA until after the mediation deadline.

6.    On  April 27, 2021, I provided Defendant's a second meet and confer letter outlining the issues with discovery.  Thereafter, I met and conferred with Defendant's counsel telephonically, who represented that documents would be produced. Specifically, Plaintiff's counsel seeks emails between Plaintiff and his supervisor.  Attached hereto as Exhibit 1 is a true and correct copy of the meet and confer letter and email.

7.    After the meet and confer, on May 6, 2021, Defendant's counsel stated that a protective order was needed was needed for the release of contact information pursuant to *Belaire-West notices* as well as for the release of documents.  Initially, the parties could not agree to language on the protective order. The parties extensively met and conferred on the scope of the protective order and met with the Magistrate Judge on May 26, 2021 relating to the proposed language.  Attached hereto as Exhibit 2 is a true and correct copy of the email relating to the request for protective order.

DECLARATION OF JESSICA P. GOMEZ IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

8.     On May 26, 2021, the parties finalized and filed the protective order. Plaintiff anticipates that documents will be produced as represented by Defendant's counsel but to date has not received them.

9.     Plaintiff has taken incomplete/suspended depositions of the person most knowledgeable, Plaintiff's supervisors Pete Carmichael and as of the date of this filing James Bournias on May 25, May 26, and May 27.  Moreover, Plaintiff could not depose the deponents on critical documents including the job description of the misclassified position, which Defendant's counsel produced after the deposition.

10.    At the deposition, the deponents identified documents that were not produced in discovery including Vidal/Vital Reports, Labor Reports, and weekly schedule among other items.  Plaintiff must seek the assistance of the Magistrate to rule on discovery.

11.    Plaintiff's counsel has been diligent in their discovery efforts by propounding discovery, meeting and conferring with counsel, and conferring with the Magistrate Judge.

12.    While Defendant counsel has represented that documents would be produced prior to June 1, 2021, Plaintiff's counsel will not have time to confer with the Magistrate Judge to contest documents or its designation.  Moreover, Plaintiff's counsel will have no remedy to compel further depositions in light of the missing documents.

13. Plaintiff's counsel, will be severely prejudiced if they does not receive the documents or have the ability to contest the designation.  Moreover, Plaintiff's counsel will not have all available discovery, despite the Defendant's response designation that documents without privilege were produced.  Plaintiff could not test whether all documents were indeed produced until taking depositions of the Defendant's person most knowledgeable and agents.

14.    The parties previously stipulated to a brief trial continuance, but the Court denied it based on lack of good cause.  While Plaintiff does not wish to continue the trial date, Plaintiff has no choice in light of these missing/withheld documents

DECLARATION OF JESSICA P. GOMEZ IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

15. Compliance with Local Rule 7-19.1: On June 17, 2004, 1 contacted Defendant's attorney, Mr. Graham Hoerauf and Mark Lovell, and advised him that Plaintiff would be filing this instant Ex Parte Application and the substance of this Application. Defendant's counsel maintains that it will oppose the ex-parte based on representation that it was never aware of the missing discovery. Attached hereto as Exhibit 3 is a true and correct copy of the email dated June 17, 2004.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 27th day of May, 2021 in La Mirada, California.

DATED: May 27, 2021

**LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION**

By: /s/ JESSICA P. GOMEZ
RAMIN R. YOUNESSI, ESQ.
LILIUOKALANI H. MARTIN, ESQ.
JESSICA P. GOMEZ, ESQ.
Attorneys for Plaintiff
EDGAR TRUJILLO

DECLARATION OF JESSICA P. GOMEZ IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

# Exhibit 1

## Jessica Gomez

| | |
|---|---|
| **From:** | Jessica Gomez |
| **Sent:** | Tuesday, April 27, 2021 8:22 PM |
| **To:** | 'Hoerauf, Graham M.'; Lovell, Mark F. |
| **Cc:** | Liliuokalani Martin; Gannon Del Fierro |
| **Subject:** | Trujillo Meet and Confer - second attempt |
| **Attachments:** | MC Trujillo Letter No. 2.pdf |

Counsel – Please see attached and note the deadline to respond by May 5, 2021.  Please advise as to your ability to meet and confer this week.  Thanks.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



_____

This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It

contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

LAW OFFICES OF

# RAMIN R. YOUNESSI

## A PROFESSIONAL LAW CORPORATION

3435 WILSHIRE BOULEVARD, SUITE 2200
LOS ANGELES, CALIFORNIA 90010
TELEPHONE: (323) 777-7777
FACSIMILE: (213) 480-6201
EMAIL: JGOMEZ@YOUNESSILAW.COM

PLEASE NOTE THIS FIRM DOES <u>NOT</u>
ACCEPT SERVICE BY FACSIMILE OR EMAIL

April 27, 2021

Sent Via Email Only
Graham Hoerauf
Mark Lovell
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
graham.hoerauf@ogletree.com
mark.lovell@ogletreedeakins.com

**RE:**   **Trujillo v. ATS**
         *Plaintiff's Meet and Confer to ATS' original and supplemental responses/ Privilege Log*

Dear Counsel,

    This is the second follow-up to the identical discovery that the Plaintiff has propounded in or around September 2020. I have met and conferred with your office on these issues numerous times and have only been met with resistance on this discovery. Defendant now claims that it has no idea what issue the Plaintiff takes with discovery relating to the PAGA.

    First, Defendant has not even bothered to supplement many of the responses despite the Plaintiff's initial request. Plaintiff assumes that Defendant is not interested in supplementing its responses and will sit on its responses as written. Second, Defendant has always known about the Plaintiff's position relating to the PAGA and could have responded to uncontroversial discovery issues relating to the exempt employees. As identified in the LWDA letter and Plaintiff's Complaint, Plaintiff is a former ramp manager who alleges that he was misclassified as exempt. Now that the parties have agreed to limit the PAGA, Defendant should now have no trouble responding to the following inquires and requests.

Plaintiff's Second Attempt to Meet and Confer

## SPECIAL INTERROGATORIES

Special Interrogatories No. 11 13,- You have already stated that you know that the Plaintiff requires a supplemental response and have still failed to provide a response. Please supplement immediately.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Supplemental Responses Request for Production No. 5, 6, and 47- Defendant has improperly limited the discovery requests on this matter to only certain information, however this response in no way covers the communications between the Plaintiff and his managers. Problematically, Defendant has not produced a single email and/or text in its document production when the Plaintiff and his managers primarily communicated on those grounds. Moreover, the Defendant's privilege log does not even encompass those communications. Please update your response and produce said documents or confirm that they do not exist.

Defendant's Privilege Log- Defendant has produced a privilege log that does not clearly identify what documents are being withheld under privilege. It is unclear whether this encompasses all of the Request for Production of Documents or only some. These are clearly not the only privileged and/or withheld documents because Defendant has not produced a single email and/or documents supporting the essential functions of the Plaintiff's position.

Request for Production No. 30,33,35, 37, 39, 41, 58,63- Our offices since the inception of discovery have had numerous discussions on the PAGA discovery and have now limited the scope to misclassified exempt employees. There should be no reason that the Defendant cannot supplement and why it has not bothered to do so.

I have already provided the relevant case law in my initial meet and confer as well as on telephonic calls with your office. In light of the resistance to supplement discovery and timely participation in Belaire-West our office will have no choice but to require that responses be provided to our office no later than **Wednesday, May 5, 2021** or seek assistance from the Magistrate.  Please meet and confer with our office in the meantime if you require further clarification.

## **CONCLUSION**

In conclusion, I would like to resolve these matters without the need for motion work but will need your cooperation to meet and confer. In light of the uncertainty as to Belaire West notices and the pending discovery cut-off Plaintiff requires responses no later than **May 5, 2021**.

Plaintiff's Second Attempt to Meet and Confer

If I do not hear from you I will have no choice by to call on the Magistrate Judge and will do by May 6, 2021 before noon. Please advise as to your availability to meet and confer this week.

Very truly yours,

**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**

**Jessica P. Gomez**
**Attorney at Law**

# Exhibit 2

# Jessica Gomez

**From:** Jessica Gomez
**Sent:** Friday, May 7, 2021 2:12 PM
**To:** 'Hoerauf, Graham M.'
**Cc:** Liliuokalani Martin; Lovell, Mark F.
**Subject:** RE: Trujillo - Stipulated Protective Order

I will need to get back to you on this. This is the first time I am hearing about the PO and we are not open to some of this language. What documents could possibly be under an AEO provision? Lets start with specifying documents.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



_____

This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It

contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**From:** Hoerauf, Graham M. <graham.hoerauf@ogletree.com>
**Sent:** Thursday, May 6, 2021 5:04 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Subject:** Trujillo - Stipulated Protective Order

Hi Jessica,

Bit of housekeeping and something that I believe I raised on calls and in the comments to the Belaire notices, we need to ensure that your office will not be utilizing this notice procedure for any improper purpose such as client solicitation or discussion of any issues not within the scope of your complaint. I had assumed a stipulated protective order was on filed but apparently not.  We will need to have one of file prior to the disclosure of the list.

Attached is a stipulated protective order. This versions is something used where we already had back and forth with opposing counsel to narrow language on before. Or, if you don't like my version, we can spend a day or two revising it to our mutual satisfaction.  If it's the latter, and you please try to review and give me any proposed edits so we can get something operative on file?

I understand that both parties have produced documents already and that I have additional documents to produce to you, so what I propose is that entry of this order be without prejudice to either party to be able to go back and designate certain already produced documents as confidential etc. pursuant to the order.

Please let me know your thoughts or any concerns. Happy to jump on a call if you want to take through any points.

Thanks,

Graham

**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 | Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Exhibit 3

# Jessica Gomez

| | |
|---|---|
| **From:** | Hoerauf, Graham M. <graham.hoerauf@ogletree.com> |
| **Sent:** | Wednesday, May 26, 2021 4:51 PM |
| **To:** | Jessica Gomez; Lovell, Mark F. |
| **Cc:** | Liliuokalani Martin; Laura Najera; Sara Brown |
| **Subject:** | RE: Plaintiff's Ex-Parte Notice to Continue/Reopen Discovery |

Thank you for at least that clarification.

Think our emails crossed (again), but please provide notice of what you are saying is "missing discovery". I've asked for this several times but you remain evasive. Confidential documents will be produced upon entry of the protective order, I've sent several new job descriptions you asked for yesterday, etc. I need to know your position on what you are claiming we agreed to produce that we have not.

Please provide us a copy of your papers as soon as possible so that we are able to provide a written response to the court of our position. It really is impossible for me to understand what I am supposed to be deciding to oppose or not at this juncture without more information. But for purposes of your papers, you can put that we will oppose and would requests to be able to file a written response.

Thanks,

Graham

**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 |
Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Wednesday, May 26, 2021 4:44 PM
**To:** Hoerauf, Graham M. <graham.hoerauf@ogletreedeakins.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Laura Najera <LNajera@younessilaw.com>; Sara Brown <sbrown@younessilaw.com>
**Subject:** RE: Plaintiff's Ex-Parte Notice to Continue/Reopen Discovery

*[Caution: Email received from external source]*

Our understanding is that our office needs to file the ex-parte and that the Judge Waters will determine whether a hearing Is necessary.  As you know only the District Court Judge can reopen discovery.  If we have dates we would immediately notify you.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200
Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

**From:** Hoerauf, Graham M. <graham.hoerauf@ogletree.com>
**Sent:** Wednesday, May 26, 2021 4:42 PM
**To:** Jessica Gomez <JGomez@younessilaw.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Laura Najera <LNajera@younessilaw.com>; Sara Brown <sbrown@younessilaw.com>
**Subject:** RE: Plaintiff's Ex-Parte Notice to Continue/Reopen Discovery

Jessica,

I think we intend to oppose and what you are claiming is all speculative, but rather unclear on what it is specifically you are trying to notice and where.

3

What is the date and time of a hearing?  Where are you filing this ex parte?
What is the address? Will this be with district judge as magistrate indicated?

**Graham M. Hoerauf | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
Park Tower, 695 Town Center Drive, Fifteenth Floor | Costa Mesa, CA 92626 |
Telephone: 714-800-7911 | Fax: 714-754-1298
graham.hoerauf@ogletree.com | www.ogletree.com | Bio

---

**From:** Jessica Gomez <JGomez@younessilaw.com>
**Sent:** Wednesday, May 26, 2021 4:39 PM
**To:** Hoerauf, Graham M. <graham.hoerauf@ogletreedeakins.com>; Lovell, Mark F. <mark.lovell@ogletreedeakins.com>
**Cc:** Liliuokalani Martin <LMartin@younessilaw.com>; Laura Najera <LNajera@younessilaw.com>; Sara Brown <sbrown@younessilaw.com>
**Subject:** Plaintiff's Ex-Parte Notice to Continue/Reopen Discovery

*[Caution: Email received from external source]*

---

Please take notice that Plaintiff will go in ex-parte for an order to continue/reopen discovery.  Aside from missing discovery as outlined in all of our prior correspondence related to discovery, Plaintiff has concern that documents may be designated as confidential and will not be produced until after Friday and/or not at all in light of the discovery cut-off.  Plaintiff intends to file tomorrow.  Please advise if you intend to oppose.  Thanks.

Should you have any questions regarding this matter, please do not hesitate to contact the undersigned. Your continuous courtesy and cooperation is dearly appreciated.

Regards,
Jessica Gomez
Attorney at Law
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Blvd. Suite 2200

Los Angeles, California 90010
(213) 480-6200 Telephone
(213) 480-6201 Facsimile
jgomez@younessilaw.com



This e-mail, and any documents which may accompany it, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521. It contains information from the Law Offices of Ramin R. Younessi, A Professional Law Corporation, and is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, any disclosure, dissemination, distribution copying or other use of this communication or its substance is prohibited and may be illegal. If you have received this communication in error, please notify the sender by email or call us collect to arrange for the destruction of the communication or its return to us at our expense. Thank you.

IRS CIRCULAR 230 NOTICE. Pursuant to requirements related to practice before the Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the United States Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*