# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-cv-05008-JFW-KS<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: April 3, 2020<br>Trial Date:　　　August 31, 2021<br>District Judge:　Hon. John F. Walter<br>Magistrate Judge: Hon. Karen L. Stevenson |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation for Protective Order ("Stipulation") filed on May 27, 2021, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 10 of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

### 1. GOOD CAUSE STATEMENT

This action is likely to involve financial/payroll information pertaining to employees other than Plaintiff, customer and pricing information and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties such as ATS customers and ATS employees), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

    2.1. "Party" shall mean and refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2. "Discovery Material" shall mean and refer to any and all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3. "Confidential" Information or Items shall mean and refer to any and all information (regardless of how generated, stored or maintained) or tangible things that qualify for protection as described in Section 2.2.

    2.3. "Producing Party" shall mean and refer to any Party produces Discovery Material in this action.

    2.4. "Receiving Party" shall mean and refer to any Party that receives Discovery Material from a Producing Party.

    2.5. "Designating Party" shall mean and refer to any Party that designates information or items that it produces in responses to discovery as "Confidential."

    2.6. "Private Material" shall mean and refer to any document or other Discovery Material that contains the names and addresses of any current or former employees of Defendant, except a Party.

    2.7. "Protected Material" shall mean and refer to any and all Discovery Material that is designated as "Confidential."

    2.8. "Outside Counsel" shall mean and refer to all attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    2.9. "House Counsel" shall mean and refer to all attorneys who are employees of a Party.

2.10. "Counsel" (without qualifier) shall mean and refer to Outside Counsel and House Counsel (as well as their support staffs).

2.11. "Currently Existing Claims" shall mean only the following claims/causes of action and no others: (a) allegations of failure to pay wages (unpaid wages; minimum wages, and overtime); (b) allegations of meal break and rest period violations; (c) allegations that noncompliant wage statements; (d) allegations of failure to timely pay wages upon termination of employment; (e) Private Attorney General act for the alleged violations in (a)-(e); (f) unfair competition; and (g) individual claim for failure to provide one day of rest for every workweek. No other claims, allegations, or causes of action, whether explicit or implicit, shall fall within the definition of Currently Existing Claims.

2.12. "Expert" shall mean and refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of an adverse Party or of a competitor of an adverse Party's and who, at the time of retention, is not anticipated to become an employee of an adverse Party or a competitor of an adverse Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13. "Professional Vendors" shall mean and refer to any and all persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Parties or Counsel to or in court or in other settings that actually reveal Protected Material.

**4. DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in

writing or a court order otherwise directs.

**5.  DESIGNATING PROTECTED MATERIAL**

5.1.  Exercise of Restraint and Care in Designating Material for Protection.  Each Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.  Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (*see, e.g*., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Stipulated Protective Order requires:

(a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" conspicuously on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL").

(b)  When it is impractical to identify separately each portion of testimony that is

1 entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, any Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

5.3. Inadvertent Failures to Designate. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge. If at any time any party or third-party disagrees with a designation of CONFIDENTIAL that party or third-party shall provide written notice of its disagreement to the producing party. The producing party or third-party who made the designation shall respond in writing to a challenge within five (5) court days. The parties shall first try to resolve the dispute on an informal basis. **If the dispute cannot be resolved, the party supporting the confidentiality designation is required to request appropriate relief from the Court. The party or third party challenging the designation shall treat the**

**information or materials subject to the challenged designation as confidential, as such was designated, until such time as the Court resolves the dispute.**

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only as may be strictly necessary for the exclusive purpose of prosecuting or defending the Currently Existing Claims, *and not for any other improper purpose* or in connection with any other litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.  As detailed below, the Court and its personnel are not subject to this Stipulated Protective Order.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    the officers, directors, and managers  (excluding putative class members and, if a class is certified, all class members) of the Designating Party during direct- or cross-examination during a deposition or trial, to whom disclosure is reasonably necessary for this litigation;

(d)    Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement

to Be Bound by Protective Order" (Exhibit A);

      (e)      the Court and its personnel;

      (f)      court reporters (court reporters employed by the Court are not subject to this Stipulated Protective Order), their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have been informed that the information is subject to a Stipulated Protective Order and must remain confidential;

      (g)      potential witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

      (h)      putative class members in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);  and

      (h)      the author of the document, or the original source of the information or Private Material and who has previously been shown the document by Producing Party.

      7.3.      Procedures for Disclosure of Protected Material to "Experts":

      Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Stipulated Protective Order) any information or item that has been designated Protected Material first must inform the Designating Party that: (1) Protected Material information will be provided to an Expert; (2) that the Expert has executed Exhibit "A"; (3) that the Receiving Party of the Protected Material information has the Expert's executed Exhibit "A" in its possession prior to the release of any Protected Material information to the Expert; (4) and that the Expert has agreed not to disclose the Protected Material to anyone who has not agreed to be bound by Exhibit "A."   Provided the Receiving Party complies with the provisions of this Section 7.3, the Receiving Party has no obligation to disclose the identity of any of its Experts (as defined in this Stipulated Protective Order) pursuant to this Section 7.3, but this Section 7.3 shall not affect any duty to disclose experts contained in applicable rules, by stipulation of the parties or order of the Court.

7.4     Restrictions on Use of Private Materials.  In addition to any other limitations or restrictions on the use or treatment of the Private Materials contemplated by this Stipulated Protective Order, the Private Materials shall not be used:  (a) to contacting current employees of Defendant at work or during working hours; (b) to solicit new clients or plaintiffs; (c) to pursue, investigate or in any way inquire about any claims, facts, allegations or theories of relief other than those explicitly described in the definition of "Currently Existing Claims."  Nothing in this protective order shall prevent plaintiff's counsel from representing other Plaintiffs who happened to be members of the *Belaire-West* or engage in the practice law by not agreeing to represent potential Plaintiff.  The Parties acknowledge that anything not specifically mentioned in the definition of Currently Existing Claims is intentionally excluded from such definition.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) as soon as practicable, and each party will use its best efforts to provide this notice within three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  The Receiving Party also must make reasonable efforts to inform in writing promptly the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidential interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," which is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

A Receiving Party may not file in the public record of this action any Protected Material designated as "CONFIDENTIAL" without complying with Federal Rules of Civil Procedure and Local Rules regarding lodging or filing material under seal**, including making the requisite showing of "good cause" or "compelling reasons" for a court order allowing such material to be filed under seal**.  Each Party agrees not to oppose any motion to seal Protected Material, except and only to the extent that a Party has previously challenged, in any manner, the designation of the Protected Material that is the subject of the motion to seal.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action and upon demand, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding

this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

12. **CLAWBACK PROVISION**

To expedite and facilitate the production of electronic and hard copy information between the parties, and to protect against inadvertent disclosure of attorney-client privileged communications or work product materials, the parties agree to this "Clawback Provision". Specifically, the parties agree that the inadvertent disclosure or production of any information or document that a party may claim to be covered by attorney-client privilege or work product protection will not be deemed to waive that party's claim to its privileged or protected nature or otherwise estop that party or the privilege holder from designating the information or document as privileged or protected at a later date. Any party inadvertently producing privileged or protected information or documents shall notify the receiving party as soon as practicable and make a request, in writing, for the return or destruction of the privileged or protected documents or information. Upon receipt of such a request, the receiving party shall return or destroy the documents or information – and any copies, summaries, or compilations of such – within three calendar days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.

13. **MISCELLANEOUS**

13.1. Counsel agree to maintain a file of all Certifications (Exhibit A) required by this Agreement. The file containing the Certifications (Exhibit A) and the specific Certifications therein shall not be available for review by opposing counsel absent agreement of the parties or an order of the Court to this action determining that there is a good faith basis for the Certifications, or any part of them, to be reviewed.

13.2. Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.3. Right to Assert Other Objections. By stipulating to the entry of this Stipulated

Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.4 Any violation of this Stipulated Protective Order shall be deemed a material violation of a Court order and shall enable the Designating Party to request sanctions by the Court.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: May 27, 2021

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　KAREN L. STEVENSON
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **May 27, 2021** in the case of *Edgar Trujillo v. Airport Terminal Services Case No. 2:20-cv-05008-JFW-KS*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____