Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Graham M. Hoerauf CA Bar No. 307649
graham.hoerauf@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO,<br><br>             Plaintiff,<br><br>      v.<br><br>AIRPORT TERMINAL SERVICES,<br>INC., a Missouri corporation; and<br>DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No. 2:20-cv-05008-JFW-KS<br><br>**DECLARATION OF GRAHAM M.<br>HOERAUF IN SUPPORT OF<br>DEFENDANT AIRPORT TERMINAL<br>SERVICES, INC.'S OPPOSITION TO<br>PLAINTIFF'S EX PARTE<br>APPLICATION FOR<br>RECONSIDERATION TO CONTINUE<br>AND/OR REOPEN DISCOVERY AND<br>TO CONTINUE THE TRIAL DATE**<br><br>Complaint Filed:  April 3, 2020<br>Trial Date:          August 31, 2021<br>District Judge:    Hon. John F. Walter<br>Magistrate Judge: Hon. Karen L. Stevenson |

47287258_1.docx

Case No. 2:20-cv-05008-JFW-KS

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT
AIRPORT TERMINAL SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S EX
PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR
REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

## DECLARATION OF GRAHAM HOERAUF

I, Graham Hoerauf, pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1. I am an attorney with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel of record for Defendant Airport Terminal Services, Inc. ("Defendant") in this action. I have personal knowledge of the matters set forth in this Declaration.

2. I submit this declaration in support of Defendant's Opposition to Plaintiff's Ex Parte Application for Reconsideration to Continue and/or Reopen Discovery and to Continue Trial Date.

3. Based on information and belief, neither I nor my law firm received notice from Plaintiff's counsel that Defendant's opposition to Plaintiff's application would need to be filed within 24 hours of Plaintiff's filing. Based on information and belief, neither I nor my law firm received hand or fax service of Plaintiff's ex parte application. I was never asked for Defendant's position and a statement of Defendant's position was not included in Plaintiff's ex parte application.

4. On July 28, 2020, Plaintiff served written discovery, including Request for Production of Documents, Set One. The Parties continued the response deadline pending informal discussions regarding potential resolution. Those discussions failed primarily due to a disagreement over the proper scope of Plaintiff's PAGA claim. An earlier filed class/PAGA action brought on behalf of all non-exempt employees covering a longer time period and seeking the same theories of relief, prohibited Plaintiff's desired PAGA scope. As such, ATS maintained that Plaintiff's discovery was overbroad and impermissible as it was not limited in scope to the proper group of employees.

5. On October 9, 2020, following the breakdown of efforts to informally resolve the matter, ATS responded to the earlier served discovery requests. Because

47287258_1.docx

Case No. 2:20-cv-05008-JFW-KS
DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

the Requests for Production included numerous improper requests, including numerous requests aimed at obtaining information regarding ATS's entire workforce, ATS responded and objected as appropriate.

6. After some meet and confer efforts, ATS supplemented some of its responses on January 4, 2021, but again maintained that discovery regarding employees Plaintiff was unable to act as representative for was overbroad. On April 16, 2021 and again on April 30, 2021, Plaintiff's counsel agreed that the proper scope of the case and all discovery would be limited to ramp managers. On May 5, 2021, after Plaintiff's counsel finally confirmed their agreement regarding the proper scope of the PAGA claim and to narrow the scope of overly broad and oppressively worded request, and after several instances of verbally agreeing and later reneging on that agreement, ATS served further supplemental responses.

7. At no time during the various meet and confer discussions from case inception through late May 2021 did Plaintiff ever mention the need for ATS to produce Vidal/Vital Reports, Labor Reports and weekly schedules, "among other items." Despite this fact, Plaintiff bases his ex parte application, in part, on a purported inability to obtain this information prior to the pending discovery cutoff. None of the discovery requests explicitly or implicitly sought the production of those documents. Moreover, ATS never indicated, either in a discovery response or during the meet and confer process, that it had an obligation to or would produce those documents.

8. Plaintiff never filed a Motion to Compel regarding any of ATS's discovery responses.

9. After Plaintiff confirmed in writing their agreement regarding the proper scope of the PAGA claim, the parties immediately worked together to finalize the *Belaire West* notice procedure. That process necessarily requires time as the mailing must be prepared, the allegedly aggrieved employees need time to review the notice and respond and the responses must be reviewed and appropriate action taken in

47287258_1.docx

2

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

response.  ATS did nothing to frustrate or delay that process.  Early on in this litigation, ATS made its position clear that the proper scope of the PAGA claim must be limited to those employees in Plaintiff's same position, Ramp Managers, or else it would need to file a Motion to Stay due to a pending and overlapping PAGA claim covering the non-exempt employees Plaintiff hoped to represent.  Plaintiff's failure to agree to the proper scope is the only reason the *Belaire West* process was not initiated earlier. Regardless, Plaintiff's counsel is the party that proposed and approved the timing and response period for the opt outs and even insisted on the particular notice administrator to be used. Defendant timely agreed to all of Plaintiff's requests regarding the notice process.

10. Again, ATS timely and properly objected to the discovery requests that sought the information regarding all of ATS's employees.  Plaintiff never filed a Motion to Compel regarding any of ATS's discovery responses.

11. During the meet and confer leading to the parties' eventual agreement regarding the proper PAGA scope and ATS's further supplemental discovery responses, ATS informed Plaintiff that it would be producing confidential documents and subsequently informed Plaintiff that there would need to be a mutually applicable protective order in place before it could produce some of the information, including pay information regarding non-parties and emails between Plaintiff and his supervisor containing confidential and proprietary information regarding ATS's operations.  On May 7, 2021, ATS provided Plaintiff's counsel a proposed protective order and requested that any proposed revisions be made within a day or two.  It largely tracked the language of the Magistrate's Model Order and included many of the exact same provisions verbatim.

12. Plaintiff failed to execute the Protective Order or offer any proposed revisions despite ATS's repeated requests and repeated reminders that ATS could not produce Confidential documents without the protective order.  Eventually, later in the

47287258_1.docx

3                    Case No. 2:20-cv-05008-JFW-KS

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

month of May, Plaintiff finally proposed revisions, which deleted numerous substantive provisions of the protective order that rendered it meaningless. Further meet and confer efforts failed to resolve the disagreement and the Magistrate Judge's assistance was enlisted. At the May 26, 2021 conference with the Magistrate Judge, Plaintiff agreed to every substantive provision he had originally adamantly objected to, except that the Magistrate directed plaintiff to 1) add a single sentence clarifying that the protective order was not a prohibition on Plaintiff's attorneys ability to engage in the practice of law and 2) to modify the sanctions provision for violation of the protective order to make clear that a party could request sanctions (as opposed to "immediate sanction" language). The Court ordered Plaintiff to draft these two additions. Ultimately, the parties agreed on a protective order that was virtually identical to the one originally proposed by ATS on May 7, 2021. Plaintiff delayed filing of the protective order until after 6:00 p.m. on May 26, 2021, and on May 27, 2021, the magistrate approved the final version of the stipulate protective order. Defendant produced confidential documents the same day the order was entered.

13. Plaintiff served his first deposition notices on May 10, 2021, a mere 22 days before the discovery cutoff. Despite asking to depose very busy witnesses, including an Apex member of management, ATS accommodated Plaintiff's last minute requests for depositions and offered up the requested witnesses. In total, ATS offered up Jim Bourbannais, General Manager at Los Angeles International Airport and Plaintiff's immediate supervisor, both as the Person Most Knowledgeable on relevant topics and in his individual capacity, and Pete Carmichael, who served as Regional Vice President at the time of Plaintiff's employment. Plaintiff refused Defendant's request to, as a matter of efficiency, hold the PMK and individual deposition on the same date, despite it being the same witness. Instead, Plaintiff deposed Jim Bourbannais on two separate occasions and Pete Carmichael on a third day and the witnesses stayed as long as necessary to answer all question put forth by

47287258_1.docx

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

Plaintiff's counsel.  During all depositions, Plaintiff's counsel did not use the available time efficiently and spent an inordinate amount of her time repeating asked and answered questions, discussing documents she brought up on her screen prior to introducing them as exhibits, producing illegible versions of documents and refusing to magnify an exhibit, arriving late to the start time of each and every deposition, taking unrelated phone calls during the deposition, asking Pete Carmichael about generalized ATS policies and his areas of schooling for degrees he did not complete and his time working at a self-storage company prior to working at ATS, and asking about positions other than Ramp Managers.  Plaintiff had every opportunity to seek relevant discovery through these depositions yet opted to delay and avoid doing so.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 28, 2021, at Lake Arrowhead, California.


*/s/ Graham M. Hoerauf*
Graham M. Hoerauf

47287258_1.docx

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

# PROOF OF SERVICE

*Edgar Trujillo v. Airport Terminal Services, Inc., et al.*
Case No. 2:20-cv-05008-JFW-KS

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On May 28, 2021, I served the following document(s):

**DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT AIRPORT TERMINAL SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **BY FACSIMILE to** 213-480-6201**:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with the Court's Standing Order (Document No. 10):

47287258_1.docx

6

Case No. 2:20-cv-05008-JFW-KS

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

☐     the written confirmation of counsel in this action:
☒     [Federal Court] the written confirmation of counsel in this action and order of the court:

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 28, 2021, at San Diego, California.

_____
Lisa Sles

7                                                          Case No. 2:20-cv-05008-JFW-KS

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO
CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE

1

2

## SERVICE LIST

3    Ramin R. Younessi, Esq.                    Attorneys for Plaintiff
     Liliuokalani H. Martin, Esq.               Edgar Trujillo
4    Jessica P. Gomez, Esq.
     Sara E. Brown, Esq.
5    LAW OFFICES OF RAMIN R. YOUNESSI
     A PROFESSIONAL LAW CORPORATION
6    3435 Wilshire Blvd., Suite 2200
     Los Angeles, CA  90010
7    Telephone:  213-480-6200
     Facsimile:   213-4806201
8    ryounessi@younessilaw.com
     lmartin@younessilaw.com
9    jgomez@younessilaw.com
     sbrown@younessilaw.com
10

11                                                                          47287258.1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   47287258_1.docx

28

DECLARATION OF GRAHAM M. HOERAUF IN SUPPORT OF DEFENDANT'S
OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO
CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE THE TRIAL DATE