**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 20-5008-JFW(KSx)** | Date: May 28, 2021 |

Title:   Edgar Trujillo -v- Airport Terminal Services, Inc., et al.

---

**PRESENT:**

  **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

  **Shannon Reilly**                                        **None Present**
  **Courtroom Deputy**                                      **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                     None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION TO CONTINUE AND/OR REOPEN DISCOVERY AND TO CONTINUE TRIAL DATE [filed 5/27/2021; Docket No. 39]

On May 27, 2021, Plaintiff Edgar Trujillo filed an Ex Parte Application for Reconsideration to Continue and/or Reopen Discovery and to Continue the Trial Date ("Application"). On May 28, 2021, Defendant Airport Terminal Services, Inc. ("Defendant") filed its Opposition. The Court finds that this matter is appropriate for decision without oral argument. After considering the Application and Opposition, and the arguments therein, the Court rules as follows:

As Judge Rymer stated in *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989), "[e]x parte applications throw the system out of whack. They impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." Such applications allow the applicant to jump "ahead of the pack" and "cut in line ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *Id*. at 193. As a result, *ex parte* applications are therefore justified only "where there is a temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief" or "where it is likely that, if given notice, someone would act improperly to frustrate the party's ability ever to obtain the relief sought." *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Thus, in order for *ex parte* relief to be warranted, the applicant must make the following showing:

> . . . that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect . . . . It is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation. For example, merely showing that

> trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period . . . Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have. . .

*Mission Power*, 883 F. Supp. at 492-93 (quoting *Intermagnetics*, 101 B.R. at 193).

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Ninth Circuit explained:

> The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus on the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations and quotations omitted); *see also Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."). "As Rule 16 recognizes, scheduling orders are at the heart of case management, and are intended to alleviate case management problems" and "good-faith compliance with Rule 16 plays an important role in this process." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and quotations omitted). Accordingly, to demonstrate diligence, the moving party is required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *Id.* at 608. Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

For the reasons stated in Defendant's Opposition, Plaintiff has failed to demonstrate good cause that would justify reopening discovery or modifying the trial and related pretrial dates set forth in the Scheduling and Case Management Order. Plaintiff's Application is **DENIED**.

IT IS SO ORDERED.