Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Graham M. Hoerauf CA Bar No. 307649
graham.hoerauf@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant
AIRPORT TERMINAL SERVICES, INC.

Ramin R. Younessi (SBN 175020)
E-mail: ryounessi@younessilaw.com
Melissa Newman Avila (SBN 286487)
Email: mnewman@younessilaw.com
Jessica P. Gomez, Esq. (SBN 309710)
E-mail: jgomez@younessilaw.com
**LAW OFFICES OF RAMIN R. YOUNESSI**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Blvd. Suite 2200
Los Angeles, CA 90010
Telephone: (213) 480-6200
Facsimile: (213) 480-6201

Attorneys for Plaintiff,
EDGAR TRUJILLO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| EDGAR TRUJILLO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | Case No. 2:20-cv-05008-JFW-KS<br><br>**DECLARATION OF MELISSA NEWMAN AVILA IN SUPPORT OF JOINT MOTION REQUESTING APPROVAL OF PRIVATE ATTORNEY GENERAL ACT SETTLEMENT ("PAGA") (LABOR CODE SECTION 2689 ET SEQ.)**<br>Motion Hearing Date: October 25, 2021, 1:30pm<br>Complaint Filed:  April 3, 2020<br>Trial Date:          August 31, 2021<br>District Judge:    Hon John F. Walter<br>Magistrate Judge: Hon. Karen L. Stevenson |

decla MNE captopmn

Case No. 2:20-cv-05008-JFW-KS
DECLARATION OF MELISSA NEWMAN AVILA IN SUPPORT OF JOINT MOTION REQUESTING APPROVAL OF PRIVATE ATTORNEY GENERAL ACT SETTLEMENT ("PAGA") (LABOR CODE SECTION 2689 ET SEQ.)

## DECLARATION OF MELISSA NEWMAN AVILA

I, Melissa Newman Avila, hereby declare as follows:

1. I am over eighteen years of age. I have personal knowledge of each of the matters set forth below and, if called as a witness, could and would competently testify to each of them under oath.

2. I am a senior attorney at THE LAW OFFICES OF RAMIN R. YOUNESSI, A.P.L.C. and am counsel of record for Plaintiff ("Plaintiff") in the above-referenced lawsuit. I have practiced law for over 9 years and have litigated many wage and hour disputes in California.

3. This declaration is being submitted in support of the Joint Motion Requesting Approval of Private Attorney General Act Settlement (Labor Code §2698 *et seq.*).

4. On April 3, 2020, Plaintiff filed a Complaint against Defendant in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV13293 entitled *Edgar Trujillo v. Airport Terminal Services, Inc.*, (the "Action"), alleging that the position he worked in as a "Ramp Manager" was misclassified by ATS as an exempt position and alleging: (1) failure to pay wages.; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal and rest periods; (5) failure to provide itemized wage and hour statements; (6) failure to pay waiting time penalties; (7) civil penalties for labor code violations under California's Private Attorney General Action ("PAGA") on behalf of himself and other allegedly aggrieved employees; (8) unfair competition (Business & Professions Code section 17200, et seq.); and (9) failure to provide one day of rest for every workweek) (the "Lawsuit"). The Matter was subsequently removed to United States District Court, Central District of California, Case No. 2:20-cv-05008-JFW-KS.

5. Plaintiff's alleges that he and other coworkers (also employed as "Ramp Managers") were harmed by Defendant in the following ways; the Ramp Managers (i) were not paid all wages; (ii) were not paid minimum wages; (iii) were not paid overtime wages; (iv) were not provided with rest breaks and/or rest break premiums; (v) were note provided with meal periods and/or meal period premiums; (vi) were not provided one day rest for every workweek; (vii) were not paid all wages owed at the time of their termination or resignation; and/or (viii) were not provided accurate itemized wage statements.

6. After the Action was filed, Plaintiff conducted substantial discovery on the alleged labor Code violations, as well as received and reviewed relevant wage records, testimony, and policies, to evaluate the strengths and weaknesses of the representative PAGA allegations.

7. Defendant categorically denies all of Plaintiff's allegations.

8. On July 15, 2021, in a mediation with Judge Richard Stone, the Parties reached an agreement to settle the Action in its entirety including the representative PAGA claim. Attached hereto as **Exhibit 1** and incorporate herein by this reference is a true and correct copy of the PAGA Settlement Agreement.

9. During the negotiations, the Parties discussed the case at length, including the relative strengths and weaknesses of the Parties' positions as well as the benefits to all parties of an early, informal resolution. Prior to the resolution, Defendant produced extensive wage and time records for Plaintiff and testimony and policies regarding other non-exempt ramp manager employees employed during the PAGA liability period of January 30, 2019, to the date that the Court approves the PAGA settlement.

10. The Parties' settlement resolves Plaintiff's individual wage and hour claims and his PAGA representative claim.

11. The parties recognize that the public's interest in ensuring the Court's

proper administration of the PAGA settlement approval procedure requires the disclosure of the amount of Settlement Payment that is allocated to Plaintiff's PAGA claim. The Parties represent that they agreed to allocate $15,000.00 in settlement of Plaintiff's PAGA claim. The relevant language from the settlement agreement reads as follows:

**Settlement of PAGA Claims**

    4. **Maximum Settlement Amount.** ATS shall pay a sum not to exceed FIFTEEN THOUSAND DOLLARS ($15,000.00) (the "Maximum Settlement Amount" or "MSA") to fund the settlement of PAGA claims and to pay reasonable attorney's fees and costs. ATS will also pay a separate sum of a for the settlement of Plaintiff's individual claims and attorney's fees (together with the Maximum Settlement Amount, collectively the "global settlement amount). In the event a higher allocation of the total global settlement is required the PAGA portion of the settlement, the additional amount will be taken from the global settlement amount and an addendum to the individual settlement agreement will be entered into by the parties with a revised allocation. ATS will not be required to contribute any further sums to the global settlement amount in this event.

    5. **Fund to Pay PAGA Representative Group.** All of the MSA not allocated to the cost to administer the PAGA settlement and to compensate Plaintiff's counsel for its reasonable attorney's fees as set forth in Paragraph 7 shall be allocated to pay the PAGA settlement to the PAGA Representative Group ("PAGA Settlement Sum"). 75% of this sum in the approximate amount of **$4,687.50** [($15,000.00 –$2,000.00 for PAGA administration–

$6,750.00 for attorney's fees) x (.75)] will be sent to the Labor & Workforce Development Agency and 25% in the approximate amount of **$1,562.50** [$6,250.00 remaining balance minus $4,687.50] will be allocated to the PAGA Representative Group. PAGA Representative Group members shall not be required to make claims but each shall simply be delivered a check for his or her respective share of the PAGA settlement, together with a memorandum jointly prepared by Plaintiff's counsel and Defense counsel generally describing the payment, promptly after approval of the settlement. (Exh. 1, at pg. 1).

17. It is believed that there may be approximately 8 individuals who fall within the PAGA Representative Group.

18. Generally, the settlement of Plaintiff's PAGA claim should be approved because it is fair, adequate, and reasonable. *See Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight).

19. In support of this conclusion, the Parties' counsel considered the following:

Factor 1: The Instant Settlement is the Result of Extensive Negotiations.

    1(a)    A settlement agreement that is the "product of extensive and hard-fought adversarial negotiations between the parties" is entitled to a presumption of fairness. *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 245 (2001).

    1(b)    In this case, each of the Parties involved were zealously represented by competent legal counsel with extensive experience in employment law and have represented clients in numerous wage-and-hour disputes.

20. Each party diligently and independently investigated the merits of Plaintiff's claims. Defendant produced extensive wage and time records for Plaintiff

DECLARATION OF MELISSA NEWMAN AVILA IN SUPPORT OF JOINT MOTION REQUESTING APPROVAL OF PRIVATE ATTORNEY GENERAL ACT SETTLEMENT ("PAGA") (LABOR CODE SECTION 2689 ET SEQ.)

and testimony and policies for other non-exempt employees employed during the PAGA liability period of January 30, 2019, to the date the Court approves the PAGA settlement. Based on Plaintiff's review of these records, testimony, and policies, no violations were discovered with regards to the alleged Labor Code claims in the action. Plaintiff spent multiple hours reviewing and analyzing Plaintiff's pay and time records and testimony regarding other employees in an effort to investigate the allegations made by Plaintiff.

    1(c)  Based on these circumstances, the instant PAGA settlement is presumptively fair.

Factor 2: Risk of Additional Litigation.

21. Counsel for each party also considered the fact that the existence of numerous disputes of fact in this case made summary judgment unlikely for all parties. As such, resolving the instant PAGA claim would require extensive litigation. In the estimation of each party's counsel, the delay, inconvenience, distraction, and uncertainty imposed by these litigation demands would far outweigh the potential benefits of additional litigation. Specifically, **Plaintiff would have needed to take the depositions of each of the potentially 8 aggrieved employees** who worked for Defendant during the relevant time period, as well as the depositions of the various managers. Plaintiff also learned during the course of discovery that some of the individuals comprising the PAGA Representative Group are no longer employed by the Defendant and that securing their availability for deposition would be challenging.

Factor 3: Amount of PAGA Settlement.

24. The amount of the PAGA settlement is sufficient to serve the policy rationale underlying PAGA. Indeed, the settlement amount is comparable (if not more generous than) PAGA settlements involving much larger groups of allegedly aggrieved employees. For example, in *Schiller v. David's Bridal, Inc.*, 1:10-cv-00616-AWI-SKO, 2012 U.S. Dist. LEXIS 80776 (E.D. Cal. June 11, 2012), the Court approved a $10,000 PAGA settlement in

a case involving 3,327 class members. Similarly, in *Chu v. Wells Fargo Investments, LLC*, No. C-05-4526 MHP, 2011 U.S. Dist. LEXIS 15821 (N.D. Cal. Feb. 16, 2011), the Court approved a $10,000 PAGA settlement in a case involving 2,752 class members. As such, because the instant settlement allocates $15,000.00 for approximately 8 aggrieved employees, the amount of the settlement is more than reasonable. Here, Parties are asking this Court to approve a $15,000.00 PAGA settlement for approximately 8 aggrieved employees.

<u>Factor 4: Defendant's Arguments</u>.

25. Counsel for Plaintiff and the allegedly aggrieved employees also had to consider the various arguments advanced by Defendant in order to evaluate the appropriate settlement value of Plaintiff's PAGA claim:

    a. Defendant maintains that in light of the evidence adduced from plaintiff's pay and time records, testimony, and policies, that he was not denied rest periods during any of the pay periods and thus does not have standing to maintain a PAGA action. See *Holak v. K Mart Corp.*, Case No. 1:12-cv-00304-AWI-MJS, 2015 U.S. Dist. LEXIS 65439 (E.D. Cal. May 19, 2015) ("Because Plaintiff is not aggrieved by any of the specific Labor Code violations alleged in the PAGA claim, she does not have standing to maintain this PAGA action.").

    b. Defendant also maintains that Plaintiff cannot maintain a PAGA claim because there is no evidence of a common policy or practice that prevented, inhibited, or discouraged employees from taking their statutory meal and rest breaks. *See, e.g., Amey v. Cinemark USA, Inc.,* No. 13-05669, 2015 U.S. Dist. LEXIS 63524 (N.D. Cal. May 13, 2015) (striking PAGA claim because the evidence showed that numerous individualized determinations would be necessary to determine whether any class member has been injured)*; Geshgian v. CVS Caremark Corp.,* No. C-12-05859 EDL, 2014 U.S. Dist. LEXIS 36833 (N.D. Cal. Mar. 19, 2014); *Litty v. Merrill Lynch & Co., Inc.,* No. CV-14-0425 PA (PJWx), 2014 U.S. Dist. LEXIS 160448 (C.D. Cal.

Nov. 10, 2014), *Bowers v. First Student, Inc.,* No. 2-14-cv-8866 ODW (Ex), 2015 U.S. Dist. LEXIS 54238 (C.D. Cal. April 23, 2015); *Raphael v. Tesoro Ref. & Mktg. Co. LLC,* No. 2:15-CV-02862-ODW, 2015 U.S. Dist. LEXIS 130532 (C.D. Cal. Sept. 25, 2015).

   c. Plaintiff's Counsel also took into account that even if Plaintiff prevailed on the merits of his PAGA claim, Defendant could persuasively argue that the Court should exercise its discretion, under Labor Code § 2699(e), to reduce the amount of civil penalties assessed. A Court in a PAGA action has the same discretion "to assess a civil penalty" that the Labor Commissioner would have, as well as complete discretion to "award a lesser amount than the maximum civil penalty amount specified [by PAGA] if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory."

  26. While Plaintiff's Counsel disagrees that Defendant's arguments are legally correct or persuasive, they had to consider the foregoing facts and arguments and how they might impact any judgment ultimately awarded if the Court were persuaded by them. In light of these arguments and the potential risks, Plaintiff's Counsel determined that the Settlement was fair and reasonable.

  27. Based on these circumstances, the instant PAGA settlement is presumptively fair. While Plaintiff's Counsel disagrees that Defendant's arguments are legally correct or persuasive, they had to consider the foregoing facts and arguments and how they might impact any judgment ultimately awarded if the Court were persuaded by them. In light of these arguments and the potential risks, Plaintiff's Counsel determined that the Settlement was fair and reasonable.

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed this 11th day of September 2021, in Los Angeles, California.

_____
Melissa Newman Avila, Esq.

DECLARATION OF MELISSA NEWMAN AVILA IN SUPPORT OF JOINT MOTION REQUESTING APPROVAL OF PRIVATE ATTORNEY GENERAL ACT SETTLEMENT ("PAGA") (LABOR CODE SECTION 2689 ET SEQ.)