# EXHIBIT 1

Case 2:20-cv-05008-JFW-KS   Document 50-3   Filed 09/13/21   Page 1 of 8   Page ID #:766

## PAGA SETTLEMENT AGREEMENT

1. **Background.** This Settlement Agreement ("Agreement") is entered into by the parties to the action entitled *Edgar Trujillo v. Airport Terminal Services, Inc.,* Case No. 20STCV13293 (Los Angeles County Superior Court, filed April 3, 2020) (the "Action") subsequently removed to federal court and currently pending before this Court as Case No. 2:20-cv-05008-JFW-KS, for the purpose of memorializing their settlement of the Private Attorneys General Act ("PAGA") claim, on behalf of Plaintiff Edgar Trujillo ("Plaintiff') and others who fall within the PAGA Representative Group, defined below in Paragraph 3.

2. **Enforceability.** This Agreement shall become enforceable upon its execution by Plaintiff and a representative for Defendant Airport Terminal Services, Inc. ("ATS" or "Defendant") (collectively, the "Parties"). The Parties intend this agreement to be admissible and binding under Code of Civil Procedure section 664.6.

3. **PAGA Representative Group.** The PAGA Representative Group is defined as follows:

    "All employees who worked for ATS as ramp managers for at least one workweek between January 30, 2019, and the Date the Court Approves the Settlement"

ATS estimates that there are approximately 8 individuals who fall within the PAGA Representative Group.

4. **Maximum Settlement Amount.** ATS shall pay a sum not to exceed FIFTEEN THOUSAND DOLLARS ($15,000.00) (the "Maximum Settlement Amount" or "MSA") to fund the settlement of PAGA claims and to pay reasonable attorney's fees and costs. ATS will also pay a separate sum of a for the settlement of Plaintiffs individual claims and attorney's fees (together with the Maximum Settlement Amount, collectively the "global settlement amount). In the event a higher allocation of the total global settlement is required the PAGA portion of the settlement, the additional amount will be taken from the global settlement amount and an addendum to the individual settlement agreement will be entered into by the parties with a revised allocation. ATS will not be required to contribute any further sums to the global settlement amount in this event.

5. **Fund to Pay PAGA Representative Group.** All of the MSA not allocated to the cost to administer the PAGA settlement and to compensate Plaintiffs counsel for its reasonable attorney's fees as set forth in Paragraph 7 shall be allocated to pay the PAGA settlement to the PAGA Representative Group ("PAGA Settlement Sum"). 75% of this sum in the approximate amount **of $4,687.50** [($15,000.00-$2,000.00 for PAGA administration-$6,750.00 for attorney's fees) x (.75)] will be sent to the Labor & Workforce Development Agency and 25% in the approximate amount of **$1,562.50** [$6,250.00 remaining balance minus $4,687.50] will be allocated to the PAGA Representative Group. PAGA Representative Group members shall not be required to make claims but each shall simply be delivered a check for his or her respective share of the PAGA settlement, together with a memorandum jointly prepared by Plaintiffs counsel and Defense counsel generally describing the payment, promptly after approval of the settlement.

6. **Release of Claims/Effect of Judgment on PAGA Representative Group and LWDA.** The Parties agree and acknowledge that, to the maximum extent permitted by law, the final judgment entered pursuant to this settlement will bind all those who would be bound by a judgment if the action had been brought by the California Labor & Workforce Development Agency ("LWDA"), including Plaintiff, the LWDA, and the members of the PAGA Representative Group, with respect to the recovery of civil penalties under the California Private Attorneys General Act, California Labor Code § 2698, *et. seq.* only, against Defendants and their past or present parents, subsidiaries, and affiliated corporations, officers, directors, employees, partners, agents, insurers, and/or any other individual or entity that could be liable for the acts or omissions of the Defendants ("Released Parties"). It is expressly understood and agreed that this settlement includes a full release of the PAGA claims arising from the alleged experiences of the PAGA Representative Group identified in the letter Plaintiff sent to the Labor Workforce Development Agency on December 17, 2019. The Parties agreed to settle all PAGA claims from January 30, 2019, to continue through the date of the Order approving the Stipulation of Settlement.

7. **PAGA Attorneys' Fees.** The Plaintiffs Counsel, Law Offices of Ramin R. Younessi a Professional Law Corporation, shall request and be paid a sum not to exceed Six Thousand Seven Hundred and Fifty Dollars and Zero Cents ($6,750.00), representing a forty-five percent (45%) share of the MSA, as attorney's fees in connection with the PAGA claim. If Plaintiffs Counsel's request is not approved or is reduced by the Court, any amount not approved and/or reduced by the Court will revert to the PAGA Representative Group.

8. **Administration.** The parties will retain ILYM as an administrator to serve the function of preparing and delivering checks with the parties' explanatory message concerning the purpose of the checks. The Parties anticipate that ILYM will agree to charge no more than $2,000 for settlement administration. The cost of paying ILYM's administration fee will come from the MSA.

9. **Settlement Agreement Procedure.** The Parties to this Agreement pledge their good faith and fair dealing in supporting the approval of this settlement by the Court.

10. **Funding of Settlement.** 30 days after the Court enters the Order and Judgment, Defendant will deposit the Maximum Settlement Amount into the QSF. Within fourteen (14) calendar days of the Payment completing the funding of the QSF, the Settlement Administrator will issue payments to: (a) Aggrieved Employees; (b) the LWDA; (c) Plaintiff; (d) Plaintiffs counsel, and (e) itself. The Settlement Administrator, and not Defendant, will issue the appropriate tax forms for all payments issued under this Settlement.

11. **Dismissal of Entire Trujillo Action.** Upon approval of the settlement of PAGA claims asserted herein and payment of such claims, Plaintiff will also file a stipulation for an order of dismissal of the entire Complaint with prejudice, with retention of jurisdiction. Plaintiff will have until five (5) business days after the administrator has confirmed that all settlement checks have been mailed to file this stipulation for an order of dismissal with the Court.

12. **No Admission.** Neither this Agreement, nor final form of settlement, shall constitute an admission on behalf of ATS of any form of liability or the accuracy of any fact or allegation against it. ATS specifically denies any liability.

DocID: b6a85234c8bbba0786d8789 a68c9cb464ee63

13.     **No Opt-Out or Objection to the Settlement.** Because the requirements of class certification do not apply to PAGA representation actions (see Arias v. Super. Ct., 46 Cal. 4th 969 (2009), it is understood and agreed that the Aggrieved Employees shall not be afforded an opportunity to opt out of, or object to, the Settlement.

14.     **Settlement Payments to Aggrieved Employees.** The Settlement Administrator will issue each Aggrieved Employees a check for her or his share of the Aggrieved Employee Fund, as calculated as described in the second paragraph of this section, along with an explanatory letter which will be mutually approved by the parties, explaining, inter alia, that the Settled Claims are barred by operation of the Settlement. Checks will remain negotiable for 120 days. Any checks returned as non-deliverable on or before the check cashing deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address or Social Security number of the Aggrieved Employees involved, and will then perform a single re-mailing. Funds represented by settlement checks returned as undeliverable and those settlement checks remaining un-cashed for more than 120 days after issuance will be tendered to the California Department of Industrial Relations Unpaid Wage Fund (see Cal. Lab. Code§ 96.6). All settlement payments to Aggrieved Employees will be treated as miscellaneous income for which a 1099 will be issued. Plaintiff and Aggrieved Employees, and not Defendant, shall assume full responsibility and liability for payment of any taxes due on such settlement payments, if any.

After deducting Plaintiffs Service Award, Plaintiffs Attorneys' Fees and Costs, and Settlement Administration Costs, the balance of the Maximum Settlement Amount (the "Net Settlement Fund") will be distributed as follows: 25% to the Aggrieved Employees and 75% of the Net Settlement Fund shall be paid to the LWDA. Of the portion paid to Aggrieved Employees, the amounts will be subject to the distribution formula agreed upon by the Parties. Any leftover funds remaining after the reductions listed in this paragraph, shall go the Net Settlement Fund and shall not revert back to Defendant. The portions of the Net Settlement Fund to be distributed to the Aggrieved Employees, as described in this Paragraph ("Aggrieved Employee Fund"), shall be paid according to the following formula: Settlement Payment to each Aggrieved Employee= (Aggrieved Employee Fund x Weeks Worked by Each Individual Aggrieved Employee During Settlement Period)-;- Total Weeks Worked by All Aggrieved Employees during the Settlement Period.

15.     **Court Approval of the Settlement and Distribution of Settlement Payments.** The Parties will present this Settlement Agreement to the Court and will request that the Court issue an order and judgment approving and incorporating by reference the terms and conditions of the Settlement Agreement (the "Order and Judgment"). Simultaneously, Plaintiffs counsel will submit a copy of the executed Settlement Agreement to the LWDA. Upon approval of the Order and Judgment, Plaintiffs counsel will submit a copy of the Order and Judgment to the LWDA.

16.     <u>**Settled Claims**</u>. Upon entry of the Order and Judgment, Plaintiff and all Aggrieved Employees will be forever barred from pursuing against Defendant, or any of them, any and all claims, causes of action, charges, complaints or suits for civil and statutory penalties recoverable under PAGA related to violations of the California Labor Code, Wage Orders, regulations, and/or other provisions of law that were alleged, or could have been alleged in the Action during the Settlement Period with respect to Aggrieved Employees based on the facts alleged in Plaintiffs operative Complaint, and all claims and causes of action alleged in the Complaint, including any allegation they (i) were misclassified as an exempt employee while employed in the position of

DocID: b6a85234c8bbba0786d8789 a68c9cb464ee66

Ramp Manager by ATS; (i) were not paid all wages; (ii) were not paid minimum wages; (iii) were not paid overtime wages; (iv) were not provided with rest breaks and/or rest break premiums; (v) were note provided with meal periods and/or meal period premiums; (vi) were not provided one day rest for every workweek; (vii) were not paid all wages owed at the time of their termination or resignation; and/or (viii) were not provided accurate itemized wage statements; (ix) the alleged violation of, or claims for relief pursuant to, Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 226.8, 510, 512, 515, 551, 552, 558, 1182.12, 1174, 1194, 1194.2, 1197, 2269, 2269.3, 269.5 as well as California Code of Regulations, Title 8, section 11090, Business & Professions Code section 17200 et seq., and IWC Wage Order 9-2001. Plaintiff is bound by a complete Section 1542 release and waiver of all claims known or unknown, except as may be prohibited by law. Aggrieved Employees, other than Plaintiff, will not be deemed to have released any other individual wage and hour claims by virtue of this Settlement.

This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided by the Settlement) relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Specifically, Plaintiff will be deemed to have waived all rights and benefits afforded by California Civil Code Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

17. **No Prior Assignments.** The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

18. **Nullification of Settlement Agreement.** In the event that: (i) the Court does not approve the Settlement as provided herein; or (ii) the Settlement does not become final for any other reason, then this Settlement Agreement will be null and void, and the Parties will be returned to their original respective positions pursuant to the terms of the Memorandum of Agreement entered into by the Parties on July 17, 2021.

19. **Judgment and Continued Jurisdiction.** After entry of the Order and Judgment, the Court will have continuing jurisdiction solely for purposes of addressing: (i) the interpretation and enforcement of the terms of the Settlement, (ii) settlement administration matters, and (iii) such post-Judgment matters as may be appropriate under court rules or as set forth in this Settlement.

20. **Entire Agreement.** This Settlement Agreement constitutes the entirety of the Parties' settlement terms. Apart from the Memorandum of Agreement entered into by the Parties on July 21, 2021, and the Individual Settlement Agreement entered into the Parties on September 10, 2021, no other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

DocID: b6a85234c8bbba0786d8789 a68c9cb464ee65

21. **Amendment or Modification .** This Settlement Agreement may be amended or modified only by a written instrument, signed by either the Parties or their successors-in-interest or counsel for all Parties. Specifically, should the Court require any different amount allocated towards the PAGA portion of settlement, the Parties agree to enter into an addendum to the Settlement Agreement detailing a different allocation from the Maximum Settlement Amount of $65,000.

22. **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

23. **Binding on Successors and Assigns.** This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

24. **California Law Governs.** All terms of this Settlement Agreement and Exhibits hereto will be governed by and interpreted according to the laws of the State of California.

25. **Acknowledgement that the Settlement is Fair and Reasonable.** Defendant has produced and Plaintiff has received and reviewed data pertaining to the hours worked by and wages paid Aggrieved Employees, in addition to the applicable number of work weeks and shifts. The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations by experienced counsel. The Parties agree that Plaintiff and his counsel have sufficient information to assess this matter for settlement and have engaged in sufficient investigation and informal and formal discovery to assess the relative merits of Plaintiffs claims and Defendant's defenses to them.

26. **Invalidity of Any Provision.** Before declaring any provision of this Settlement Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.

27. **Captions.** The captions and section numbers in this Settlement Agreement are inserted for the reader's convenience, and in no way define, limit, construe or describe the scope or intent of the provisions of this Settlement Agreement.

28. **Waiver.** No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

29. **Enforcement Action.** In the event that one or more of the Parties institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this

DocID: b6a85234c8bbba0786d8789 a68c9cb464ee6

Settlement or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

30. **Mutual Preparation.** The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement. Accordingly, this Settlement Agreement will not be construed more strictly against one party merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arm's-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

31. **Cooperation and Execution of Necessary Documents.** All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

32. **Binding Agreement.** The Parties warrant that they understand and have full authority to enter into this Settlement, and further intend that this Settlement Agreement will be fully enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

33. **Denial of Liability.** The Parties expressly recognize that the making of this agreement does not in any way constitute an admission or concession of wrongdoing on the part of any of the Defendant, and Defendant expressly denies any liability to Plaintiff and the Aggrieved Employees. Nothing in this Settlement, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued or used during the course of this Action, is intended by the Parties to, nor will any of the foregoing constitute, be introduced, be used or be admissible in any way in any other judicial, arbitral, administrative, investigative or other forum or proceeding, as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this agreement may be used in any proceeding in the Court that has as its purpose the interpretation, implementation, or enforcement of the Settlement or any orders or judgments of the Court entered into in connection therewith.

34. **Advice of Counsel.** The Parties to this Agreement are represented by competent counsel, and they have had an opportunity to consult with counsel. The Parties to this Agreement agree that it reflects their good faith compromise of the claims raised in this action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

35. **Execution and Counterparts.** This Settlement Agreement is subject only to the execution of all Parties. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

# READ CAREFULLY BEFORE SIGNING

DocID: b6a85234c8bbba0786d8789a68c9cb464ee63

DATED:  09 / 10 / 2021 , 2021        EDGAR TRUJILLO

By: _____
       Edgar Trujillo

DATED: September 13,   2021        AIRPORT TERMINAL SERVICES, INC.

By: _____
       Brandy Wallace
       Vice President, Team Member Services/Human Resources