**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 20-5008-JFW(KSx)**                                  Date:  October 21, 2021

Title:    Edgar Trujillo -v- Airport Terminal Services, Inc., et al.

---

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

  **Shannon Reilly**                                                                   **None Present**
  **Courtroom Deputy**                                                            **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
          None                                                                                             None

**PROCEEDINGS (IN CHAMBERS):**   **ORDER GRANTING JOINT MOTION REQUESTING APPROVAL OF PRIVATE ATTORNEY GENERAL ACT SETTLEMENT ("PAGA") (LABOR CODE SECTION 2689 ET SEQ.) [filed 9/13/2021; Docket No. 50]**

On September 13, 2021, Plaintiff Edgar Trujillo ("Plaintiff") and Defendant Airport Terminal Services, Inc. ("ATS" or "Defendant") filed a Joint Motion Requesting Approval of Private Attorney General Act Settlement ("PAGA") (Labor Code Section 2689, *et seq.*) ("Joint Motion").  No Opposition was filed. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 25, 2021 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On April 3, 2020, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court, alleging claims for: (1) failure to pay wages; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide meal and rest periods; (5) failure to provide itemized wage and hour statements; (6) failure to pay waiting time penalties; (7) civil penalties for Labor Code violations under PAGA on behalf of himself and other allegedly aggrieved employees; (8) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq.; and (9) failure to provide one day of rest for every work week.  On June 5, 2020, Defendant filed Notice of Removal, alleging this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

On July 15, 2021, in a mediation with Judge Richard Stone, the parties reached an agreement to settle this action in its entirety including the representative PAGA claims.  In the Joint

Motion, the parties seek Court approval of the parties' Private Attorneys General Act ("PAGA") settlement. The parties have agreed to allocate a total of $15,000 to the settlement of Plaintiff's PAGA claim, of which $6,750.00 will be paid to the Law Offices of Ramin R. Younessi as attorneys' fees, $2,000.00 will be allocated for the PAGA administration, $4,687.50 will be paid to the California Labor and Workforce Development Agency ("LWDA"), and $1,562.50 will be paid to the "PAGA Representative Group."

## II.   LEGAL STANDARD

PAGA empowers "an aggrieved employee" to bring an enforcement action for certain violations of California labor law "on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699. The California State Legislature adopted PAGA to remedy under enforcement of labor law violations. *See Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379-80 (2014). A PAGA representative action is a type of *qui tam* action, because the plaintiff is empowered to bring suit on behalf of the state, which remains the real party in interest. *Id.* at 382.

PAGA requires court approval of a proposed settlement, with concurrent notice of that request and the terms of the settlement provided to the LWDA. Cal. Lab. Code § 2699(l)(2) ("The proposed settlement shall be submitted to the [LWDA] at the same time that it is submitted to the court"). The purpose of the notice to the LWDA is to allow it to review and comment on the proposal, if it elects to do so. If the LWDA expresses views, they may be considered by the court in the review process. *See Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 973 (2019).

However, "'neither the California legislature, nor the California Supreme Court, nor the California Courts of Appeal, nor the [LWDA] has provided any definitive answer' as to what the appropriate standard is for approval of a PAGA settlement." *Jordan v. NCI Grp., Inc.*, 2018 WL 1409590, at *2 (C.D. Cal. Jan. 5, 2018) (*quoting Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, 253 F. Supp. 3d 1074, 1075 (C.D. Cal. 2017)). In commenting on a proposed PAGA settlement, the LWDA has offered only this guidance:

> It is thus important that when a PAGA claim is settled, the relief provided for under the PAGA be genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the context of a class action, the court evaluate whether the settlement meets the standards of being 'fundamentally fair, reasonable, and adequate' with reference to the public policies underlying the PAGA.

*O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (*quoting* LWDA Response). Therefore, a number of district courts have applied a Rule 23-like standard, asking whether the settlement of the PAGA claims is "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes." *Jordan*, 2018 WL 1409590, at *2 (collecting cases); *see also Ramirez*, 2017 WL 3670794, at *3; *O'Connor*, 201 F. Supp. 3d at 1134.

## III.   DISCUSSION

California Labor Code § 2699(l)(2) requires the parties to submit the proposed PAGA

settlement to the LWDA when the parties file a motion for Court approval of the settlement. The parties represent that they submitted a copy of the settlement agreement to the LWDA simultaneously with this Joint Motion. Therefore, this requirement has been met.

In addition, the Court has reviewed the Motion, the Declaration of Melissa Newman, and the PAGA Settlement Agreement, and concludes that the settlement reached by the parties in this action is "fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes." *Jordan*, 2018 WL 1409590, at *2. The parties reached the settlement after reviewing extensive wage and time records and testimony and policies for other non-exempt employees and after participating in a mediation with an experienced judge and mediator. Thus, the settlement was the product of arms length negotiations between parties who were well informed on the issues and the facts of the case. *See, e.g., Abelar v. American Residential Services, L.L.C.*, 2019 WL 6054607 (C.D. Cal. Nov. 14, 2019) (concluding that informal discovery in wage and hour cases "is sufficient to inform a reasoned settlement process" and that the presence of an experienced mediator demonstrates arms length negotiations and a lack of collusion). The amount of the settlement is reasonable in light of the damages at issue and potential defenses that could potentially bar or limit recovery of civil penalties in this action. Finally, there is no evidence that the settlement is contrary to the purposes and policies of PAGA or of the state of California. Therefore, the Court concludes that all of these factors weigh in favor of approving the settlement.

## IV.    CONCLUSION

Accordingly, the Joint Motion is **GRANTED**. The Court signs the proposed Order lodged with the Court on September 13, 2021 (Docket No. 50-2).


IT IS SO ORDERED.